FILED

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

STEPHEN P. WALLACE, an individual, )
6528 E. 101st D-1 #304 Tulsa, Okla. )
7413- )
         Plaintiff, )
          )
V. ) CASE NUMBER 1:06CV00402
          )
          ) JUDGE: Reggie B. Walton
Ronald J. Saffa, an individual; James C. Milton, ) 
an individual; James E. Poe, an individual; ) DECK TYPE: Civil Rights (non-employme
Trust Company of Oklahoma, Corporately, ) 
and its shareholders and directors, ) DATE STAMP: 03/06/2006
          )
          ) **JURY TRIAL**
         Defendants. ) **DEMANDED**

JURY ACTION

## COMPLAINT

COMES NOW Stephen P. Wallace, and removes Case Nos. 101,511 (consolidated with 101,158) from the Oklahoma Supreme Court under authority of **28 U.S.C. §1441(b)** and **of 42 U.S.C. 1983** and for injunctive relief preventing Defendants, the Oklahoma Supreme Court or any other party action on behalf of or in conjunction with Defendants from contacting, arresting, ordering further denials of Plaintiff's Constitutionally protected rights for redress, reparation, and accountability, **under color of law and under color of authority**.

28 U.S.C. §1441(b) states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1

## BRIEF IN SUPPORT OF SUIT UNDER AUTHORITY OF
## 42 USC §1983

### Subject Matter Jurisdiction Statement

FEDERAL QUESTION JURISDICTION: 28 U.S.C. §1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 42 U.S.C. §1983 and by virtue of the sufficient pleadings clearly articulating trespass on Constitutionally Protected Rights and under the common law authorities of *Gomez v. Toledo*, 466 U.S. 635, 640 (1979), *U.S. v. Price*, 383 U.S. 787 (1966), *U.S. v. Guest*, 383 U.S. 745 (1966), *Simmons v. United States*, 390 U.S. 377 (1968), *Miller v. United States*, 230 F.2d 486, *CODISPOTI ET AL. v. PENNSYLVANIA* (06/26/74) SUPREME COURT OF THE UNITED STATES, 418 U.S. 506, 94 S. Ct. 2687, 41 L.Ed. 2d 912, *NILVA v. UNITED STATES (02/25/57)* SUPREME COURT OF THE UNITED STATES, 352 u.s. 385, 77 s. Ct. 431, 1 L.Ed. 2d 415, *SACHER ET AL. v. UNITED STATES (03/10/52)*, SUPREME COURT OF THE UNITED STATES, 343 U.S. 1, 72 S. Ct. 451, 96 L.Ed. 717, and *UNITED STATES v. AGURS (06/24/76)*, SUPREME COURT OF THE UNITED STATES 427, U.S. 97, 96 S. Ct. 2392, 49 L.Ed. 2d 342.

### Statement of *in personam* jurisdiction

This court has in personam jurisdiction over Defendants by virtue of the fact that Defendants, individually and their agents, have violated 42 U.S.C. §1983 were formented by the Defendants entering appearances and conceding jurisdiction to the District of Columbia Court in **Case No. 1:04CV01717** filed on October 8, 2004 by Plaintiff and also denied due process adjudication on the merits.

### Statement of Venue

Venue is appropriate in the Federal District of Columbia as the violations of 18 U.S.C. §1983 were formented by the Defendants and their agents entering an

appearance and conceding jurisdiction to the District of Columbia Court in Case No. 1:04CV01717. This Court shall notice: **Stephen Paul Wallace has repeatedly been refused access to the other logical venues for this action**, state, federal, and appellate due to his race, resulting in anti-Semitic origin discrimination.

