UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

STEPHEN P. WALLACE, and individual, )
6528 E. 1st Street, D-1 #304 )
Tulsa, Oklahoma 74133 )
        Plaintiff, )
Vs. ) Case No. 1:06CV00402-RBW
 )
Ronald J. Saffa, an individual, James C. )
Milton, an individual, James E. Poe, an )
individual, Trust Company of Oklahoma, )
Corporately, and its shareholders and )
directors, )
 )
and Gregory Frizzell, an individual, )
and Joseph Watt, an individual, )
 )
        Defendants. )

RECEIVED
JUL 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>Plaintiff's first amended complaint</u>

Plaintiff incorporates, in its entirety, the original complaint filed in this court on March 6th 2006 and notices the court and adverse parties of additional parties and their dishonorable wrongs, to wit:

Gregory Frizzell, conspired with James Poe, Rona Saffa, and James Milton under color of law to violate and did in fact violate 42 U.S.C. § 1983 by subjecting Stephen Paul Wallace to a sham trial for allegedly committing indirect contempt. This court shall discover that the defendants, acting in conspiracy with Frizzell, conducted a trial for indirect contempt which was both a trespass on Constitutionally Protected Rights and an affront to the rule of law for reasons including: The order that Stephen Paul Wallace allegedly was in contempt of was facially void as Stephen Paul Wallace was ordered to surrender a Constitutionally Protected Right as precedent to exercising another

right, Stephen Paul Wallace was deprived of right to an impartial trier of fact, Stephen Paul Wallace was deprived of assistance of counsel, Stephen Paul Wallace was deprived of the right to present evidence which would have exonerated Stephen Paul Wallace, the court had unclean hands including of record and undeniable violation of Oklahoma criminal statutes including O.S. title 21, §§ 91, 92, 94, 96, 421, 491, 496, 504, 546, 1482, 1485, 1488, 1541.1. and 1541.2 and Stephen Paul Wallace was denied due process as Gregory Frizzell allowed James Milton to be both counsel and witness in the same cause and Frizzell conscienced James Milton committing perjury. A jury shall also determine that the jury in the sham indirect contempt proceedings was tampered with by James Poe, Ron Saffa, James Milton, and Gregory Frizzell for reasons including: (a). Frizzell signed the order in judgment a day before the trial was over, (b). in a conference which was overheard by a party not recognized by the defendants in this instant case to be allied with Stephen Paul Wallace, the defendants were heard to conjecture, "what are we going to do about the jury, they seem to be favoring Wallace," or words to that effect, and (c). Gregory Frizzell conducted a private celebration with four of the jurors in the jury room for an hour or more after the trial was concluded. A jury shall determine that Poe, Saffa, and Milton had an ulterior motive in putting Stephen Paul Wallace in indefinite lock up, namely, occulting their fraud in depriving Stephen Paul Wallace of a proper accounting and distribution from the Wallace family trust. A jury shall determine that Poe, Saffa, Milton, and Gregory Frizzell had another ulterior motive in putting Stephen Paul Wallace in indefinite lock up, namely, depriving Stephen Paul Wallace of Constitutionally Protected Right to petition for redress of matters which had never been litigated on the merits. THIS COURT IS NOTICED: The quartet of Frizzell, Poe, Saffa,

and Milton have repeated violated 18 U.S.C. § 241 which provides: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . . They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Joseph Watt, having actual notice of the blatant civil rights violations worked on Stephen Paul Wallace as well as the utter frauds committed by the quartet of Frizzell, Poe, Milton, and Saffa acted to aid, abet, cover up and conceal the criminal conspiracy including the conspiracy's violation of 18 U.S.C. § 241. This court is noticed: Watt's knowledge of the violations of federal criminal statutes rises to a violation of 18 U.S.C. § 3 which provides: Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact. Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both . . .

Prepared and submitted by: *[signature]*

Stephen P. Wallace

Certificate of service

I, Stephen P. Wallace, certify that July /4, 2006, I mailed a true and correct copy of the above and foregoing amended complaint to:

James Poe
111 West 5th # 740
Tulsa, Ok 74103

James Milton, on his own behalf and for Trust Company of Oklahoma
320 S. Boston # 500
Tulsa, Ok 74103

Ron Saffa
3501 S. Yale
Tulsa, Ok 74136

Trust Company of Oklahoma
5727 S. Lewis
Tulsa, Oklahoma 74105

*[signature]*
Stephen P. Wallace