## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* ) ) ) ) | |
| Stephen P. Wallace, an individual, ) ) | Case No. 1:06CV00402 |
| Plaintiff, ) | Honorable Reggie B. Walton |
| v. ) ) | |
| Ronald J. Saffa, an individual; James C. Milton, an individual; James E. Poe, an individual; Trust Company of Oklahoma, corporately, and its shareholders and directors, ) ) ) ) ) ) | |
| Defendants. ) | |
| ) | |
| *Caption of the removed action:* ) ) ) | |
| In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. ) ) ) ) ) ) ) ) ) ) ) | Oklahoma Supreme Court Case No. 101511<br><br>Appeal from Tulsa County (Oklahoma) Case No. PT-2002-56<br><br>Indirect Contempt of Court |
| Ronald J. Saffa and The Trust Company of Oklahoma, ) ) ) | |
| Petitioners-Appellees, ) ) | |
| vs. ) ) | |
| Stephen P. Wallace, ) ) | |
| Respondent-Appellant ) | |

### MOTION TO REMAND, OR, IN THE ALTERNATIVE, MOTION TO DISMISS, AND COMBINED BRIEF

This Motion to Remand, or, in the Alternative, Motion to Dismiss, and Combined Brief is filed by The Trust Company of Oklahoma ("Trust Company"), an Oklahoma trust company, and Ronald J. Saffa, James C. Milton, and James E. Poe (collectively, "the Trustees"). The Trustees

are Petitioners in a state trial-court matter, Tulsa County (Oklahoma) Case No. PT-2002-56, which is an action for instructions regarding certain trusts listed in the caption above. The Trustees are trustees of those trusts. In addition, the Trustees are Appellees in a state appellate court matter, Oklahoma Supreme Court Case No. 101511, which is an appeal from a judgment and sentence entered by the District Court of Tulsa County in an indirect civil contempt matter that is collateral to Case No. PT-2002-56.

Stephen Paul Wallace is a Respondent in Tulsa County (Oklahoma) Case No. PT-2002-56. Mr. Wallace is the Appellant in Oklahoma Supreme Court Case No. 101511.

This Motion is styled first as a motion to remand because the "Complaint" filed by Mr. Wallace in this action appears to be designed to remove Oklahoma Supreme Court Case No. 101511 from the Oklahoma Supreme Court to the U.S. District Court for the District of Columbia. Indeed, Mr. Wallace has filed a Notice of Removal in Case No. 101511, and begins his March 6, 2006 Complaint with a statement that he is removing Case No. 101511. Mr. Wallace filed a photocopy of his Complaint with the Oklahoma Supreme Court, attached to a Notice of Removal. The Oklahoma Supreme Court is treating Case No. 101511 as removed, presumably until it receives an order from the U.S. District Court for the District of Columbia stating either that the action is remanded or that Mr. Wallace's removal effort was otherwise ineffective.

As an alternative motion, the Trustees request the dismissal of the Complaint for improper venue or lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), (3). As addressed below, Mr. Wallace's Complaint does not clearly fall into the category of a complaint or a notice of removal. It is possible that the Court may conclude that *both* remand *and* dismissal are necessary.

In support of this Motion to Remand, an in support of the alternative Motion to Dismiss, the Trustees respectfully direct the Court's attention to the following:

**STATEMENT OF FACTS**

1.  Mr. Wallace filed his "Complaint" in this action on March 6, 2006. The Complaint states in its opening paragraph that it is intended to accomplish the removal of Oklahoma Supreme Court Case No. 101511.

2.  Case No. 101511 is Mr. Wallace's appeal from a judgment and sentence entered in a civil indirect contempt proceeding. By way of background, the principal briefs filed by the parties to Case No. 101511 are attached to this Motion as Exhibits "K", "L", and "M". The appealed-from judgment and sentence is attached to this Motion as Exhibit "E".

3.  The contempt proceeding is a collateral proceeding within the underlying state trial-court action, Tulsa County Case No. PT-2002-56. Case No. PT-2002-56 is an action requesting the state trial court for instructions regarding the administration of certain trusts. The Petition for Instructions that initiated Case No. PT-2002-56 is attached to this Motion as Exhibit "I". Mr. Wallace's Answer (containing counterclaims) in Case No. PT-2002-56 is attached to this Motion as Exhibit "J".

