# Exhibit "A"

# April 21, 2004 Temporary Restraining Order entered in Case No. PT-2002-56, in the District Court of Tulsa County, State of Oklahoma.

*100046978 6*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| THE LORICE T. WALLACE | ) | No. PT-2002-56 |
| REVOCABLE TRUST DATED | ) | |
| DECEMBER 26, 1974, AS RESTATED | ) | Hon. Gregory K. Frizzell |
| EFFECTIVE OCTOBER 5, 1993 AND AS | ) | |
| AS AMENDED ON FEBRUARY 12, 1998, | ) | |
| THE LORICE T. WALLACE | ) | |
| IRREVOCABLE TRUST DATED | ) | |
| FEBRUARY 8, 1996, AND THE LORICE | ) | |
| T. WALLACE IRREVOCABLE TRUST | ) | |
| DATED SEPTEMBER 11, 1992, ALSO | ) | |
| KNOWN AS THE LORICE T. WALLACE | ) | |
| LIFE INSURANCE TRUST, | ) | |

DISTRICT COURT
F I L E D

APR 2 1 2004

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## TEMPORARY RESTRAINING ORDER
## AND NOTICE OF OPPORTUNITY FOR SHOW CAUSE HEARING

Now, on the 16th date of April, 2004, said cause came on for hearing on the verified

Motion of Ronald J. Saffa ("Saffa"), and the Trust Company of Oklahoma ("TCO") as

Successor Co-Trustees of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace

Irrevocable Trust (the "Trusts"), the latter being also general partner of the Lorice T. Wallace

Family Limited Partnership, (the "Partnership"), movants also being collectively identified as

the "Trustees," the motion praying for Temporary Restraining Order, Preliminary and

Permanent Injunctions against Stephen Paul Wallace, and for an Expedited Hearing.  The

Court notes first that due notice of initial hearing set for April 2, 2004, at 1:30 p.m., was

served upon Stephen P. Wallace per Notice dated March 26, 2004 and filed March 29, 2004

together with verified Certificate of Mailing.  Pursuant thereto, Stephen P. Wallace appeared

pro se on April 2, 2004 as did James C. Milton, attorney for Trust Company of Oklahoma,

and James E. Poe, attorney for Co-Trustee Saffa.  Saffa also appeared personally.  On that

date hearing on the motion was continued until April 16, 2004, at 1:30 p.m.

1

On the said April 16, 2004, James C. Milton again appeared for Trust Company of

Oklahoma; James E. Poe appeared for Ronald J. Saffa who likewise appeared in person and

beneficiary Patricia Wallace Hastings also personally appeared. Stephen P. Wallace did not

appear either personally or by counsel. No one else appeared. The Court thereupon

proceeded to hear presentations in support of the verified motion and based thereon makes

the following findings:

1. This Court heretofore acquired jurisdiction of the subject Trusts pursuant to 60

O.S. §175.23 et seq. for purposes, among others, of construing the provisions of the Trust

instruments, determining law applicable thereto, determining the powers, duties and

liabilities of Trustees, ascertaining the existence or non-existence of facts affecting the

administration of the Trust estates and in general for exercising jurisdiction over the

administration of the Trusts, all in accordance with statutes governing civil procedure under

Oklahoma law;

2. Stephen P. Wallace heretofore received notice of the commencement of this

proceeding as well as prior proceeding PT-2000-21 and appeared initially with counsel and

subsequently pro se at numerous and varied hearings throughout both proceedings;

3. During the pendency of this action as well as PT-2000-21 the said Stephen P.

Wallace has filed various claims, counterclaims, lawsuits, legal proceedings, appeals, and

applications for disqualification of judges plus writ proceedings seeking disqualification of

judges, pertaining to a multitude of issues or contentions concerning alleged actions of the

Co-Trustees and or administration of the referenced Trusts, these being asserted either in his

own behalf individually or purportedly in some representative capacity on behalf of persons,

estates and trusts including the subject Trusts. As reflected by Exhibits to the verified motion

