# Exhibit "J"

# Answer of Respondent Stephen P. Wallace, filed on November 7, 2002, in Case No. PT-2002-56, in the District Court of Tulsa County, State of Oklahoma

filed 11/7/02

received 11/7/02

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

In re: The Lorice T. Wallace Revocable Trust )
Dated December 26, 1974, as Restated Effective )
October 5, 1993, and as Amended on )
February 12, 1998; The Lorice T. Wallace ) Case No. PT-2002-56
Irrevocable Trust Dated February 8, 1996, and ) Judge David E. Winslow
The Lorice T. Wallace Irrevocable Trust Dated )
September 11, 1992, Also Known As the )
Lorice T. Wallace Life Insurance Trust. )

## ANSWER OF RESPONDENT STEPHEN P. WALLACE

Comes now Stephen P. Wallace, (hereinafter Wallace) by and through Robert L. Mitchell, his attorney, and for answer to the Petition for Instructions alleges and states as follows:

1. Respondent Stephen P. Wallace admits that an order was entered in the District Court of Tulsa County, State of Oklahoma, in case number PT-2000-21, as to the allegations of paragraphs 1 through 6 establishing Peitioners as successor co-trustees of the referenced trusts, however, it is Wallace's position that the order entered is not a final order pursuant to 12 O.S. § 994, in that the court has retained certain issues regarding application of certain cost allocation provisions of the trusts and has yet to rule on said issues.

2. Wallace admits that Lorice T. Wallace has been declared incapacitated by the District Court of Tulsa County, in case number PG-99-556. However, Wallace denies that Lorice T. Wallace is the sole beneficiary of said trusts.

3. Wallace admits the allegations of paragraphs 8 through 12. However, Wallace states that said beneficiaries' status as "contingent" is a matter for determination by this court.

4. Wallace admits the allegations of paragraphs 13 through 17.

5. Wallace denies the allegations contained in paragraph 18 through 22..

1

6. Wallace suggests that the allegation contained in paragraphs 23 and 24 are now moot.

7. Wallace denies the allegations contained in paragraphs 25 through 27.

8. Wallace denies the allegations contained in paragraphs 28 through 29, and affirmatively state that Petitioners are aware that said beneficiaries have taken no direct or indirect action against the trusts and that this attempt to invoke the forfeiture provisions of the trust is punitive, and designed to intimidate and threaten said beneficiaries. Both Jage and Wallace have informed Petitioners that the intent of those documents was to merely express their desire to end the family conflict and allow the beneficiaries to settle these incessant disputes.

9. Wallace admits the allegations contained in paragraph 30.

10. Wallace denies the allegations contained in paragraphs 31 and 32.

11. Wallace agrees that the records should be furnished as set out in paragraph 33, however there should be no restriction on the use of the information which would interfere with a full and complete certified forensic audit of those records.

12. Wallace denies the allegations contained in paragraph 34 in that the Chapter 7 Trustee has indicated in prior actions that he does not consider Wallace's interest in these trusts to be assets of the Bankruptcy estate.

13. Wallace denies the allegations set forth in paragraph 35 and states that Petitioners have used the Chapter 7 proceeding as a vehicle to suppress Wallace's access to the courts and said disclosure would further that improper purpose.

14. Wallace denies the allegations of paragraph 36 at this time.

15. Wallace denies that Petitioners are entitled to the relief set forth in paragraphs 37 through 51 and state that this action is being used to frustrate the clear directives of Roma Jage

on behalf of Lorice T. Wallace regarding termination of Petitoiners as co-trustees of the Lorice T. Wallace Revocable Trust and that the hostile and adverse actions of these trustees as to these beneficiaries should disqualify them as trustees in all Lorice T. Wallace trusts.

### COUNTERCLAIM

16. Wallace incorporates the allegations of his answer and in addition thereto states that the District Court of Tulsa County, in case number CJ-2002-4727 has determined that Wallace is not entitled to declaratory relief or an audit regarding the trusts which are the subject of this action. The order has not yet been entered and Wallace intends to appeal or seek a writ of prohibition/mandamus regarding that decision.

17. In order to protect the record in this case and to remain consistent in his quest for access to trust information, Wallace respectfully requests that, in the event this court takes jurisdiction of this matter, that an order be entered directing the disclosure of the financial records of the referenced trusts under an appropriate protective order and that this court allow a certified forensic audit of the trusts at the sole expense of Wallace pursuant to 60 O.S. §175.57.

