# Exhibit "M"

# Appellant's Reply Brief dated February 28, 2006, filed in Supreme Court Case No. 101,511



No. 101,511

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as
restated effective October 5, 1993 and as amended on February 12, 1998,
The Lorice T. Wallace Irrevocable Trust dated February 8 , 1996, and
The Lorice T. Wallace Irrevocable Trust dated September 11, 1992,
also known as the Lorice T. Wallace Life Insurance Trust

### RONALD J. SAFFA and THE TRUST COMPANY OF OKLAHOMA,

Real Parties in Interest-Appellees,

versus

### STEPHEN P. WALLACE,

Respondent-Appellant

---

### APPELLANT'S REPLY BRIEF

---

Appeal from Tulsa County District Court
Case No. PT-2002-56
Honorable Gregory K. Frizzell

---

*Indirect Contempt of Court*

---

Joan Godlove, OBA No. 10563
2121 South Columbia, Suite 500
Tulsa, Oklahoma 74114-3519
Telephone: (918) 744-0201

February 28, 2006                    Attorney for Respondent-Appellant

## INDEX

**PROPOSITION O**

**It is not within the power of state courts to bar litigants from filing
and prosecuting *in personam* actions in the federal courts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Appleton Papers, Inc. v. Home Indemnity Co.,* 2000 WI App 104,
612 N..W.2d 760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cipriano v. State,* 2001 OK CR 25, 32 P.3d 869 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dodd v. Dodd,* 1959 OK 247, 347 P.2d 786 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Donovan v. Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) . . . . . . . . . . . . . . . . 2, 4

*Ex parte Evans,* 939 S.W.2d 142 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fragoso v. Lopez,* 991 F.2d 878 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Frierson v. Hines,* 1967 OK 60, 426 P.2d 363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76,
54 L.Ed.2d 199 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

*Gross v. Weingarten,* 217 F.3d 208 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Henry v. Schmidt,* 2004 OK 34, 91 P.3d 651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Leake v. Merrill, Lynch, Pierce, Fenner & Smith Inc.,* 213 A.D.2d 155,
623 N.Y.S.2d 220 (1st Dep't 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Murff v. Professional Medical Insurance Co.,* 97 F.3d 289 (8th Cir. 1996) . . . . . . . . . . . . . . . . . 3

*President's Co. v. Whistle,* 812 P.2d 1194 (Colo. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State ex rel. Oklahoma Bar Association v. Busch,* 1998 OK 103, 976 P.2d 38 . . . . . . . . . . . . . 3

*United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) . . . . . . . . . . . . 4

*United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) . . . . . . . . . . . . 4

*United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) . . . . . . . . . . . . 4

*Universal Marine Insurance Co. v. Beacon Insurance Co.,* 592 F.Supp. 945
(W.D.N.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*World Publishing Co. v. White*, 2001 OK 48, 32 P.3d 835 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Young v. State*, 1998 OK CR 62, 992 P.2d 332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Const., Art. VI, cl. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

12 Okla. Stat. § 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

12 Okla. Stat. § 2801(4)(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**PROPOSITION I**

**The Petition filed in PT-2000-21 did not state a case over which
the subject matter jurisdiction of the District Court extended** . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Blackwell v. Cole Taylor Bank*, 152 F.3d 668 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brigance v. Velvet Dove Restaurant*, 1988 OK 68, 756 P.2d 1232 . . . . . . . . . . . . . . . . . . . . . . . 7

*Granato v. Bane*, 74 F.3d 406 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hardy v. City Optical, Inc.*, 39 F.3d 765 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re A.N.O. v. Ogle*, 2004 OK 33, 91 P.3d 646 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Incident Aboard D/B Ocean King*, 758 F.2d 1063
(5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lemons v. Lemons*, 238 P.2d 790 (Okla. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lowrance v. Patton*, 710 P.2d 108 (Okla. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oklahoma Public Employees Association v. Oklahoma Department
of Central Services*, 2002 OK 71, 55 P.2d 1072 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reeves v. Agee*, 1989 OK 25, 769 P.2d 745 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robinson v. State ex rel. Oklahoma Board of Medical Licensure and
Supervision*, 1996 OK 145, 916 P.2d 1390 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sassen v. State Board of Equalization*, 1961 OK 152, 363 P.2d 252 . . . . . . . . . . . . . . . . . . . . . 7

