# Exhibit "N"

# Memorandum Opinion in Case No. 04-CV-713

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LISA F. WALLACE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-0713 (ESH) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiffs' *pro se* complaint. Although the exact contours of plaintiffs' allegations are unclear and plaintiffs appear to allege treason in some form (Compl. at 12), it is clear that the crux of plaintiffs' complaint relates to the administration of the "Wallace Family $30,000,000 Estate." (Compl. ¶ 3.) 28 U.S.C. § 1391(b) provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[1] Because all defendants do not reside in the same judicial district and a substantial part of the events giving rise to plaintiffs' claims occurred in Oklahoma, venue in the

---

[1] Plaintiffs do not appear to claim that jurisdiction in this case is based solely on diversity, as the complaint indicates that "federal COUNTS . . . invoke this Court's jurisdiction . . . ." (Compl. at 3.)

-1-

District of Columbia is improper. *See Magee v. Frank*, No. 88-889, 1988 WL 117539, at *1 (D.D.C. Oct. 24, 1988).

Plaintiffs name more than 100 defendants including, *inter alia*, federal judges, federal prosecutors, the head of the Federal Bureau of Investigation's Tulsa office, and various lawyers, all based in Tulsa, Oklahoma; officers of Bank One, N.A. who are located in Dallas, Texas; and various heads of federal agencies located in Washington, D.C. Thus, because all of the defendants do not reside in the same state, venue cannot lie in this district under § 1391(b)(1).[2]

Furthermore, plaintiffs claim that they "reside and are held hostage in Tulsa, Oklahoma." (Compl. ¶ 1.) According to the complaint, it appears that all events giving rise to this claim took place in Oklahoma. The only connection to the District of Columbia appears to be plaintiffs' allegation that certain federal officials in Washington, D.C. failed to supervise their Oklahoma staff, whose actions, plaintiffs allege, caused them to lose their property. However, that property is located in Oklahoma. Plaintiffs also make vague allegations about some restraint on plaintiff Lisa Wallace's freedom by "entrapping [her] in a D.H.S. program . . . thus aiding and abetting the criminal conversion of Plaintiffs' persons and Estate." (Compl. ¶ 20; *see also id.* ¶¶ 38, 40,

---

[2] Plaintiffs also sue Ronald J. Saffa, despite an injunction issued by the Bankruptcy Court for the Northern District of Oklahoma preventing plaintiff Stephen P. Wallace from "filing subsequent civil actions against Saffa stating claims that were either settled by [the bankruptcy trustee] or held by Wallace's bankruptcy estate." *Wallace Revocable Trust v. Wallace (In re Wallace)*, No. 02-00073-M, Adv. Proc. 04-1038-M, 2004 WL 1497833, at *2 (Bankr. N.D. Okla. June 23, 2004).

43-44, 49, 56, 58.) However, it appears that any such actions also occurred in Tulsa, Oklahoma.[3] (Compl. ¶ 43.)

In short, venue in the District of Columbia is not appropriate under § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiffs' claim took place in the Northern District of Oklahoma. *See Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (Indiana prisoner's "complaint did not allege a single rule or policy emanating from Washington that had affected his case").[4] Because this claim arises from actions that occurred in Oklahoma and is related to property located in Oklahoma, the Court, in the interest of justice, will transfer this case *sua sponte* to the Northern District of Oklahoma. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Cameron*, 983 F.2d at 257 (transfer under § 1406 to a district where venue was proper).[5]

---

[3] Plaintiffs allege that there was a conspiracy to abandon Lisa Wallace in "a Shreveport, Louisiana institution," but it appears that the alleged conspiracy took place in Tulsa, Oklahoma. (Compl. ¶ 49.)

[4] Moreover, the basis given in plaintiffs' complaint for venue in this Court -- *i.e.*, that "venue is proper in the District of Columbia as all other venues applicable have been totally exhausted" (Compl. at 3) -- simply does not satisfy the requirements of 28 U.S.C. § 1391(b).

[5] Even if venue were appropriate in the District of Columbia, transfer would be warranted under 28 U.S.C. § 1404(a), which permits transfer from one jurisdiction where venue is proper to another. *Comptroller of the Currency v. Calhoun First Nat'l Bank*, 626 F. Supp. 137, 139 (D.D.C. 1985); *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 665 n.3 (D.D.C. 1982) (§ 1404(a) governs transfer when venue is proper in the district where the claim was originally filed). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although *sua sponte* transfer prior to issuance of an order to show cause is ordinarily disfavored in this Circuit, *see Chatman-Bey v. Thornburgh*, 864 F.2d

## CONCLUSION

For the foregoing reasons, the Court will dismiss this case without prejudice. A separate Order accompanies this Memorandum Opinion.

```
            s/
    ELLEN SEGAL HUVELLE
    United States District Judge
```

Date: July 20, 2004

---

804, 814 (D.C. Cir. 1988), such a step is appropriate under "exceptional circumstances." *In re Scott*, 709 F.2d 717, 721 (D.C. Cir. 1983). Such circumstances exist here. Plaintiff Stephen Wallace has already pursued litigation in the Northern District of Oklahoma related to the administration of the Wallace estate. The bankruptcy court described that litigation as follows:

> In a nutshell, Wallace is unhappy with the administration of that estate, unhappy with the fact that he is not receiving money from the same, and blames [defendant] Saffa and anyone else who crosses his path of litigation (including attorneys, political figures, and judicial officers) for his woes.

*Wallace*, 2004 WL 1497833, at *1. In light of that jurisdiction's history with plaintiff Stephen Wallace and his claims, and the fact that plaintiff has named over 100 defendants (but has served only the federal defendants), any step by the Court other than *sua sponte* transfer -- whether issuing an order to show cause or simply waiting for the myriad of defendants to file pleadings objecting to venue would be inefficient, and it would waste the time of all parties. Therefore, transfer would serve both the convenience of the parties and witnesses, as well as the interest of justice. § 1404(a).