# Exhibit "I"

# Petition for Instructions filed on September 11, 2002 in Case No. PT-2002-56, in the District Court of Tulsa County, State of Oklahoma

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

SEP 11 2002

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )
8, 1996, and the Lorice T. Wallace )
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust. )

PT-2002-56

### PETITION FOR INSTRUCTIONS

The Trust Company of Oklahoma, by and through its counsel of record, James C. Milton of Doerner, Saunders, Daniel & Anderson, L.L.P., joined by Ronald J. Saffa, by and through his counsel of record, James E. Poe of Covington & Poe, respectfully submit this Petition for Instructions:

### GENERAL ALLEGATIONS

1. The Petitioners, The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa ("Saffa"), are successor co-trustees of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated by the Restatement of the Lorice T. Wallace Revocable Trust dated December 26, 1974, effective October 5, 1993 ("October 5, 1993 Restatement"), and as amended by Amendment Number One to the Restatement of the Lorice T. Wallace Revocable Trust dated December 26, 1974, executed on February 12, 1998 ("February 12, 1998 Amendment"). In this Petition, this trust will be referred to as "the LTW Revocable Trust." On March 25, 2002, the District Court of Tulsa County entered a Journal Entry of Final Judgment ("March 25, 2002 Journal Entry") declaring the October 5, 1993 Restatement and the February 12, 1998 Amendment to be the controlling instruments of the LTW Revocable Trust. The March 25, 2002 Journal Entry was entered in an action styled as *Petition of Trust Company of Oklahoma and Ronald J. Saffa*, Case No. PT-2000-21, in the District Court of Tulsa County,

1

State of Oklahoma ("Case No. PT-2000-21"). A true and correct copy of the March 25, 2002 Journal Entry is attached to this Petition as Exhibit "A". A true and correct copy of the October 5, 1993 Restatement is attached to this Petition as Exhibit "B". A true and correct copy of the February 12, 1998 Amendment is attached to this Petition as Exhibit "C".

2. The Petitioners, Trust Company and Saffa, serve as successor co-trustees of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996. In this Petition, this trust will be referred to as "the LTW Irrevocable Trust." The March 25, 2002 Journal Entry declared that the Trust Indenture Creating the Lorice T. Wallace Irrevocable Trust, dated February 8, 1996, attached to this Petition as Exhibit "D", is the controlling instrument of the LTW Irrevocable Trust. The March 25, 2002 Journal Entry declared that the LTW Irrevocable Trust is the general partner of the Lorice T. Wallace Family, Limited Partnership ("LTW Family, L.P.").

3. Petitioner Trust Company serves trustee of the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust. In this Petition, this trust will be referred to as "The LTW Life Insurance Trust." The March 25, 2002 Journal Entry declared that the September 11, 1992 instrument entitled "The Lorice T. Wallace Irrevocable Trust," attached to this Petition as Exhibit "E", is the controlling instrument of the LTW Life Insurance Trust.

4. On June 2, 1998, Lorice T. Wallace entered a letter agreement with Trust Company, dated May 19, 1998 ("the May 19, 1998 letter"). A true and correct copy of the May 19, 1998 letter is attached to this Petition as Exhibit "F". The March 25, 2002 Journal Entry declared that the May 19, 1998 letter "is a valid and operative instrument, and controls with respect to the conditions imposed therein by Petitioner The Trust Company of Oklahoma in accepting appointment as successor co-trustee of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust."

5. The March 25, 2002 Journal Entry declared that Trust Company and Mr. Saffa are successor co-trustees of the LTW Revocable Trust and the LTW Irrevocable Trust.

6. The March 25, 2002 Journal Entry declared that Trust Company is trustee of the LTW Life Insurance Trust.

7. Lorice T. Wallace ("Mrs. Wallace"), an incapacitated person, through her limited guardian of the person, Mary Roma Wallace Jage ("Ms. Jage"), is an interested party to the issues raised by this Petition for Instructions. Mrs. Wallace is the settlor of all three trusts. Mrs. Wallace is the sole vested beneficiary of the LTW Revocable Trust and the LTW Irrevocable Trust.

8. Ms. Jage, in her individual capacity, is an interested party to the issues raised by this Petition for Instructions in that she is a vested beneficiary of the LTW Life Insurance Trust. In addition, Ms. Jage is a contingent remainder beneficiary of the LTW Revocable Trust and the LTW Irrevocable Trust.