<u>Theory of the case</u>

On April 30, 2004, Plaintiff filed suit in the U.S. District Court for the District of Columbia in **Case No. 1:04CV00713** as a **Complaint/Petition for Accounting and Appointment of Receiver**, naming the instant Defendants as well as the Chief Justice of the Oklahoma Supreme Court, Joseph Watt, and all Justices, et al., as Co-defendants and other state actors in the alleged criminal collusion effort to absorb Plaintiffs' $30 million Estate, <u>under color of law</u> and <u>under color of authority</u>. (See Complaint/Petition)

District Judge Huvelle denied Plaintiff's right to pursue redress and reparation from Defendants wherein Plaintiffs' filed a Petition for a Writ of Mandamus in U.S. Court of Appeals for the District of Columbia in **Case No. 04-5293**. Petitioners' remain financially insolvent and destitute as the result of Defendants collusive action to deprive Petitioners of their inheritance and an accounting which has **NEVER** been provided in over 60 affirmative actions which have "<u>never been adjudicated on the merits.</u>"

Thereafter, Plaintiff filed an action in the U.S. District Court of the District of Columbia in **Case No. 1:04CV01717** for violations under 42 U.S.C. §1983, wherein the Defendants entered appearances by counsel and failed to timely respond to Plaintiff's Motion for Summary Judgment and for Default Judgment. Judge Richard Roberts also denied Plaintiffs' rights to redress and reparation by illicitly transferring the case <u>after</u> default by Defendants', to the U.S. District

3

Court for the Northern District of Oklahoma where Judge Roberts knew Plaintiff would continue to be denied due process to protect the Defendants from providing a forensic accounting.

On June 3, 2005, Plaintiff filed a Motion to Intervene in the U.S. District for the Western District of Oklahoma in **Case No. CIV-04-1771-B**, JUSTICE MARION P. OPALA VS. CHIEF JUSTICE JOSEPH M. WATT and the other remaining Justices, in their individual and administrative capacities. Justice Opala, of Jewish (Semitic) ancestry, alleged discrimination by the secret collusive acts of Chief Justice Watt and the remaining Justices to deprive him of succeeding to the Chief Justice position due him in progeny and line of succession.

Plaintiff's Motion to Intervene was Plaintiff's fervent and relentless attempt for an **"impartial trier of fact"** to order an accounting as prescribed by law and <u>mandated</u> by Defendant's self-prepared trust documents. Plaintiff alleges the Oklahoma Supreme Court Justices would not be "impartial triers of fact" and may express a personal vendetta" towards Plaintiff.

Stephen P. Wallace is also of Semitic ancestry as an Arab American who has previously affiliated with the Arab American coalition in Washington, DC. Wallace alleges that Defendants and the previously named state actors have conspired and colluded to keep Wallace from his 1999 appointment as Durable Power of Attorney and Guardian by his mother, Lorice T. Wallace, now deceased, on December 9, 1999 and successor co-trustee of the Frank A. Wallace Trust of 1974 and the Lorice T. Wallace Trust of 1974, as well as co-trustee for all (4) 1974 Irrevocable Trusts for the Wallace children which have all disappeared.

Defendants were terminated on March 13, 2000 by Lorice T. Wallace herself and then sued them in Tulsa County District Court on April 5, 2000 in

Case No. CJ-2000-1684 for fraud, conversion, embezzlement and infliction of emotional distress. Defendants have been in adverse possession of the **Wallace Family Estate**, <u>under color of law</u> and <u>under color of authority</u>. Wallace has been discriminated against by "<u>anti-Semitism</u>" clearly prevalent in the Opala v. Watt, et al., case and denied Plaintiff employment as the Managing Partner of the **Wallace Real Estate Company**, a General Partnership founded in August 1982 by Wallace's parents.

<u>Plaintiff's civil rights statement</u>

Party has stated a claim for civil rights violation where party alleges that actors conspired under color of law to deprive the party of any right secured and protected by the Constitution and pleads damages in fact as a result of the color of law proceedings. See *Gomez v. Toledo*, 466 U.S. 635, 640 (1979). A jury shall determine that James Poe, Ron Saffa, James Milton, et al., and state actor Gregory Frizzell conspired to arrest and imprison Stephen Paul Wallace which is not only violative of the Constitution of the United States of America, the machinations of Poe, Saffa, Milton, and Frizzell are in direct contempt of common law authorities including rulings and determinations of the United States Supreme Court, to wit: Stephen Paul Wallace, in filing a lawsuit to litigate claims which Stephen Paul Wallace has never been allowed to raise in any court of competent jurisdiction was exercising a right Constitutionally Protected at United States Constitution Amendments One and Fourteen. "The claim and exercise of a constitutional right cannot thus be converted into a crime," *Miller v. United States*, 230 F.2d 486 at 489. This court also knows and understands: "we find it intolerable that one constitutional right should have to be surrendered in order to assert another," *Simmons v. United States*, 390 U.S. 377, 394 (1968).