4.  The contempt proceeding dealt with Mr. Wallace's violation of a temporary restraining order entered in Case No. PT-2002-56. The temporary restraining order is attached to this Motion as Exhibit "A". The temporary restraining order barred Mr. Wallace, individually and in any other purported pro se or representative capacity on behalf of any other person or entity, "from filing lawsuits or commencing legal proceedings of any kind, in any court or jurisdiction except [the District Court of Tulsa County], based upon any allegations of acts, events, transactions or circumstances in any manner related to or concerning the Trusts or the Trustees, in any capacity." [Exhibit "A", at pp. 4-5.]

5. Exhibit "B" to this Motion is the May 27, 2004 Application for Citation of Contempt, which outlines Mr. Wallace's conduct addressed by the contempt proceeding. In particular, Mr. Wallace violated the temporary restraining order by filing a new legal proceeding on April 30, 2004. The new legal proceeding was a lawsuit filed in the U.S. District Court for the District of Columbia, denominated as Case No. 1:04CV00713. [Exhibit "B", at p. 2, ¶ 3.] Case No. 1:04CV00713 purported to name approximately 116 persons, entities, courts, judges, lawyers, and individuals, including the Trustees. [*Id.*] The Complaint filed by Mr. Wallace in Case No. 1:04CV00713 is attached to this Motion as Exhibit "O".

6. Based upon the Application for Citation of Contempt, the District Court of Tulsa County issued an Order for Citation for Contempt, a copy of which is attached to this Motion as Exhibit "C". The entry of the Order for Citation for Contempt began a series of procedural events that led to a jury trial in which Mr. Wallace was convicted of indirect civil contempt and sentenced to sixty days in the Tulsa County Jail. [Exhibit "E", at pp. 2-3.]

7. During the contempt proceedings, between the date of the jury verdict and the date of the sentencing hearing, Mr. Wallace made two attempts to remove the contempt proceedings to federal courts located outside of Oklahoma. These attempts at removal are identified in the Judgment and Sentence. [Exhibit "E", at p. 2.] Thus, Mr. Wallace's current attempt to remove Oklahoma Supreme Court Case No. 101511 is part of an ongoing pattern of behavior by Mr. Wallace, and represents his third attempt to remove the contempt proceedings to federal courts outside Oklahoma.

8. The Court will find, upon review of the exhibits submitted with this Motion, that Mr. Wallace has engaged in an extensive pattern of litigation abuse, initiating actions against the Trustees and their agents and employees in courts across the country. He has repeatedly sued lawyers and judges who have crossed his path in his effort to obtain money from and control of

4

various trusts relating to the Wallace family. As one court described it, Mr. Wallace has "a demonstrated history of oppressive litigation behavior including filings and dismissals of unfounded lawsuits, causing the unnecessary expenditure of energy and resources in the defense of meritless claims, and pursuing vexatious writ applications for disqualification of trial court judges whose rulings [he] disapprove[s]." [Exhibit "F", at p. 1]. As a result of these activities, various courts in various circumstances have entered orders against Mr. Wallace imposing filing restrictions and injunctions against further litigation. *See e.g., In re Wallace*, 311 B.R. 601, 602-03 (Bankr. N.D. Okla. 2004) (describing injunctive relief against Mr. Wallace); *In re Wallace*, 289 B.R. 428 (Bankr. N.D. Okla. 2003) (detailing Mr. Wallace's false statements under oath and ordering denial of Mr. Wallace's discharge in bankruptcy); *In re Wallace*, 288 B.R. 139 (Bankr. N.D. Okla. 2002) (imposing filing restrictions).

9. The U.S. District Court for the District of Columbia has previously rejected Mr. Wallace's attempt to remove Case No. PT-2002-56 to this Court. Mr. Wallace attempted the previous removal by filing a "Notice of Filing of Notice of Removal" in Case No. 1:04CV01730, on October 12, 2004. [Exhibit "H".] In an Order attached to this Motion as Exhibit "G", the U.S. District Court, through Judge Richard W. Roberts, held that "Wallace may not remove a civil action filed in Oklahoma to the United States District Court for the District of Columbia." [Exhibit "G", at p. 1.] On this basis, Judge Roberts ordered "that leave to file the Notice of Removal be, and hereby is, DENIED." [*Id.*]

10. Thus, to the extent that his Complaint in this case operates as a notice of removal regarding Oklahoma Supreme Court Case No. 101511, Mr. Wallace is conducting himself in violation of the Court's November 9, 2004 Order entered in *Ronald J. Saffa v. Lorice T. Wallace Revocable Trust*, Case No. 1:04CV01730, in the U.S. District Court for the District of Columbia. [Exhibit "G".]