2

such proceedings either brought by or because of Stephen P. Wallace and affecting Trustees or Trust administration now total at least 58 in number. Additionally, Stephen P. Wallace has repeatedly and unceasingly filed *pro se* "emergency" motions not one of which has been supported nor have any of the legal proceedings ever been found supported or supportable by evidence. On no occasion has Wallace produced evidentiary support for his constant allegations of Trustee misdeeds and alleged misappropriation of Trust assets. His filings have been plainly frivolous, have caused useless expenditures of judicial resources and have unnecessarily and senselessly drained Trust assets. Actions commenced by Stephen P. Wallace in other jurisdictions such as Case No. 2003-CH-001896 in DuPage County Illinois, St. Louis County Missouri Case No. 01-CC-002466, United States District Court Eastern District of Missouri Case No. CV-00-482-TIA and U.S. District Court for the Northern District of Indiana, Fort Wayne Division Case No. 1:03-CV-286-TS as well as Tulsa County Oklahoma District Court Case CJ-2002-4727 (assigned to Judge Shaffer) are all actions by Stephen P. Wallace affecting the Trusts, the Trustees, or Trust administration and clearly are inappropriate efforts at forum shopping by Wallace in a vain attempt to obtain some court order inconsistent with orders of this Court and concerning matters within the clear jurisdiction of this Court. Trustees' motion seeks a restraining order plus temporary and permanent injunction to prohibit such forum shopping with concurrent wasting of judicial time, manpower and resources and resulting costs and expenses to the Trusts.

4. Trustees' motion seeks extraordinary relief which Courts are empowered to grant only in circumstances statutorily authorized and clearly warranted. In this instance the Court finds the circumstances are indeed extraordinary and the actions of Wallace are unprecedented in the experiences of this Court. There is strong likelihood that the past

3

conduct will be continued absent intervention of an appropriate order from this Court. Clearly there is no other adequate remedy at law available and consequently the Court concludes that injunction without bond is an appropriate remedy in this case to prevent forum shopping by Wallace and his commencing any other legal proceedings of any kind in any Court or jurisdiction except this Court regarding actions of the Trustees or administration of the Trusts over which this Court has assumed jurisdiction.

5. The Court further finds that Stephen P. Wallace has repeatedly and without legal or factual cause whatever, filed certain lis pendens notices having to do with real property owned by one or more of the Trusts and every likelihood exists that he will continue with random lis pendens notices as to Trust real property in the future absent intervention by this Court. Particularly, the Court references its Order filed March 11, 2004 canceling and discharging three such lis pendens notices which Order was followed four days later by an additional "Notice of Lis Pendens" signed by Wallace purporting to be "executor and vested beneficiary in the Estate of Frank and Lorice Wallace, owners of the subject property listed below" which listed property in fact is owned by the Lorice T. Wallace Revocable Trust identified herein. Accordingly, there is no other adequate remedy at law and Trustees are entitled to the extraordinary relief requested without bond to prohibit further lis pendens notices by Wallace regarding Trust real estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this Court having previously assumed jurisdiction over the referenced trusts and Trustees and the subject matter thereof, you Stephen P. Wallace, individually or in any other purported *pro se* or representative capacity on behalf of any other person or entity are hereby restrained, enjoined and prohibited from filing lawsuits or commencing legal proceedings of any kind, in

any court or jurisdiction except this Court, based upon any allegations of acts, events,

transactions or circumstances in any manner related to or concerning the Trusts or the

Trustees, in any capacity.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that you, Stephen P.

Wallace, individually or in any other purported *pro se* or representative capacity on behalf of

any other person or entity are hereby restrained, enjoined and prohibited from filing any

other or additional lis pendens notice or similar document in the office of the Tulsa County

Clerk or other recorder of land records wherever situated as to any purported claim, right,

title or other asserted interest in any real property held by the Trusts or Trustees, *without prior approval by this court.*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Trustees aforesaid

verified motion be set for additional hearing before me the undersigned Judge at the Tulsa

County Courthouse, Tulsa, Oklahoma on the *26th* day of *May*, 2004 at *1:30*

o'clock *p*.m. on the issue of whether this temporary restraining order shall be made a

preliminary injunction and thereafter continued in force and effect as a preliminary injunction

or permanent injunction.

Dated and effective this *20th* day of April, 2004, at *3:44* o'clock *p*.m.

GREGORY K. FRIZZELL
District Judge

5

Order Prepared and Presented By:

JAMES E. POE, OBA #7198
Covington & Poe
111 West 5th, Suite 740
Tulsa, Oklahoma 74103
(918) 585-5537-phone
(918) 585-5530-fax

and

MARK A. CRAIGE, OBA #1992
JAMES R. HICKS, OBA #11345
Morrel, West, Saffa, Craige & Hicks, Inc.
5310 East 31st Street, Suite 1100
Tulsa, Oklahoma 74135
(918) 664-0800-phone
(918) 663-1383

Attorneys for Ronald J. Saffa

and

JAMES C. MILTON, OBA #16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston, Suite 500
Tulsa, Oklahoma 74103
(918) 582-1211-phone
(918) 591-5398-fax

Attorney for Trust Company of Oklahoma