18. Wallace asks the court to take judicial notice of proposed changes to the trust statutes which are published in the Oklahoma Bar Journal and, once adopted, give Wallace and his siblings a clear statutory right to the information requested herein based upon equity and the express language of the controlling instruments of the referenced trusts. .

19. Wallace states that the actions of the Petitioners clearly demonstrates the bias against certain beneficiaries of the trusts and therefore said Petitioners have breached their duty to fairly and evenly administer the trusts.

20. Wallace states that he is entitled to reimbursement for his expenses in defending this

case pursuant to the controlling instruments of the trusts and therefore this court should enter an order allowing reimbursement for his fees under such terms and conditions as are equitable.

WHEREFORE, Wallace prays this court enter an order denying the requested relief of the Petitioners. However, in the event that this court takes jurisdiction, Wallace prays that this court order disclosure of trust financial records under an appropriate protective order, allow a certified forensic audit of the trust financial transactions and, in the event irregularities are discovered or other grounds are established at trial, take appropriate equitable remedial action up to and including removal of the trustees, surcharge of the trustees for any sums wrongfully disposed of and for attorney fees and costs of this action.

Respectfully submitted,

Robert L. Mitchell, OBA # 6279
MITCHELL & FOLEY
5500 N. Western, Suite 100A
Oklahoma City, OK 73118
Phone: (405) 767-0404
Fax: (405) 767-0909

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 7th day of November, 2002, I mailed a true and correct copy of the above and foregoing document to the following counsel of record:

James E. Poe, Esq.
COVINGTON & POE
111 West Fifth St., Suite 740
Tulsa, OK 74103

Craig Tweedy OBA # 9145
208 E. Dewey, Suite 202
Sapulpa, OK 74066

James C. Milton, Esq.
DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725

by placing same in the U.S. Mail, postage pre-paid.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* | |
| In re: Ronald J. Saffa and Trust Company of Oklahoma, Interim successor trustees, | |
| Plaintiffs, | Case No. H-04-4403 |
| vs. | Honorable Nancy F. Atlas |
| Lorice T. Wallace Revocable Trust dated December 26, 1974, | |
| Defendant Beneficiary. | |
| *Caption of the removed action:* | |
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | Tulsa County Case No. PT-2002-56<br><br>Honorable Gregory K. Frizzell |

**ORDER**

Before the Court is the Motion by Petitioner The Trust Company of Oklahoma, for an Order denying Mr. Wallace leave to file his Notice of Removal in this action, or, in the alternative, to remand the above-captioned action to the District Court of Tulsa County. Having reviewed the Motion, the Court finds that good cause exists for the submission of the Motion on an emergency basis. The Court further finds that the record before this Court, both in this action and also in S.D. Tex. Case No. H-04-3131, demonstrates that the Notice of Removal filed by Respondent Stephen P. Wallace in this action is frivolous and has been filed for purposes of

1

delay and harassment. The Court therefore orders that the requirements of Local Rule LR7.3 should be and are hereby waived. The Court finds that the Notice of Removal was filed in the wrong judicial district. The Court further finds that Mr. Wallace has wholly failed to show any basis for federal jurisdiction over this case.

IT IS THEREFORE ORDERED that Trust Company's Emergency Motion to Deny Leave to File Notice of Removal, or, in the Alternative, to Remand, is GRANTED.

This case is REMANDED to the District Court of Tulsa County, State of Oklahoma, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Clerk will mail a certified copy of this Order to the Clerk of the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this ____ day of November, 2004.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

2

Notice to be provided to:

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma 74136
*Pro se Respondent*

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
*Pro se Respondent*

Mary Roma Wallace Jage
1153 Overton Ct.
Naperville, Illinois 60540
*Respondent, appearing pro se as to some matters*

Ollie W. Gresham, Esq.
1141 East 37th Street
Tulsa, Oklahoma 74105-3103
*Counsel of record for Respondent Mary Roma Wallace Jage, as to some matters*

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103
*Counsel of record for Petitioner Ronald J. Saffa*

James C. Milton, Esq.
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
*Counsel of record for Petitioner The Trust Company of Oklahoma*

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma 74119-1248
*Counsel of record for Intervenors, John R. Woolman, Woolman Properties, Inc., and Wakefield Development Co., L.L.C.*

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma 74103
*Counsel of record for Intervenors, Poe & Associates*