**PROPOSITION II**

**If a plaintiff lacks standing when a case is filed, no post-filing event
or amended pleading can cure that subject matter jurisdiction defect** . . . . . . . . . . . . . . . . . . 8

*Sassen v. State Board of Equalization*, 1961 OK 152, 363 P.2d 252 . . . . . . . . . . . . . . . . . . . . . . . 9

**PROPOSITION III**

**Because Saffa and TCO's standing in PT-2002-56 is based on the void
judgment in PT-2000-21, orders entered in this case are also void** . . . . . . . . . . . . . . . . . . . . . 9

*Sassen v. State Board of Equalization*, 1961 OK 152, 363 P.2d 252 . . . . . . . . . . . . . . . . . . . . . . . 9

**PROPOSITION IV**

**The Judgment and Sentence for Indirect Contempt of Court imposed
against Stephen P. Wallace is void on its face** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Donovan v. Dallas*, 277 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) . . . . . . . . . . . . . . . . . 10

*General Atomic Co. v. Felter*, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) . . . . . . . . . . . . 10

**PROPOSITION VI**

**There is no evidence in the record that would support a finding that
his alleged disobedience of the TRO was "willful" within the meaning
or 21 Okla. Stat. § 565** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21 Okla. Stat. § 565 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PROPOSITION VIII**

**The district court violated Wallace's right to assistance of counsel
guaranteed by the Sixth Amendment of the Federal Constitution** . . . . . . . . . . . . . . . . . . . . . 11

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**PROPOSITION IX**

**Positions taken by TCO and Saffa in their appellate brief demonstrate
"hostility" sufficient to warrant their removal as trustees of the Lorice
T. Wallace trusts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cameron v. White*, 1927 OK 293, 262 P. 664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Estate of Hawley*, 183 Ill.App.3d 107, 538 N.E.2d 1220 (1989) . . . . . . . . . . . . . . . . . . . . 11

*Mucci v. Stobbs,* 281 Ill.App.3d 22, 666 N.E.2d 59 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Pipkin v. Pipkin,* 1964 OK 72, 393 P.2d 534 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

### PROPOSITION O.[1]

**It is not within the power of state courts to bar litigants from filing
and prosecuting *in personam* actions in the federal courts.**

Saffa and TCO go to great lengths to describe how the trial court "carefully questioned" their

attorneys "regarding the appropriate remedy" and exercised "the utmost care" before it "crafted a

remedy that was narrow in scope requiring that 'all matters relating to the administration of the trust

must be brought solely before this Court.'" Appellees' Answer Brief at 18.  The former trustees then

boldly proclaim that "[t]hese narrow restrictions . . . are most certainly consistent with Oklahoma

jurisprudence regarding the open-courts provision of the Oklahoma Constitution." *See id.*  However,

the cases appellees cite merely ***create the appearance*** that "the terms of the temporary restraining

order [which the trial court entered at their urging][2] represent a valid exercise of judicial power." *Id.*

If counsel for the real parties in interest had actually made the inquiry mandated by 12 Okla.

Stat. § 2011 before filing the joint Motion for Temporary Restraining Order and Application for

Citation of Contempt or preparing a myriad of Orders which the trial court subsequently entered, they

would have discovered that ***"it is not within the power of state courts to bar litigants from filing and***

***prosecuting in personam actions in the federal courts."*** *See General Atomic Co. v. Felter,* 434 U.S.

---

[1] Propositions set out in Appellant's Brief in Chief are repeated in this Reply to facilitate the
Court's consideration of the respondent-appellant's arguments and the counter-arguments of the real
parties in interest-appellees Ronald J. Saffa ["Saffa"] and The Trust Company of Oklahoma ["TCO"].
The opening argument in this Reply, designed "Proposition O," addresses arguments found on pages
17-20 of Appellees' Answer Brief under the heading **"The temporary restraining order is valid."**