9. Patricia Wallace Hastings ("Ms. Hastings"), in her individual capacity, is an interested party to the issues raised by this Petition for Instructions. Ms. Hastings is a vested beneficiary of the LTW Life Insurance Trust. In addition, Ms. Hastings is a contingent remainder beneficiary of the LTW Revocable Trust and the LTW Irrevocable Trust.

10. Ms. Hastings, as guardian of Lisa Frances Wallace, is an interested party to the issues raised by this Petition for Instructions in that Lisa Frances Wallace is a contingent remainder beneficiary of the LTW Revocable Trust.

11. Stephen P. Wallace ("Mr. Wallace") is an interested party to the issues raised by this Petition for Instructions. Mr. Wallace is a vested beneficiary of the LTW Life Insurance Trust. In addition, Mr. Wallace is a contingent remainder beneficiary of the LTW Revocable Trust and the LTW Irrevocable Trust.

12. All parties to this action are subject to personal jurisdiction in this Court. Venue is appropriate in this Court pursuant to specific statute. The Court has subject matter jurisdiction pursuant to Okla. Stat. tit. 60, § 175.23 and Okla. Const. art. VII, § 7.

## NATURE OF DISPUTES GIVING RISE TO THIS PETITION

13. The trusts that are the subject of this Petition for Instructions were also the subject of a prior action in which Trust Company and Mr. Saffa sought and obtained instructions regarding these trusts. The prior action resulted in the March 25, 2002 Journal Entry.

14. Subsequent to the entry of the March 25, 2002 Journal Entry, further disputes have developed among the beneficiaries and between the beneficiaries and the trustees. These disputes require judicial resolution pursuant to Okla. Stat. tit. 60, § 175.23.

15. Specifically, on August 8, 2002, Ms. Jage delivered a letter ("the August 8, 2002 letter") to Trust Company and Mr. Saffa, purporting to terminate Trust Company and Mr. Saffa as trustees of the subject trusts, despite the fact that Ms. Jage lacks authority to remove Trust Company and Mr. Saffa with respect to the LTW Irrevocable Trust and the LTW Life Insurance Trust. The August 8, 2002 letter purported to appoint Bank of Oklahoma as trustee of the subject trusts. A true and correct copy of the August 8, 2002 letter is attached as Exhibit "G".

16. By letter dated August 12, 2002 ("the August 12, 2002 letter"), Bank of Oklahoma declined to serve as trustee of the subject trusts. A true and correct copy of the August 12, 2002 letter is attached as Exhibit "H".

17. On August 16, 2002, Mr. Wallace and Ms. Jage filed a Petition ("the August 16, 2002 Petition") against Trust Company and Mr. Wallace, in Case No. CJ-2002-04727, in the District Court of Tulsa County, State of Oklahoma. A true and correct copy of the August 16, 2002 Petition is attached as Exhibit "I".

18.     In the August 16, 2002 Petition, Mr. Wallace and Ms. Jage raise allegations that have been resolved by other courts, in other lawsuits. For example, in their August 16, 2002 Petition, Mr. Wallace and Ms. Jage challenge the disposition of real properties owned by the LTW Family, L.P., despite the fact that the dispositions were approved by the District Court in Case No. PT-2000-21.

19.     Furthermore, in the August 16, 2002 Petition, Mr. Wallace alleges that he has been provided insufficient information in response to his demands for information regarding the LTW Family, L.P., despite the fact that the issue of Trust Company's provision of information regarding the LTW Family, L.P. has previously been presented to the District Court in Case No. PT-2000-21 as well as the United States Bankruptcy Court for the Northern District of Oklahoma in *In re Stephen P. Wallace*, Case No. 02-00073-M.

20.     Furthermore, in the August 16, 2002 Petition, Mr. Wallace and Ms. Jage allege that a "history of litigation" "conferred no benefit" on the subject trusts, despite the fact that Ms. Jage joined Trust Company and Mr. Saffa in their requests for relief in Case No. PT-2000-21.