Even if a lawful contempt charge was lodged against Stephen Paul Wallace, Gregory Frizzell's imposition on the rule of law to apply imprisonment as a penal

5

remedy to Stephen Paul Wallace requires an impartial trier of fact, meaning someone other than Gregory Frizzell and the Oklahoma legal coalition. "Surely every defendant is entitled to an impartial trial by one who has not prejudged his case but instead decides only on the evidence introduced at the trial. Application of this simple principle is just as necessary in contempt cases as in others." See *NILVA v. UNITED STATES* (02/25/57) SUPREME COURT OF THE UNITED STATES, 352 U.S. 385, 77 S. Ct. 431, 1 L.Ed. 2d 415 (at page 404).

Even if a lawful contempt charge was lodged against Stephen Paul Wallace, Gregory Frizzell's imposition on the rule of law to apply imprisonment as a penal remedy to Stephen Paul Wallace requires that Stephen Paul Wallace benefit from his right, protected at the Sixth Amendment, to *effective counsel*. *See SACHER ET AL. v. UNITED STATES* (03/10/52), SUPREME COURT OF THE UNITED STATES, 343 U.S. 1, 72 S. Ct. 451, 96 L.Ed. 717 at page 9.

Even if a lawful contempt charge was lodged against Stephen Paul Wallace, Frizzell's unclean hands mean that the proceedings were void on their face. On September 7, 2004, Frizzell bargained with Stephen Paul Wallace to the effect that if Stephen Paul Wallace dropped his lawsuit naming Frizzell as a defendant, Wallace could purge the contempt application and Frizzell would dismiss the contempt citation. On September 9, 2004, Frizzell on the record minutes confessed that he had deceived Stephen Paul Wallace. Witnesses have entered Affidavits that the Trial Transcript has been altered and Defendant(s) have never objected thus confess to. A jury shall determine that Frizzell willfully (The term willfully when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage – O.S. 21 §92) and corruptly (The term "corruptly" when so employed, imports a wrongful design to acquire some pecuniary or other advantage to the

6

person guilty of the act or omission referred to – O.S. 21 §96), conspired (A. if two or more persons conspire, either: 2. Falsely and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime; or 3. Falsely to move or maintain any suit, action or proceeding; or 4. To cheat and defraud any person of any property by any means which are in themselves criminal, or by any means which, if executed, would amount to a cheat or obtaining money or property by false pretenses – O.S. 21 §421), with James Milton to suborn Milton's perjured testimony (whoever, in a trial, hearing, investigation, deposition, certification or declaration, which the making or subscribing of a statement is required or authorized by law, makes or ascribes, a statement under oath, affirmation or other legally binding assertion that the statement is true, which in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury – O.S. 21 §491, Whoever, in one or more trials, hearings, investigations, depositions, certifications or declaration, in which the making or subscribing of statements is required or authorized by laws, makes or subscribes tow or more statements under oath, affirmation or other legally binding assertion that the statements are true, when in fact two or more of the statements contradict each other, is guilty of perjury – O.S. 21 §496, Whoever procures another to commit perjury is guilty of perjury by subornation – O.S. 21 §504), suppressed evidence that Frizzell had defrauded, swindled, extorted, and blackmailed Stephen Paul Wallace (Every person who maliciously practices any deceit or fraud, or uses any threat, menace or violence, with intent to prevent any party to an action or proceeding from obtaining or producing therein any book, paper, or other matter or thing which might be evidence, or from procuring the attendance or testimony of any witness therein, or with intent to prevent any person having in his possession any book, paper, or other matter or thing which might be evidence in such suit or proceeding, or prevent any person being cognizant of any fact material thereto from producing or disclosing the same, is