11. It is unclear whether the Complaint in this case meets the requirements for a notice of removal. Nonetheless, Mr. Wallace has accomplished his apparent objective. By formally notifying the Oklahoma Supreme Court that he had attempted the removal of Case No. 101511, Mr. Wallace obtained an order halting the Supreme Court's consideration of that appeal.

12. To the extent that the Complaint has initiated a new action against the Trustees, then the Complaint represents another violation by Mr. Wallace of the injunctive relief entered by the District Court of Tulsa County in Case No. PT-2002-56. The temporary restraining order (attached as Exhibit "A") was continued in force and effect as a preliminary injunction by order entered by the District Court of Tulsa County on May 27, 2004. [Exhibit "D".]

13. In addition, the Complaint, if it has initiated a new action against the Trustees, attempts to circumvent the ruling by the U.S. District Court for the District of Columbia in Case No. 1:04CV00713. Mr. Wallace filed his Complaint in that action on April 30, 2004, attempting to assert claims against the Trustees, their agents, and numerous other persons, including judges and attorneys from various litigation actions in Oklahoma. [Exhibit "O", at pp. 1-2 (caption).] The U.S. District Court ordered the dismissal of the Complaint, sua sponte, on the basis that "venue in the District of Columbia is not appropriate under [28 U.S.C.] § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiffs' claim took place in the Northern District of Oklahoma." [Exhibit "N", at p. 3.]

## ARGUMENT AND AUTHORITIES

A. **The attempted removal is ineffective because the contempt proceedings and related appeal do not comprise a separate "civil action" for purposes of 28 U.S.C. § 1441(a).**

Mr. Wallace may not remove Oklahoma Supreme Court Case No. 101511, which is an appeal from an indirect civil contempt conviction, apart from the underlying state-court action in which it was entered. Section 1441(a) provides for removal of only "civil actions" – not supplemental proceedings incident to a larger civil action. Proceedings that are ancillary or

supplemental to an action pending in the state court – like the underlying contempt proceeding and related appeal – may not be removed if the underlying case remains in state court. *See Armistead v. C & M Transp., Inc*. 49 F.3d 43, 46 (1st Cir. 1995) (holding that a supplemental action incident to a state-court action is not a proper subject of removal); *Ohio v. Doe,* 433 F.3d 502, 506 (6th Cir. 2006) (raising issue of subject-matter jurisdiction, on a sua sponte basis, and holding that a removable "civil action" under removal statutes must be a separate suit that is not ancillary, incidental, or auxillary to another suit in state court).

Courts have specifically found that contempt proceedings incident to state-court actions are not separately removable "civil cases" under the removal statutes. *See Scales v. General Motors Corp.*, 275 F. Supp. 2d 871, 873-74 (E.D. Mich. 2003) (holding that a contempt proceeding for failure to pay pension benefits was merely supplemental to a divorce action and not removable); *Dale v. Family Guar. Life Ins. Co.*, 205 F.Supp.2d 620 (holding that a contempt proceeding in an underlying liquidation action is not a separate removable case).

Likewise, in the instant case, the contempt conviction does not qualify as a separate "civil action" which may be removed by Mr. Wallace. The contempt citation was issued only after the court determined that the underlying state-court action and the administration of the trusts were improperly and seriously hindered by Mr. Wallace's frequent and baseless filings of claims against the trustees and their agents, in other venues. Allowing Mr. Wallace's requested piecemeal removal of the contempt conviction would contravene the intent of the removal statutes and undermine the interests of judicial economy.

**B.    Mr. Wallace's attempted removal in this action is prohibited by the U.S. District Court's previous order holding that Mr. Wallace may not remove the Oklahoma state-court proceedings to the U.S. District Court for the District of Columbia.**

Having established that ancillary proceedings – like the contempt conviction and related appeal – are not separately removable, the Trustees respectfully suggest that any attempt by Mr.

Wallace, in the alternative, to remove the entire state-court case would be prohibited by the "law of the case" doctrine. *See LaShawn A. v. Berry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (recognizing the "time-honored" doctrine of law of the case – that "the same issue presented a second time in the same case in the same court should lead to the same result" (emphasis omitted)). Specifically, even if Mr. Wallace's "Complaint" could be read to request such removal, the U.S. District Court for the District of Columbia has already denied an attempt by Mr. Wallace to remove Case No. PT-2002-56. [Exhibit "G".] As noted by the U.S. District Court in its Order, 28 U.S.C. § 1441(a) would require any such attempted notice of removal to be filed in the U.S. District Court for the Northern District of Oklahoma, rather than in the U.S. District Court for the District of Columbia.