[2] Facts describing the sequence of events which led to appellant's being found guilty of, and
sentenced to 30 days in jail and fined in the penal sum of $26,200 for, indirect contempt of court for
filing a § 1983 civil rights action in the United States District Court for the District of Columbia are
set out on pages 1-5 of Appellees' Answer Brief.  These factual assertions are, in effect, expressly
authorized admissions by Saffa and TCO regarding the role they played in initiating and prosecuting
contempt proceedings against one of four beneficiaries of the Lorice T. Wallace trusts which they have
purported to "administer," as successor co-trustees, subsequent to their removal on March 13, 2000.
*See* 12 Okla.Stat. § 2801 (4)(b)(4); *World Publishing Co. v. White,* 2001 OK 48, ¶ 19, N. 38, 32 P.3d
835, 845, n. 38 (admissions in an appellate brief are acceptable as material supplementing the record).

12, 12, 98 S.Ct. 76, 76, 54 L.Ed.2d 199 (1977) (emphasis added). This well-settled principle rests

squarely on the Supreme Court's earlier holding in *Donovan v. Dallas,* 377 U.S. 408, 84 S.Ct. 1579,

12 L.Ed.2d 409 (1964), and the Supremacy Clause of the United States Constitution.[3]

Without reading more than the Supreme Court's summary of *Donovan,* which is quoted below

from its opinion in *General Atomic,* appellees, their lawyers, and the trial court would have realized

more than two years ago that contempt convictions, like the conviction and sentence that are now

before this Court, are *"invalid"*:

> In *Donovan v. Dallas, supra,* a plaintiff class sought an injunction against
> construction of an airport runway and issuance of municipal bonds for that purpose.
> After losing in state court and exhausting their appeals, many of the named plaintiffs
> together with a group of new plaintiffs filed an action in United States District Court
> raising issues substantially identical to those already litigated in the state action and
> seeking similar relief. The city of Dallas moved to dismiss the federal action and, as
> the result of a favorable judgment in the Texas Supreme Court, obtained an injunction
> from the Texas Court of Civil Appeals prohibiting all members of the original class
> from further prosecution of the pending federal action *and* from "'filing or instituting
> . . . any further litigation, law suits or actions in any court, the purpose of which is to
> contest the validity of the airport revenue bonds . . . .'" 377 U.S. at 410, 84 S.Ct. at
> 1581. When the District Court granted the city's motion to dismiss following the
> issuance of the injunction, some of the plaintiffs took an appeal and others filed a
> second federal action seeking to enjoin Texas state courts from enforcing the injunc-
> tion. Subsequently, the Texas Court of Civil Appeals found in contempt both the
> plaintiffs who had appealed and those who had filed the second federal action. We
> reviewed the convictions of both sets of plaintiffs and held the injunction to be invalid
> because "state courts are completely without power to RESTRAIN FEDERAL
> COURT PROCEEDINGS IN *IN PERSONAM* ACTIONS . . . ." *Id.* at 413, 84 S.Ct.
> at 1582. Our holding was premised on the fact that the right to litigate in federal court
> is granted by Congress and, consequently, "cannot be taken away by the State." *Ibid.*

434 U.S. at 15-16, 98 S.Ct. at 78 (court's emphasis).

State and federal courts have scrupulously followed the Supreme Court's holdings in *Donovan*

and *General Atomic* where those courts knew, or were apprised, of those holdings. *See, e.g.:*

---

[3] The full text of the Supremacy Clause reads as follows: "This constitution, and the laws of
the United States which shall be made in pursuance thereof; and all treaties made, or which shall be
made, under the authority of the United States, shall be the supreme law of the land; and the judges
in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary
notwithstanding." U.S. Const., Art. VI, cl. 2.

*Gross v. Weingarten,* 217 F.3d 208, 221 (4th Cir. 2000) (state courts are completely without power to restrain federal court proceedings in *in personam* actions).

*Appleton Papers, Inc. v. Home Indem. Co.,* 2000 WI App 104, 612 N..W.2d 760, 767-68 (state court's power to sanction parties for failing to obey court orders does not include enjoining party from pursuing federal remedies in federal court).

*Ex parte Evans,* 939 S.W.2d 142, (Tex. 1997) ("Because the trial court had no authority to enjoin Evans from filing a federal court lawsuit, the court's judgment of contempt against Evans for filing that lawsuit is void.") .