21.     Furthermore, in the August 16, 2002 Petition, Mr. Wallace and Ms. Jage challenge provisions of the controlling instruments of the trusts and the May 19, 1998 letter, authorizing the payment of attorney fees expended on behalf of the trustees. This challenge appears to be an attack on the validity of the controlling instruments that were judicially determined by the District Court of Tulsa County in the March 25, 2002 Journal Entry. As a result, Trust Company and Mr. Saffa will require instructions from the Court regarding whether this challenge invokes the requirements of the no-contest provisions of the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust. Furthermore, this challenge has already been resolved in prior litigation because the validity of the controlling instruments and the May 19, 1998 letter was conclusively resolved by the March 25, 2002

Journal Entry. Furthermore, Ms. Jage joined Trust Company and Mr. Saffa in their requests for shifting of the expense of the attorney fees to Mr. Wallace's share of the LTW Revocable Trust. Ms. Jage reviewed attorney-fee billing statements during the course of litigation in Case No. PT-2000-21, pointing out typographical errors in the billing statements, but failed to raise a challenge to the authority of Trust Company and Mr. Saffa to pay such attorney fees as trustees of the trusts. Finally, Mr. Wallace challenged the expenditure of attorney fees pursuant to the controlling instruments and the May 19, 1998 letter during the litigation in Case No. PT-2000-21, but dismissed all of his claims in that litigation on the eve of trial.

22. Trust Company and Mr. Saffa continue to incur attorney fees in their capacity as trustees of the subject trusts. Due to the challenge contained in the August 16, 2002 Petition, Trust Company and Mr. Saffa request that the Court provide instructions regarding an appropriate procedure for payment of all accrued and future attorney fees incurred by the trustees.

23. In addition, Trust Company and Mr. Saffa have received an application filed in Case No. PT-2000-21 by Ms. Jage's prior attorneys, Boone, Smith, Davis, Hurst & Dickman ("Boone Smith"), requesting compensation for attorney fees incurred in representation of Ms. Jage. Mr. Wallace has objected to the application. Among other arguments, Mr. Wallace argues that the District Court of Tulsa County in Case No. PT-2000-21 has no jurisdiction to address the application by Boone Smith. Boone Smith has filed a notice of attorney's lien, seeking to attach to disbursements to Ms. Jage. Trust Company and Mr. Saffa have been ordered to make regular disbursements to Ms. Jage as compensation for Ms. Jage's service as limited guardian of the person of Lorice T. Wallace. As a result, Trust Company and Mr. Saffa require instructions regarding the proper method of resolving the dispute regarding compensation to Boone Smith and Ms. Jage.

24. Furthermore, in the August 16, 2002 Petition, Mr. Wallace and Ms. Jage allege that Trust Company and Mr. Saffa "persuaded Lorice T. Wallace to restrict a portion of a gift that Lorice T. Wallace wanted to make equally to her children," by restricting Mr. Wallace's "share of the gift" "to reimbursement of mental health expenses." This claim has been resolved in prior litigation because testimony was taken by Mr. Wallace's own attorney, on examination of Lorice T. Wallace in her guardianship proceeding, regarding Mrs. Wallace's decision to impose the restriction on her gift to Mr. Wallace. Furthermore, in her capacity as limited guardian of the person of Mrs. Wallace, Ms. Jage directed Trust Company to notify Mr. Wallace of the availability of the gift with the imposed restriction. Finally, the challenge is moot because, in her capacity as limited guardian of the person of Mrs. Wallace, Ms. Jage subsequently directed Trust Company to lift the restriction on the gift to Mr. Wallace, resulting in the payment of the gift funds to Mr. Wallace.

25. Furthermore, in the August 16, 2002 Petition, Mr. Wallace and Ms. Jage request that Trust Company and Mr. Saffa be disqualified from serving as trustees of the subject trusts for various reasons. This claim has been resolved in prior litigation because, in Case No. PT-2000-21, Mr. Wallace requested the same relief but dismissed his claims on the eve of trial.

26. Furthermore, in the August 16, 2002 Petition, Mr. Wallace and Ms. Jage request a certified audit of the subject trusts, despite the fact that Mr. Wallace has repeatedly requested such a "certified audit" in multiple pleadings filed in multiple courts without a single court directing such relief in his favor.

27. Trust Company and Mr. Saffa require instructions regarding whether attorney fees incurred in connection with their defense against the August 16, 2002 Petition invoke the fee-shifting provisions identified in paragraphs 13 and 14, page 3, of the March 25, 2002 Journal Entry, and if so, how such attorney fees should be allocated.

contained in the August 21, 2002 letter are directly inconsistent with the controlling instruments that were judicially determined by the District Court of Tulsa County in the March 25, 2002 Journal Entry, and may amount to an attack on the validity of the instruments. As a result, Trust Company and Mr. Saffa will require instructions from the Court regarding whether the August 21, 2002 letter invokes the requirements of the no-contest provisions of the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust.