guilty of a misdemeanor – O.S. §546) to prevent the jury's discovery and consideration of the crimes of Gregory Frizzell (Fear [as in fear of imprisonment] such as will constitute extortion, may be induced by a threat, either: 1st to do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or 2nd to accuse him, or any relative of his or member of his family of any crime; or 3rd to expose, or impute him, or them, any deformity or disgrace – O.S. 21 §1482, Every person, who by any extortionate means, obtains from another his signature to any paper or instrument, whereby, if such signature were freely given, any property would be transferred or any debt, demand, charge or right of action created, is punishable in the same manner as if the actual delivery of such property or payment of the amount of such debt, demand, charge or right of action were obtained – O.S. 21 §1485, Blackmail is verbally or by written or printed communication and with intent to extort or gain anything of value from another or to compel another to do an act against his will: 1. Accusing or threatening to accuse any person of a crime or conduct which would tend to degrade and disgrace the person accused; or 2. Exposing or threatening to expose any fact, report or information concerning any person which would in any way subject such person to the ridicule or contempt of society, coupled with the threat that such accusation or exposure will be communicated to a third person or persons unless the person threatened or some other person pays or delivers to the accuser or some other person some thing of value or does some act against his will. Blackmail is a felony punishable by imprisonment in the State Penitentiary for not to exceed five (5) years or fine no to exceed Ten Thousand Dollars ($10,000) or by both such imprisonment and fine – O.S. 21 §1488, Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation any money, property or valuable thing, of a value less that Five Hundred Dollars ($500), by means or by use of any trick or deception, or false or fraudulent representation of statement or pretense, or by any other means or instruments or devise commonly called the "confidence game," or

8

by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor. If the value of the money, property or valuable thing referred to in Section 1541.1 of this title is One Thousand Dollars or more, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary for a term of not more than ten (10) years, or by a fine not to exceed Five Thousand Dollars ($5,000), or both. – O.S. 21 §§1541.1 & 1541.2.

### Remedy Sought and Prayer for Relief

Whereas this court can easily verify that Stephen Paul Wallace was put on trial for indirect contempt without an impartial trier of fact, without benefit of assistance of counsel, and that in the state trial, Stephen Paul Wallace's claim and exercise of a Constitutionally Protected Right was converted to a criminal act, the rule of law requires enjoining James Poe, Ron Saffa, James Milton, Gregory Frizzell and the Oklahoma legal coalition previously sued from carrying out any penal remedy against Stephen Paul Wallace and establishing a temporary restraining order preventing James Poe, Ron Saffa, James Milton, Gregory Frizzell or any agent, state officer, or alter ego of James Poe, Ron Saffa, James Milton, or Gregory Frizzell from contacting or interfering with Stephen Paul Wallace in any manner through any means. Plaintiff's denial of due process and violation of his civil rights by the "anti-Semitism" discrimination entitles Plaintiff a Trial on the Merits before this Court, the court of original jurisdiction which Plaintiff was blackmailed to dismiss without prejudice on September 8, 2004.

Respectfully Submitted,

*[signature: Stephen P. Wallace]*

Stephen P. Wallace/Pauperis/Pro se Plaintiff
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870

## VERIFICATION

I, Stephen P. Wallace, the undersigned Plaintiff, in the above captioned case, do hereby solemnly swear, affirm and verify that the foregoing information in his COMPLAINT is true and correct to the best of my knowledge and belief and I file this of my own free will and reliance on judicial accountability. (Exhibit A)

*[signature]*
Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870


STATE OF OKLAHOMA )
                         ) SS:
COUNTY OF TULSA   )

I the undersigned Notary Public, in and for the County and State aforesaid, do hereby certify Stephen P. Wallace, personally known to me to be the same person whose name is subscribed to the foregoing COMPLAINT appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

Given under my hand and official seal this 6th day of March 2006.

*[signature]*
Notary Public

My Commission Expires:
July 1, 2008
(Notarial Seal)
My Commission No. 8248