**C.    The removed action does not fall within the Court's removal jurisdiction.**

Even assuming the contempt conviction were separately removable, neither the ancillary contempt conviction nor the underlying case in which it was entered present grounds for subject-matter jurisdiction in the U.S. District Court. Had Mr. Wallace complied with the procedural requirements in providing the Court with a short and plain statement of the basis of removal under Section 1446(a), and had he attached the documents required by Section 1446(a), the lack of subject-matter jurisdiction would be clear from the face of the "Complaint" itself. However, Mr. Wallace has failed to provide this fundamental information to the Court in his effort to conceal the true nature of the removed state-court proceedings.

Except in circumstances not present here,[1] the Court's removal jurisdiction must be based

---

[1]    Mr. Wallace has sought removal in many other instances. On more than one occasion, Mr. Wallace has sought removal based on the U.S. Bankruptcy Code. Mr. Wallace initiated Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the Western District of Oklahoma. The bankruptcy proceedings were transferred to the U.S. Bankruptcy Court for the Northern District of Oklahoma and converted from Chapter 11 to Chapter 7. Ultimately, the U.S. Bankruptcy Court for the Northern District of Oklahoma entered an order denying Mr. Wallace a discharge on the basis of fraudulent statements by Mr. Wallace. *In re*

8

on either federal question or diversity of citizenship. 28 U.S.C. § 1441(a),(b). Here, Mr. Wallace rests his claim of removal jurisdiction on an assertion of the existence of a federal question. [Complaint, at pp. 1-2].[2]

When a case is removed on the basis of a federal question, the plaintiff's well-pleaded complaint, not the removal petition or notice of removal, must establish that the case arises under federal law. *See Atena Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). In order for a federal question to exist, the "claimed constitutional or statutory right must be an essential element of the plaintiff's cause of action." *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 95 (10th Cir. 1970). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Walker v. Walker*, 267 F. Supp. 2d 31, 32 (D.D.C. 2003).

Here, the Petition for Instructions filed by the Petitioner Trust Company in PT-2002-56 raises no federal question. [*See* Exhibit "I".] The Petition is based on state law governing the supervision of the administration of trusts. Indeed, such a question is unique to state law. In Mr. Wallace's Answer, filed in the removed action on November 7, 2002, Mr. Wallace makes no suggestion of a federal issue. [Exhibit "J".]

Likewise, as the appellate briefing of the contempt conviction reveals, the Petitioners' claims in the supplemental contempt proceedings do not arise under federal law. [*See* Exhibits "K", "L", "M".] Although, Mr. Wallace's raises federal issues in his defense of the contempt charge, this is insufficient to confer removal jurisdiction. *See Van Allen v. Bell Atlantic-*

---

*Wallace*, 289 B.R. 428, 436 (Bankr. N.D. Okla. 2003) (denying discharge on basis of false oath made by Mr. Wallace). It does not appear that Mr. Wallace seeks to rest the instant removal on bankruptcy jurisdiction.

[2] Mr. Wallace does not assert, nor is there, in fact, diversity jurisdiction. Mr. Wallace is a citizen of Oklahoma. *See* In re Wallace, 289 B.R. 428, 430 (Bankr. N.D. Okla. 2003). Both petitioners in the state-court proceedings, Trust Company and Ronald J. Saffra, are citizens of Oklahoma. [*See* Exhibit "I".] Furthermore, neither Mr. Wallace's Complaint nor the operative pleadings identify an amount in controversy that would satisfy the requirement of 28 U.S.C. § 1332(a).

*Washington D.C., Inc.*, 921 F. Supp. 830, 832 (D.D.C. 1996) (holding that, for purposes of removal jurisdiction based on federal question, federal defenses must be ignored).

Given the lack of federal question in the claims asserted by the Petitioners in the underlying trust-administration case and the collateral contempt proceedings, there is no basis for removal jurisdiction here.