*Murff v. Professional Medical Ins. Co.,* 97 F.3d 289, 290 n.2 (8th Cir. 1996) (state court cannot enjoin federal court action).

*Leake v. Merrill, Lynch, Pierce, Fenner & Smith Inc.,* 213 A.D.2d 155, 156, 623 N.Y.S.2d 220, 220 (1st Dep't 1995) (state court was without power to restrain federal court proceedings in *in personam* actions)..

*Fragoso v. Lopez,* 991 F.2d 878, 881 (1st Cir. 1993) (state court cannot enjoin federal proceedings).

*President's Co. v. Whistle,* 812 P.2d 1194, 1196 (Colo. App. 1991) (state court properly dismissed, for lack of subject matter jurisdiction, plaintiff's request for an injunction prohibiting defendants from prosecuting their federal court claims; state court had no power to restrain or enjoin federal court proceedings).

*Universal Marine Ins. Co. v. Beacon Ins. Co.,* 592 F.Supp. 945, 947 (W.D.N.C. 1984) (a state court cannot validly enjoin an *in personam* action, and fact that injunction is addressed to the parties rather than the court does not alter invalidity of injunction).

Disregarding their "fiduciary duty of undivided loyalty" to beneficiaries of the Lorice T. Wallace trusts and family partnership, including appellant,[4] Saffa and TCO argue that "Mr. Wallace has waived any challenge against the terms of the temporary restraining order and cannot challenge a temporary restraining order on appeal from a contempt conviction." *See* Appellees' Answer Brief at 17. Assuming that this argument is based on the notion that appellant did not sufficiently preserve the error of the alleged invalidity of the Order he has been convicted of willfully violating, it ignores what state and federal appellate courts speak of as the "plain error" or "fundamental error" rule. *See,*

---

[4] *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Busch,* 1998 OK 103, ¶ 42, 976 P.2d 38, 54.

3

*e.g., United States v. Cotton,* 535 U.S. 625, 631-32, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (before an appellate court can correct an error not raised at trial, there must be (1) an error, (2) that is plain,[5] and (3) that affects substantial rights; if all three of these conditions are met, the appellate court may exercise its discretion to notice forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings); *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (Court of Appeals should correct plain, forfeited error affecting substantial rights if error seriously affects fairness, integrity or public reputation of judicial proceedings); *United States v. Frady,* 456 U.S. 152, 163 & n. 13, 102 S.Ct. 1584, 1592 & n.13, 71 L.Ed.2d 816 (1982) (plain error rule was intended to afford a means for prompt redress of miscarriages of justice); *Cipriano v. State,* 2001 OK CR 25, ¶ 46, 32 P.3d 869, 879 (objection being raised for first time on appeal is reviewed only for plain error); *Young v. State,* 1998 OK CR 62, ¶¶ 47-49, 992 P.2d 332, 343-44 ("plain error" is that which results in a miscarriage of justice or which denies the defendant a statutory or constitutional right).[6]

Given the Supreme Court's holdings in *Donovan* and *General Atomic,* there can be little doubt that affirmance of appellant's conviction of and penal sentence for contempt would result in a miscarriage of justice of constitutional dimensions and seriously and substantially affect the integrity and reputation of judicial proceedings in the public eye in this and other States across the nation.

However, language found in *Dodd v. Dodd,* 1959 OK 247, 347 P.2d 786, and more recently in *Henry v. Schmidt,* 2004 OK 34, 91 P.3d 651, makes it clear that the Oklahoma Supreme Court has

---

[5] Federal case law holds that for an appellate court to correct error under the "plain error rule," the error must be clear under current law. *See, e.g., United States v. Olano,* 507 U.S. at 734, 113 S.Ct. at 1777. That the Order under review on this appeal embodies an error that is "clear under current law," i.e., *Donovan* and *General Atomic,* is readily apparent.

[6] Though not binding on the Supreme Court, decisions of the Criminal Court of Appeals are accorded a high degree of persuasiveness. *Frierson v. Hines,* 1967 OK 60, ¶ 12, 426 P.2d 363, 365.