30.     On August 23, 2002, Ms. Jage delivered another letter to Trust Company and Mr. Saffa ("the August 23, 2002 letter"). A true and correct copy of the August 23, 2002 letter is attached to this Petition for Instructions as Exhibit "L". In the August 23, 2002 letter, Ms. Jage again purported to remove Trust Company and Mr. Saffa as trustees of the LTW Revocable Trust. Furthermore, Ms. Jage requested Trust Company and Mr. Saffa to resign as trustees of the LTW Irrevocable Trust and the LTW Life Insurance Trust. Ms. Jage identified Heritage Trust Company as the successor trustee of the subject trusts. Trust Company has since learned from Robert L. Mitchell, one of the attorneys working for Mr. Wallace, that Heritage Trust Company has indicated an intention to decline to serve as trustee of the subject trusts.

31.     In the August 23, 2002 letter, Ms. Jage suggested or requested that Trust Company and Mr. Saffa provide Mr. Wallace with the records of the subject trusts. Prior to the August 23, 2002 letter, Ms. Jage had made no such request as limited guardian of the person of Mrs. Wallace. Trust Company requires the Court's instructions regarding whether the requested records of the subject trusts should be made available to Mr. Wallace pursuant to Ms. Jage's apparent direction.

32.     Prior to the entry of the March 25, 2002 Journal Entry, Mr. Wallace exhibited a tendency to represent himself as trustee of the subject trusts and the LTW Family, L.P., in an apparent effort to accomplish a "self help" removal of Trust Company and Mr. Saffa as trustees

9

of the subject trusts. This tendency caused Trust Company and Mr. Saffa to be concerned that Mr. Wallace should not be provided with information regarding the assets of the subject trusts, particularly in light of the provisions of the controlling documents that provided no right of inspection to Mr. Wallace, as a contingent remainder beneficiary of the LTW Revocable Trust and the LTW Irrevocable Trust. Now that the March 25, 2002 Journal Entry has been entered, the risk of such wrongful conduct by Mr. Wallace may be diminished. Furthermore, the March 25, 2002 Journal Entry would be supportive of a further order restraining Mr. Wallace from taking any such "self help" actions or otherwise misusing the records of the subject trusts.

33. Thus, with the imposition of appropriate restrictions on Mr. Wallace's conduct, Trust Company and Mr. Saffa believe that provision of records of the subject trusts to Mr. Wallace could be accomplished pursuant to Ms. Jage's direction.

34. Furthermore, Trust Company and Mr. Saffa have received a request by Patrick J. Malloy III, the Chapter 7 bankruptcy trustee of the bankruptcy estate of Stephen P. Wallace, for access to the records of the subject trusts. Trust Company requires the Court's instructions regarding whether the requested records of the subject trusts should be made available to Mr. Wallace pursuant to Ms. Jage's apparent direction.

35. Trust Company and Mr. Saffa believe that Mr. Malloy's request for access to the records of the subject trusts is in connection with Mr. Malloy's evaluation of the many claims asserted by Mr. Wallace against Trust Company and Mr. Saffa. As bankruptcy trustee, Mr. Malloy is charged with evaluating and disposing of such claims. Trust Company and Mr. Saffa believe that such disclosure would be in the best interest of the subject trusts because the disclosure will have the effect of resolving many of the claims that Mr. Wallace has asserted against the trustees.

36. Furthermore, in order to provide for an orderly resolution of future disputes of a similar nature, the Petitioners seek, with this Petition for Instructions, an order from the Court retaining continuing jurisdiction over the administration of the trusts.

## REQUESTED RELIEF

37. For the above reasons, the Petitioners respectfully request instructions regarding and a declaratory judgment determining the effect of the August 8, 2002 letter.

38. The Petitioners further request instructions regarding and a declaratory judgment resolving the claims asserted by Mr. Wallace and Ms. Jage in their August 16, 2002 Petition.

39. The Petitioners further request instructions regarding and a declaratory judgment determining whether the August 16, 2002 Petition or claims contained therein invoke the requirements of the no-contest provisions of the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust.

40. The Petitioners further request instructions regarding and a declaratory judgment determining an appropriate procedure for payment of all accrued and future attorney fees incurred by the trustees.