**D.     The Complaint should be dismissed on the basis of improper venue.**

In addition to attempting the removal of Oklahoma Supreme Court Case No. 101511, Mr. Wallace's Complaint in this action also seeks to assert new claims against the Trustees and their attorneys.  (Mr. Wallace's amended complaint also seeks to add members of the bench as defendants in this action.)  These claims relate to litigation now pending in the District Court of Tulsa County, State of Oklahoma.  The U.S. District Court for the District of Columbia rejected an earlier attempt by Mr. Wallace to assert such claims against the same four defendants and many others.  On April 30, 2004, Mr. Wallace filed a Complaint in Case No. 1:04CV00713, in the U.S. District Court for the District of Columbia, naming "more than 100 defendants including, *inter alia*, federal judges, federal prosecutors, the head of the Federal Bureau of Investigation's Tulsa office, and various lawyers, all based in Tulsa, Oklahoma." [Exhibit "N", at p. 2, Exhibit "O".]  Included among the parties to Case No. 1:04CV00713 were each of the four defendants that Mr. Wallace names in his March 6, 2006 Complaint filed in this action, as well as the two judicial officers that Mr. Wallace has attempted to add as defendants with his first amended complaint.  In Case No. 1:04CV00713, the U.S. District Court for the District of Colombia ruled that "[b]ecause all defendants do not reside in the same judicial district and a substantial part of the events giving rise to plaintiff's claims occurred in Oklahoma, venue in the District of Columbia is improper."  [Exhibit "N", at pp. 1-2.]

These essential venue facts have not changed. Mr. Wallace does not allege that these facts have changed. Like the previous Complaint, the instant Complaint is also based on actions and events surrounding administration of the Wallace family trusts. These are actions and events that, if they occurred, occurred in Oklahoma. This is evident from the pleadings attached to this Motion, the allegations of the Complaint, and the determination made by the U.S. District Court in Case No. 1:04CV00713.

Thus, this Court should dismiss Mr. Wallace's Complaint for lack of proper venue under 28 U.S.C. § 1391(b)(2), based upon the same doctrine of law of the case identified in Section B of this Motion.

**E.     The Complaint should be dismissed for lack of subject-matter jurisdiction.**

If the Complaint truly is a complaint – rather than a notice of removal – then the action is dismissable for lack of subject-matter jurisdiction. The documents attached to this Motion show that the District Court of Tulsa County has accepted jurisdiction over the trusts that are at issue in the underlying litigation. [*See* Exhibits "A", "B", "C", "D", "E", "I", "J", "K", "L", "M".] Litigation of this type is within the classification of cases that are typically reserved to state courts. Most certainly, when a duplicative action is initiated in federal court, the prior-filed state-court action is generally allowed to proceed while the federal-court action is typically dismissed or stayed on the basis of abstention. *See, e.g.*, *Wilbur v. KeyBank N.A.*, 962 F. Supp. 1122, 1134 (N.D. Ind. 1997) (granting motion for abstention where the state court had assumed jurisdiction over the assets of the income beneficiary's estate); *Lawrence v. Cohn*, 778 F. Supp. 678, 685-86 (S.D.N.Y. 1991) (dismissing the complaint on the basis of abstention where the state court had accepted jurisdiction over the res represented by the estate), *vacated on other grounds*, 816 F. Supp. 191 (S.D.N.Y. 1993). The Defendants respectfully urge the Court to enter an order dismissing the Complaint on the basis that it raises claims regarding the administration of trusts

11

that are within the jurisdiction of the District Court of Tulsa County, State of Oklahoma, and that abstention is appropriate under the circumstances.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court enter an Order (1) denying Mr. Wallace leave to file his attempted notice of removal in the U.S. District Court for the District of Columbia, attempting to remove Oklahoma Supreme Court Case No. 101511, an appeal of a contempt conviction entered in Case No. PT-2002-56, in the District Court of Tulsa County, State of Oklahoma, or (2) remanding Case No. 101511 to the Oklahoma Supreme Court; and, additionally, (3) dismissing Mr. Wallace's Complaint attempting to assert new causes of action on the basis of lack of proper venue or lack of subject-matter jurisdiction.

Regardless of the Court's disposition of the request for dismissal of the Complaint, the Defendants respectfully request that the Court dispose of the Defendants' Motion to Remand, either (1) by remanding Oklahoma Supreme Court Case No. 101511 to state court, or (2) by denying leave to remove, or (3) by determining that the Complaint is ineffective as an attempt to remove. It is apparent that the Oklahoma Supreme Court requires such an order before proceeding with its consideration of Case No. 101511.

RONALD J. SAFFA, JAMES C. MILTON,
JAMES E. POE AND THE TRUST COMPANY
OF OKLAHOMA
By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

Stephen E. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma  74133
*Pro Se*

_____/s/_____
Jennifer L. Sarvadi