4

applied the "plain error rule," though not by name, to insure that errors which involve fundamental rights of persons convicted of indirect contempt have been reviewed on appeal, even though those errors were not properly preserved below.

For example, in *Dodd* the Supreme Court held that "[a]lthough neither party objected at the time of trial we think that permitting the jury to fix the punishment in this case was fundamental error and the case must be reversed in so far as the punishment is concerned." 347 P.2d at 788. In *Henry v. Schmidt,* without mentioning "fundamental error," but after noting that the only issue preserved for its review was whether the trial court erred in assessing a fine and ordering Henry to serve 30 days in jail, the Supreme Court held that federal constitutional protections attached to an indirect contempt proceeding where penal sanctions are imposed. 2004 OK 34, ¶¶ 19-20, 91 P.3d at 655-56.

The second argument appellees raise in an effort to defeat the contention that the TRO upon which appellant's contempt conviction is based is invalid rests on the factually unsupportable assertion that appellant ***"failed to designate"*** the transcript of the jury trial for inclusion in the record on appeal. *See* Appellees' Answer Brief at 16. As his response to this baseless argument, Steve Wallace incorporates by reference Appellant's Motion to Correct Record to Include Transcript of Jury Trial, as Requested on 2005 Designation of Record, which was filed in this appeal on February 22, 2006. In addition to asking the Court to take judicial notice of that motion, appellant also asks the Court to take judicial notice of the fact that the Oklahoma Supreme Court entered an Order on February 23, 2006, directing appellees to respond to appellant's motion not later than March 7, 2006.

Having chosen to stand on the technical argument that the jury trial transcript is not included in the record on appeal, rather than being concerned about this appeal's being decided on its merits, TCO and Saffa should be deemed to have waived the right to amend Appellees' Answer Brief in order to cite pertinent excerpts from that transcript.

## PROPOSITION I.

### The Petition filed in PT-2000-21 did not state a case over which the subject matter jurisdiction of the District Court extended.

TCO and Saffa ignored settled Oklahoma law when they argued that "[t]he issues of standing and subject matter jurisdiction are not properly before the Court on appeal." *Compare* Appellees' Answer Brief at 5-7 *with In re A.N.O.,* 2004 OK 33, ¶ 9, 91 P.3d 646, 649 ("Since subject matter jurisdiction concerns the competency of the court to determine the particular matter, it cannot be waived by the parties or conferred upon the court by their consent and it may be challenged at any time in the course of the proceedings."). Moreover, under Oklahoma law, parties invoking a district court's subject matter jurisdiction have the burden of establishing their standing, when contested. *See Oklahoma Public Employees Ass'n v. Oklahoma Dep't of Central Servs.,* 2002 OK 71, ¶ 21, 55 P.2d 1072. This is a burden appellees have never attempted to carry, but continually seek to evade.

TCO and Saffa said *absolutely nothing* in response to each of the factual and legal contentions quoted below from pages 14 and 15 of Appellant's Brief in Chief:

> Saffa and TCO were *removed* as co-trustees of the Revocable Trust on March 13, 2000, when Mrs. Wallace amended the trust instrument. As *former co-trustees,* they lacked standing to invoke the district court's jurisdiction under § 175.23 when the Petition in PT-2000-21 was filed.

> Saffa and TCO's standing, that is, their right to sue under § 175.23, was a right that *depended on their status at the time PT-2000-21 was filed.* Because they lost their status as "co-trustees" of the LTW Revocable Trust and were notified of that fact *before* March 24, 2000, Saffa and TCO could not represent that Trust in PT-2000-21 or any other case, including PT-2002-56, after that date.

> Even if Saffa and TCO, as former co-trustees of the LTW Revocable Trust, had standing to sue, the act of filing the Petition in PT-2000-21 was *"a nullity"* because TCO did not join Saffa in authorizing Poe to take that action.

> *When a party without standing purports to commence an action, the trial court acquires no subject matter jurisdiction and any judgment it enters is void.*

(Citations omited) (emphasis in original).