41. The Petitioners further request instructions regarding and a declaratory judgment determining whether Trust Company should pay the fee request by Ms. Jage's prior attorneys, Boone, Smith, Davis, Hurst & Dickman, and determining the impact of an attorney's-lien notice filed by Boone Smith.

42. The Petitioners further request instructions regarding and a declaratory judgment determining the effect of the Wallace Family Declaration of Independence.

43. The Petitioners further request instructions regarding and a declaratory judgment determining whether the Wallace Family Declaration of Independence or statements contained

therein invoke the requirements of the no-contest provisions of the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust.

44. The Petitioners further request instructions regarding and a declaratory judgment determining the effect of the August 21, 2002 letter.

45. The Petitioners further request instructions regarding and a declaratory judgment determining whether the August 21, 2002 letter or statements contained therein invoke the requirements of the no-contest provisions of the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust.

46. The Petitioners further request instructions regarding and a declaratory judgment determining the effect of the August 23, 2002 letter.

47. The Petitioners further request instructions regarding and a declaratory judgment determining whether the records of the LTW Revocable Trust and the LTW Irrevocable Trust should be made available to Mr. Wallace pursuant to Ms. Jage's apparent direction.

48. The Petitioners further request instructions regarding and a declaratory judgment determining appropriate restrictions to place on Mr. Wallace's use of the records of the LTW Revocable Trust and the LTW Irrevocable Trust.

49. The Petitioners further request instructions regarding and a declaratory judgment determining whether the records of the LTW Revocable Trust and the LTW Irrevocable Trust should be made available to Patrick J. Malloy III, as Chapter 7 bankruptcy trustee of the bankruptcy estate of Stephen P. Wallace.

50. The Petitioners further request that the Court accept continuing jurisdiction and supervision of the administration of the LTW Revocable Trust, the LTW Irrevocable Trust, and the LTW Life Insurance Trust for the purpose of providing an orderly resolution of future disputes of the nature set forth above, or similar nature.

51. For the foregoing reasons, the Petitioners seek instructions and directions of the Court as to their duties and responsibilities under and in accordance with the various trust instruments governing the LTW Revocable Trust, the LTW Irrevocable Trust, and the LTW Life Insurance Trust, and further request continuing jurisdiction and supervision of the administration of said trusts pursuant to Okla. Stat. tit. 60, § 175.23.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: /s/ James C. Milton
James C. Milton, OBA No. 16697
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
918-582-1211; fax 918-591-5362

Attorneys for Petitioner The Trust Company of Oklahoma

James E. Poe, OBA No. 7198
COVINGTON & POE
111 West 5th, Ste. 740
Tulsa, Oklahoma 74103
918-585-5537

Attorneys for Petitioner Ronald J. Saffa

10. The document identified at trial as Petitioners' Joint Exhibit 18 is the controlling instrument of the Lorice T. Wallace Irrevocable Trust.

11. The document identified at trial as Petitioners' Joint Exhibit 38 is a valid and operative instrument, and controls with respect to the conditions imposed therein by Petitioner The Trust Company of Oklahoma in accepting appointment as successor co-trustee of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust.

12. The Court declines to find that Respondent Stephen P. Wallace has violated the no-contest or forfeiture provisions of the controlling instruments of the Lorice T. Wallace Revocable Trust, the Lorice T. Wallace Irrevocable Trust, or the Lorice T. Wallace Life Insurance Trust.

13. The fee-shifting provision contained in Petitioners' Joint Exhibit 16 is enforceable, as more fully set forth in the transcript of the Court's ruling from the bench.

14. The fee-shifting provision contained in Petitioners' Joint Exhibit 38 is enforceable, as more fully set forth in the transcript of the Court's ruling from the bench.

15. The parties may present further evidence on the loss, damage, legal fees, or other costs that should be charged against Respondent Stephen P. Wallace's interests in the Lorice T. Wallace Revocable Trust, the Lorice T. Wallace Irrevocable Trust, or the Lorice T. Wallace Family, Limited Partnership, pursuant to these fee-shifting provisions.

16. Such further evidence shall be presented to the Court in the form of fee applications, to be filed with the Court no later than April 26, 2002.

17. Mr. Wallace's Motion of 3/19/02 for Stay of Journal Entry of Judgment in PT-2000-21 is denied.

IT IS SO ORDERED.

Dated this 25th day of March, 2002.