6

Such silence "constitute[s] a waiver of the specific factual contentions made by the opposing party in a brief filed earlier" and "requires [the court] to treat them as true." *Blackwell v. Cole Taylor Bank*, 152 F.3d 668, 673 (7ᵗʰ Cir. 1998); *Hardy v. City Optical, Inc.,* 39 F.3d 765, 771 (7ᵗʰ Cir. 1994). It also constitutes a concession that each of those contentions is true. *See Sassen v. State Board of Equal.,* 1961 OK 152, ¶ 5, 363 P.2d 252, 253 (where no attempt was made to refute argument made in opponent's brief, the Oklahoma Supreme Court will regard its correctness as conceded); *accord, Granato v. Bane,* 74 F.3d 406, 411 n.3 (2d Cir. 1996) (appellee failed to address issue appellant raised); *In re Incident Aboard D/B Ocean King,* 758 F.2d 1063, 1071 & n.9 (5ᵗʰ Cir. 1985) (same).

As for appellees' argument that Orders entered by the Oklahoma Supreme Court in 102,346 and 102,813 on January 17, 2006, support a claim of res judicata, collateral estoppel, or law of the case, Appellees' Answer Brief at 6 n.1 (citing Okla. Sup. Ct. R. 1.200(b)(5)), they are sorely mistaken.

The Order entered in 102,346, an appeal taken from the trial court's order approving the sale of real estate, does not purport to decide the issues of standing and subject matter jurisdiction appellant raised in motions he filed on September 19, 2005.⁷ It simply concludes that the issue presented by apellants' motions, two of which the January 17, 2006 Order fails to address, was not properly before the Court on appeal inasmuch as it had not been raised below. Such an order cannot have *res judicata* effect or constitute the "law of the case." *See Brigance v. Velvet Dove Restaurant,* 1988 OK 68, ¶ 19, 756 P.2d 1232, 1 234 (when an appellate court could not properly reach an issue because it was raised for the first time on appeal, its action does not bar further litigation of the issue on remand under the "law of the case" doctrine or *res judicata*).

The Order which the Supreme Court entered in 102,813 on January 17, 2006, also has no binding or preclusive effect because it is an Order entered in a writ proceeding that declines to assume

---

⁷ "An appellate court can take judicial notice of its own records in litigation interconnected with an appeal before it." *Reeves v. Agee,* 1989 OK 25, ¶ 23, n.40, 769 P.2d 745, 756, n. 40.

original jurisdiction. *See Robinson v. State ex rel. Oklahoma Bd of Med. Licensure and Supervision,*

1996 OK 145, 916 P.2d 1390. What the Supreme Court wrote in *Robinson* bears repeating here:

> Appellant's argument that this Court's order declining to assume jurisdiction
> is *res judicata* is not well founded. In *Lowrance v. Patton,* 710 P.2d 108, 110 (Okla.
> 1985), the appellee made the same argument. This Court reiterated its long-standing
> rule that an order declining to assume original jurisdiction is not a decision on the
> merits, is not the law of the case, and is not *res judicata. Lemons v. Lemons,* 238 P.2d
> 790, 794 (Okla. 1951).

916 P.2d at 1392.

Once again appellees could have and should have determined whether their *res judicata*/law-

of-the-case argument was warranted by existing law before advancing arguments which the Supreme

Court has repeatedly rejected for the past fifty-five years.

## PROPOSITION II.

### <u>If a plaintiff lacks standing when a case is filed, no post-filing event or amended pleading can cure that subject matter jurisdiction defect.</u>

Arguments found on pages 16 and 17 of Appellant's Brief in Chief which TCO and Saffa

declined to address in Appellees' Answer Brief, focus on critical aspects of the trial court's subject

matter jurisdiction. Pertinent excerpts from those arguments are quoted below:

> Subject matter jurisdiction is invoked by pleadings filed with the court.
> Likewise, standing, as a jurisdictional doctrine, focuses on the party seeking to get his
> complaint before the court, and *"must exist at the commencement of the litigation."*

> *"The jurisdiction of the lower court depends upon the state of things existing
> at the time the suit was brought."* Therefore, a defect in subject matter jurisdiction
> or standing cannot be cured by post-filing events, such as "reissuance of process,
> passage of time, or pleading amendment."