_____
DISTRICT JUDGE GREGORY K. FRIZZELL

3

10/5/93

EXHIBIT A

## RESTATEMENT OF TRUST AGREEMENT

Between

LORICE T. WALLACE

Grantor

and

LORICE T. WALLACE

Trustee

Restatement of the

THE LORICE T. WALLACE REVOCABLE TRUST
Dated December 26, 1974

Effective Date of Restatement: October 5, 1993

Prepared by:

Ronald J. Saffa
Morrel, West, Saffa, Craige & Hicks, Inc.
Attorneys at Law
5310 East 31st Street
Suite 900, City Plaza West
Tulsa, Oklahoma 74135
(918) 664-0800

EXHIBIT B



EXHIBIT 15

TRUST 736

# TRUST AGREEMENT

THIS AGREEMENT, hereby made and entered into this 5th day of October, 1993, by and between LORICE T. WALLACE, hereinafter referred to as "Grantor", and LORICE T. WALLACE, hereinafter referred to as "Trustee":

## WITNESSETH:

WHEREAS, the Grantor heretofore established a Trust effective December 26, 1974, (hereinafter called the "Effective Date") known as THE LORICE T. WALLACE REVOCABLE TRUST (herein referred to as the "instrument"); and

WHEREAS, under the terms of the instrument, the Grantor has the ability to amend the instrument.

NOW, THEREFORE, effective October 5, 1993, except as otherwise provided, Grantor and the Trustee in accordance with the provisions of the instrument pertaining to amendments thereof, hereby amend the instrument in its entirety and restate the instrument to provide as follows:

## ARTICLE 1

## INTRODUCTORY PROVISIONS

    1.01. <u>Contents</u>. This instrument is divided into thirteen (13) Articles beginning with this Article.

    1.02. <u>Title</u>. This instrument shall be known as THE LORICE T. WALLACE REVOCABLE TRUST (hereinafter referred to as the "Trust") for all purposes.

    1.03. <u>Identification and Survivorship Presumptions</u>. The following references shall be used in the instrument:

        A.    Grantor hereby declares that she is single.

        B.    The Grantor's children born of a previous marriage, are STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and LISA FRANCES WALLACE.

1

## TABLE OF CONTENTS

ARTICLE 1: INTRODUCTORY PROVISIONS

    .01    Contents
    .02    Title
    .03    Identification and Survivorship Presumptions
    .04    Local Law

ARTICLE 2: AMENDMENT and REVOCATION of TRUST

    .01    Amendment and Revocation
    .02    Rights Personal

ARTICLE 3: RIGHTS RESERVED BY THE GRANTOR OF THE TRUST

    .01    Additions By Grantor
    .02    Additions By Others
    .03    Life Insurance
    .04    Successor Trustee
    .05    Removal of Trustee
    .06    Trusteeship Vacant
    .07    Transactions With Others
    .08    Payment of Taxes and Other Expenses

ARTICLE 4: DISTRIBUTION OF INCOME AND PRINCIPAL

    .01    Distribution During Grantor's Lifetime

ARTICLE 5: TERMINATION OF TRUST

ARTICLE 6: MINORITY AND INCAPACITY OF BENEFICIARIES

    .01    Minor Beneficiaries
    .02    Making Trust Distributions
    .03    Institutionalized Beneficiaries

ARTICLE 7: POWERS OF THE TRUSTEE

    .01    In General
    .02    Principal and Income
    .03    Trust Unfunded
    .04    Use of Agency Accounts
    .05    Consolidation of Trust Shares
    .06    Provisions of Trust Control
    .07    Tax Elections
    .08    Division of Duties Between Co-Trustees

...

    .09    Ancillary Proceedings
    .10    Fiduciary Capacity
    .11    Liability of Trustee

ARTICLE 8: COMPENSATION OF THE TRUSTEE

    .01    Reasonable Fees
    .02    Expense Reimbursement

ARTICLE 9: SUCCESSOR TRUSTEES

    .01    Default of Prior Trustee
    .02    Merger
    .03    Trustee's Account Upon Removal
    .04    Continuity
    .05    Resignation
    .06    Ineligibility to Serve as Trustee
    .07    Incapacity of Individual Trustee
    .08    Co-Trustee Ceases to Serve

ARTICLE 10: ACCOUNTS AND STATEMENTS

    .01    Regular Reports to Beneficiaries
    .02    Inspection
    .03    Final Account