> Allegations in the petition Saffa filed in PT-2000-21 acknowledge receipt of
> the Instrument Altering Trust which not only *"removed"* Saffa and TCO as co-trustees
> of Mrs. Wallace's Revocable Trust, but also *added* appellant Stephen P. Wallace, his
> sister Mary Roma Wallace Jage, and Bank One as "Successor Co-Trustees."

> Saffa and TCO . . . procure[d] an "agreed" Order in the guardianship proceed-
> ing by fraud. The "agreed" finding in that Order, which *purportedly* nullified the
> Instrument Altering Trust, although not by name, was used to procure an "agreed"

8

Order in PT-2000-21 on May 10, 2000, and a Journal Entry of Final Judgment in that case on March 25, 2002, each of which declares that Saffa and TCO are trustees of Mrs. Wallace's trusts.

(Citations omitted) (emphasis in original). If this Court follows *Sassen,* it will find that appellants have conceded the truth of each of the quoted arguments by silence.

## PROPOSITION III.

### Because Saffa and TCO's standing in PT-2002-56 is based on the void judgment in PT-2000-21, orders entered in PT-2002-56 are also void.

Appellees did not contest any of the arguments, quoted below, which are set out under this subheading on pages 18 and 19 of Appellant's Brief in Chief:

Because the trial court lacked subject matter jurisdiction over PT-2000-21, the Journal Entry of Final Judgment in PT-2000-21 entered in that case on March 25, 2002 is a void judgments and, as such, is no judgment at all. PT-2002-56, the pending action involving Mrs. Wallace's trusts, as a subsequent proceeding based upon a void judgment, is also void.

The principle enunciated in the preceding paragraph in general terms is equally applicable to contempt proceedings. Because the filing of PT-2000-21 by one of two former co-trustees of the LTW Revocable Trust is *"a nullity"* under Oklahoma law, well-settled trust principles, and section 7.08 of the trust instrument and because Saffa and TCO, as *former co-trustees,* lacked "standing" to invoke the district court's subject matter jurisdiction, the Judgment and Sentence for Indirect Contempt of Court entered in PT-2002-56 on November 23, 2004, is also *"a nullity."*

(Citations omitted) (emphasis in original). Here again, under *Sassen,* the truth of these factual and legal contentions should be deemed conceded by silence.

## PROPOSITION IV.

### The Judgment and Sentence for Indirect Contempt of Court imposed against Stephen P. Wallace is void on its face.

The Judgment and Sentence for Indirect Contempt of Court, entered by the district court on November 23, 2004, does not comply with express provisions of 21 Okla.Stat. § 568; therefore, it is void on its face. Appellees conceded as much when they argued that the Court should remand this matter "with instructions to correct any . . . defect in the Judgment and Sentence," if it finds that the

Judgment and Sentence under review does not comply with 21 Okla. Stat. § 568. *See* Appellees'
Answer Brief at 15. Assuming *arguendo* that the trial court could properly correct its omission of the
substance of the alleged offense by amending the Judgment and Sentence on remand, it cannot
"correct" its constitutional defect by amendment – its description of "the contumacious conduct as the
commencement of a lawsuit in the United States District Court for the District of Columbia."
*Compare* Appellees' Answer Brief at 15 *with General Atomic, supra; Donovan v. Dallas, supra.*

## PROPOSITION VI.

### There is no evidence in the record that would support a finding that Wallace's alleged disobedience of the TRO was "willful" within the meaning of 21 Okla. Stat. § 565.

TCO and Saffa did not point to any competent evidence in the record to establish the "will-
fulness" element of the contempt charge lodged against appellant or cite any authority that would
undermine any of the legal arguments quoted below from pages 21 and 22 of Appellant's Brief in
Chief:

> For a jury to have properly found that Wallace was guilty of indirect contempt
> of court, there had to be evidence that he knew of the TRO and its terms *before* he
> filed his civil rights action in Washington, D.C. on April 30, 2004. *"The requirement
> of willfulness contemplates knowledge that one is violating a court order."*
>
> In this case, there is no evidence, much less evidence beyond a reasonable
> doubt, that would support the jury's verdict that Wallace was guilty of indirect
> contempt of court. As complainants and real parties in interest, Saffa and TCO had the
> burden of proving the material allegations of their contempt petition . . . . TCO and
> Saffa clearly failed to carry this burden, particularly as it relates to the "willfulness"
> element of the criminal charges lodged against appellant Stephen P. Wallace.