ARTICLE 11: DEFINITIONS AND MISCELLANEOUS PROVISIONS

    .01    Definitions
    .02    Pronouns
    .03    Applicable Law
    .04    Captions
    .05    Invalid Provisions
    .06    Agreement Binding on Estates and Successors
    .07    Death of a Beneficiary
    .08    Trustee to Serve Without Bond or Court Supervision
    .09    Certified Copies
    .10    Transactions With Trustee
    .11    Education
    .12    Perpetuities Provision

ARTICLE 12: SPENDTHRIFT AND SEPARATE PROPERTY PROVISIONS

    .01    Separate Property
    .02    Spendthrift

ARTICLE 13: EXECUTION

C. Grantor has no other child or children, natural or adopted, and no child or children of a deceased child or children, natural or adopted. STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE and PATRICIA WALLACE HASTINGS are referred to herein as my "children". The word "children" shall not be construed to include LISA FRANCES WALLACE. Grantor has made other provisions for LISA FRANCES WALLACE under the terms of this Trust.

Grantor intentionally omits any provisions for any persons for whom no provisions have been made in this Trust. This intention to omit specifically includes, but is not limited to, any child and the issue of any deceased child. It is Grantor's intent that her property shall be distributed as provided in this Trust and to no others.

If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist.

D. The words "lineal descendants" and other words of similar import, as used herein, shall be construed to include not only such children but also the lineal descendants of such children, whether born prior to or after execution of this instrument. The subsequent adoption of a child by a lineal descendant of the Grantor, whether such lineal descendant be by birth or adoption shall not cause such lineal descendant to be excluded from the class of persons who are described herein as the Grantor's lineal descendants. A child conceived but yet unborn shall be regarded for purposes of this instrument as though such child were then living, but only if such child survives birth.

E. For the purposes of this Trust, a person shall not be deemed to survive Grantor's death if such person dies within thirty (30) days of Grantor's death. Also, for purposes of this Trust, if any person's claim to a share of the Trust Estate is dependent upon his surviving another person, the claimant shall not be deemed to survive that other person if the claimant dies within thirty (30) days of that other person.

1.04. <u>Local Law</u>. All references to "local law" shall refer to the legislative enactments of the State of Oklahoma.

2

TRUST 740

## ARTICLE 2

### AMENDMENT AND REVOCATION OF TRUST

2.01. **Amendment and Revocation.** Grantor may, during her lifetime, revoke, terminate, amend or modify this Trust in whole or in part. Any permitted amendment, modification, revocation or termination shall be exercised by written inter vivos instrument (and not by Will) which shall be effective immediately upon delivery to the Trustee, except that changes with respect to the Trustee's duties, liabilities, or compensation shall not be effective without the Trustee's written consent.

Upon revocation of the Trust, the Trustee shall promptly pay or transfer to the Grantor exercising such power of revocation, or to Grantor's designee, such portion or all of the Separate Estate of such person as he or she shall demand.

Upon the death of Grantor, this Trust shall become irrevocable and may not thereafter be amended, modified, revoked, or terminated except as provided herein.

2.02. **Rights Personal.** This right of revocation and all other rights reserved herein to Grantor and the rights given to other persons by this instrument are personal to the person to whom they are reserved or given and may not be exercised by a legal guardian, conservator, attorney-in-fact, or other personal representative, except as provided herein.

## ARTICLE 3

### RIGHTS RESERVED BY THE GRANTOR OF THE TRUST

3.01. **Additions by Grantor.** Grantor reserves the right during Grantor's lifetime to add money or other property, real or personal, to the Trust Estate, or to any particular fund, share or portion thereof held hereunder by instruments, or to add such property by the terms of the Last Will and Testament of Grantor.

3.02. **Additions by Others.** Grantor also reserves to any other person (including Trustees of other Trusts) the right, from time to time, whether before or after Grantor's death, to add money or other property, both real or personal, to the Trust Estate, or to any particular fund, share or portion thereof, either by Last Will and Testament, or with the consent of the Trustee by inter vivos transfer, such property to be thereafter held, managed, and disposed of in accordance with the terms and provisions of this instrument.

3.03. **Life Insurance.** The Grantor retains during Grantor's lifetime all rights under the insurance policies payable to the Trustee, including the right to change the beneficiaries, and the Grantor may assign any policies to any lender, including any Trustee, as security for any loan. The rights of the assignee of any policy shall be superior to the rights of the Trustee. If any

3

TRUST 741