(Citations omitted) (emphasis in original).

What they did, instead, was to continue to insist that "Mr. Wallace failed to designate the jury
trial transcript." *See* Appellees' Answer Brief at 20. Review of documents submitted in support of
the motion appellant filed on February 22, 2006, demonstrate the contrary to be true.

10

## PROPOSITION VIII

### The district court violated Wallace's right to assistance of counsel guaranteed by the Sixth Amendment of the Federal Constitution.

TCO and Saffa attempt to overcome another constitutional hurdle to their securing the 60-day incarceration of one of the beneficiaries of Mrs. Wallace's trusts, by insisting that appellant's "assertion that the record shows a 'specific request for a continuance, upon learning that the district judge had withdrawn his offer to dismiss the contempt charge against him, so he could secure the assistance of counsel and the trial court's denial of both requests,'" by once again insisting that "Mr. Wallace cites to a transcript *that was not designated* as part of the record on appeal." *See* Appellees' Answer Brief at 29. This matter is addressed on page 5, *supra*. Moreover, the issue of whether the record should be corrected to include the transcript of the jury trial is currently pending before the Supreme Court. *See id.*

## PROPOSITION IX

### Positions taken by TCO and Saffa in their appellate brief demonstrate "hostility" sufficient to warrant their removal as trustees of the Lorice T. Wallace trusts.

The existence of hostility between a trustee and beneficiaries is sufficient ground to justify the beneficiaries in asking for removal of the trustee. *Pipkin v. Pipkin,* 1964 OK 72, 393 P.2d 534, 537; *accord, Cameron v. White,* 1927 OK 293, 262 P. 664, 669 (when interest of trustees is antagonistic to that of beneficiary, they should be removed and proper substitution should be made); *see also Mucci v. Stobbs,* 281 Ill.App.3d 22, 32-33, 666 N.E.2d 59,57 (1996) (removal of trustee/lawyer for settlor was required after income beneficiary filed malpractice suit against lawyer regarding actions as trustee and lawyer for trust; suit gave rise to conflict of interest and precluded trustee/lawyer from fulfilling duty of undivided loyalty to trust and beneficiary); *In re Estate of Hawley,* 183 Ill.App.3d 107, 109, 538 N.E.2d 1220 (1989) (trustee may not place himself in a position where his interests conflict with those of trust beneficiaries). TCO and Saffa's initiating, prosecuting, and insisting on appeal that appellant's conviction of and penal sentence for indirect contempt of court should be affirmed to

11

protect trusts that have continued to "administer" since their removal on March 13, 2000, constitutes

clear and convincing direct evidence of hostility between persons purportedly acting as trustees and

a beneficiary of those trusts. Nothing short of this Court's removal of TCO and Saffa will eliminate

this long-standing conflict of interest.

## CONCLUSION

For the reasons set forth above and in Appellant's Brief in Chief, respondent-appellant Stephen

P. Wallace prays for an Order dismissing PT-2002-56 for lack of subject matter jurisdiction. Assum-

ing *arguendo* that this Court does not reach the jurisdictional issue, appellant submits that the Court

should enter an Order reversing the Judgment and Sentence for Indirect Contempt of Court, discharg-

ing him from any further prosecution on the same unconstitutional charge, and granting him such

further relief as may be appropriate.

Respectfully submitted,

Joan Godlove, OBA No. 10563
2121 South Columbia, Suite 500
Tulsa, Oklahoma 74114-3519
Telephone: (918) 744-0201

Attorney for Respondent-Appellant

12

## CERTIFICATE OF MAILING TO PARTIES

I certify that on this 28th day of February, 2006, true and correct copies of Appellant's Reply Brief were delivered to James C. Milton, 320 S. Boston Avenue, Suite 500, Tulsa, Oklahoma 74103-3725; James E. Poe, 111 West 5th Street, Suite 740, Tulsa, Oklahoma 74103; and the Tulsa County Court Clerk, Tulsa County Courthouse, 500 South Denver Avenue, Tulsa, Oklahoma 74103.

Joan Godlove