policy is surrendered, or if the beneficiary of any policy is changed, this Trust shall be revoked with respect to them, but no such revocation shall be effective unless the surrender or change of beneficiary of the policy is accepted by the insurance company.

3.04. <u>Successor Trustee</u>. After the death of the Grantor, or in the event Grantor becomes incapacitated, mentally or physically, RONALD J. SAFFA and THE TRUST COMPANY OF OKLAHOMA shall serve as Trustees. In the event said RONALD J. SAFFA fails to qualify or ceases to serve for any reason, I nominate and appoint the TRUST COMPANY OF OKLAHOMA OF TULSA as sole Trustee to serve without bond.

3.05. <u>Removal of Trustee</u>. Any Trustee may be removed as a trustee of any Trust created hereunder by a 75% majority in interest of those beneficiaries entitled to receive distributions of income from the Trust as to which removal is sought regardless of whether such income distributions are absolute or in the discretion of the Trustee. The right of removal may be exercised by adult beneficiaries, by the legally appointed guardians of the person of any beneficiaries who may not have attained the age of majority at the time of exercise of the right of removal or by the legally appointed guardians or conservators of any adult beneficiaries. Such removal may be with or without cause and without necessity of court proceedings upon giving thirty (30) days written notice to such Trustee, and upon the succession to office of a successor Trustee. The successor Trustee shall either be a Trust company or a national banking association with trust powers which shall have been qualified to engage in the trust business for at least five (5) years immediately prior to such appointment and which shall have administered trust assets of at least TWO HUNDRED MILLION DOLLARS ($200,000,000.00) or more, and which neither the Grantor nor any beneficiary hereof owns at the time of such appointment, directly or indirectly, in excess of five percent (5%) of the value of the stock of such trust company or national banking association.

3.06. <u>Trusteeship Vacant</u>. If the Trusteeship shall become vacant for any reason and the vacancy is not filled pursuant to another provision in this instrument, the Successor Trustee shall be a corporation administering trust assets of at least TWO HUNDRED MILLION DOLLARS ($200,000.00) or more, authorized under the laws of the United States or of any State, to administer Trusts, and agreed upon and approved by the beneficiaries at the time of appointment, of at least a majority of the current income. In the event any or all of the beneficiaries are minors, said power shall be executed by his or her legal or natural guardian.

3.07. <u>Transactions With Others</u>. The Trustee is specifically authorized to enter into any transaction on behalf of any Trust created herein with (a) the Executor or Administrator of the estate of the Grantor; (b) the Trustee of any other Trust created by the Grantor during his or her lifetime or as a part of Grantor's Last Will and Testament; (c) any business corporation or trust controlled by any beneficiary or Trustee under this instrument of which any such beneficiary or Trustee, or any director, officer, or employee of any corporate Trustee, is also a director, officer, or employee; or (d) any beneficiary or Trustee under this instrument acting individually. In any such transaction, the Trustee is authorized to sell or purchase any item of property, and to lend funds upon such terms, at such rates of interest, upon such security, and for such times as the

4

Trustee in the Trustee's absolute discretion may deem proper; and to retain any property or Note with the same freedom as if it had been an original part of the Trust Estate.

3.08. <u>Payment of Taxes and Other Expenses</u>. The Trustee, in the Trustee's sole discretion, may pay from the Trust Estate all or any portion of any legacy, succession, inheritance, transfer, estate and other death tax or duty or any one or more of them, levied or assessed against the estate of the Grantor, if there be more than one (including any and all interest and penalties thereon). In addition, to the extent that the Trustee, in the Trustee's sole discretion, deems it advisable for the best interests of Grantor's family as a whole, the Trustee may pay all or a portion of the following expenses arising out of the death of the Grantor:

    A. Funeral expenses;

    B. Claims allowed against each such estate; and

    C. Expenses of administering each such estate.

However, the Trustee has no legal obligation to make any of the payments described in this Paragraph. Moreover, to the extent United States Treasury Bonds redeemable at par in payment of Federal estate taxes are available to the Executor or Administrator of the estate of a person eligible for distributions under this Paragraph, then before any payments are made pursuant to this Paragraph for such purpose, so much of such tax must be first paid by the use of such bonds.

Furthermore, none of the payments authorized here may be made from any distribution or the proceeds thereof received from any pension, profit-sharing or other plan or trust fund qualified under Sections 401 and 501 of the Internal Revenue Code of 1954, as amended, or corresponding provisions of applicable revenue laws, for special tax treatment or from any death benefits paid by an employer and not includable in the employee's gross estate.

Nor may any of the assets described in the preceding sentence be used to benefit the estate of the employee in any way whatever, including but not limited to the ways described above, but such assets shall be segregated until such time as all of the death taxes on the employee's estate are paid in full so that under no circumstances may such assets be used for the payment of such death taxes, nor may any debts of the employee, administration expenses of the employee's estate, or any of the employee's funeral expenses be paid therefrom.

Payments permitted by this Paragraph for the benefit of the estate of the Grantor may be made to Grantor's estate or directly to those to whom Grantor's estate is indebted and the Trustee may rely exclusively upon the written representations of Grantor's Executor regarding the amounts due and the identity of those persons entitled to such payments.

The payments made pursuant to this Paragraph shall be charged to that portion of the property allocated to the Trust which is includable in the gross estate of the person for whose

5

benefit the payments were made without apportionment or charge against any beneficiary of the Trust Estate.

## ARTICLE 4

## DISTRIBUTION OF INCOME AND PRINCIPAL

4.01. <u>Distribution During Grantor's Lifetime</u>. While the Grantor is living, whenever the Trust Estate consists of property other than life insurance policies, the Trust Estate shall be held, managed and distributed as follows:

> During the lifetime of Grantor, Trustee shall distribute so much of the income and/or corpus, as Grantor shall direct, to Grantor. If Grantor is unable to direct distribution, Trustee is directed, in Trustee's sole discretion, to distribute so much of the income and/or corpus as is necessary for the maintenance, care, support, comfort, happiness, welfare, and the medical care of Grantor, taking into consideration other assets of Grantor and the standard of living to which Grantor has been accustomed.

## ARTICLE 5

## TERMINATION OF TRUST

5.01. Upon the death of the Grantor, the Trust Estate shall be held and disposed of as follows:

> A. The Trustee or Trustees shall distribute the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to HOLY ANGELS SCHOOL CHARITABLE ENDOWMENT FUND in the City of Shreveport, Louisiana.
>
> B. In the event that Grantor's daughter, LISA FRANCES WALLACE, survives the Grantor, the Trustee shall set aside the sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) for her use and benefit. If LISA FRANCES WALLACE fails to survive the Grantor, or upon her subsequent death, any and all monies remaining in said fund shall be divided, in equal shares, among Grantor's children, to be held and disposed of pursuant to paragraph D of this Section 5.01. It is the intention that the Trustee use its discretion in the disbursement of funds from this Trust to satisfy those non-medical needs. This Trust shall not displace any source of income otherwise available to LISA FRANCIS WALLACE for her basic support (such as food and shelter), including any

6

governmental assistance program to which the beneficiary is or may be entitled. This Trust is not intended to be a resource of LISA FRANCES WALLACE. It is intended to be a discretionary spendthrift Trust created for non-support purposes. No part of the corpus of this Trust shall be used to supplant or replace any public assistance benefits received by or through any county, state, federal or other governmental agency.

To the extent that the benefits are not made available to LISA FRANCES WALLACE for other than basic living expenses, including food and shelter, the Trustee may disburse income and principal from the Trust estate to or for the benefit of LISA FRANCES WALLACE'S needs other than for her basic support and medical needs. The primary purpose of this Trust is to furnish LISA FRANCES WALLACE during her lifetime with the non-medical equipment, care, education, training, rehabilitation, entertainment, transportation or assistance which she will need to assure her of as natural and pleasant life as is possible in her condition. The Trustee may in its discretion provide medical care only if LISA FRANCES WALLACE ceases to or does not for any reason, qualify for such under any medical assistance program. The Trustee's discretion is absolute, full and complete with regard to disbursements from the Trust estate, and shall be binding on all interested persons.

Grantor respectfully requests that visitation rights to LISA FRANCES WALLACE be determined by PATRICIA WALLACE HASTINGS and MARY ROMA WALLACE JAGE.

C. Upon the death of Grantor, or as soon thereafter as is practicable, there shall be distributed to the Trustee appointed and acting as Trustee, immediately following the death of Grantor, the items listed in a letter dated from time to time, addressed to the Trustee of this Trust; said items to be distributed by said Trustee in accordance with the terms of said letter. The remainder of Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of distributed to Grantor's children, in equal shares, without restriction; provided, however, should any of my children fail to survive Grantor, then and in such event, such deceased child's share shall be distributed *per stirpes* to her surviving issue, if any.

D. The Trustee shall divide the remaining Trust Estate so that there is one Trust for each of the Grantor's children then living and one Trust for each of Grantor's deceased children who have then living lineal descendants. The Trusts shall be held and disposed of as follows:

7

1. For each Trust set aside for a living child:

   a. The Trustee shall pay all of the net income of the separate Trusts to the respective beneficiaries thereof at least as often as quarter-annually.

   b. Whenever the Trustee determine that the income of any said child of the Grantor from all sources known to the Trustee is not sufficient for said child's health, maintenance, support and education and that of his or her immediate family, the Trustee may pay to him or her, or use for his or her benefit, so much of the principal of his or her Trust as the Trustee determines to be required for those purposes.

   c. Whenever any of the Grantor's said children for whom a Trust has been apportioned shall attain the age of fifty (50) years, such beneficiary may at any time, by written request to the Trustee, withdraw up to one-third (1/3) of the principal of such Trust. Upon attaining the age of fifty-five (55) years, such beneficiary may at any time, by written request to the Trustee, withdraw up to an additional one-third (1/3) of the principal of such Trust. Upon attaining the age of sixty (60) years, such beneficiary may at any time, by written request to the Trustee, withdraw up to the entire balance of the principal of such Trust. The Trustee or Trustees can delay the distribution of any assets if the assets consist of real property and the Trustee determines the property should be sold and the proceeds be distributed to the beneficiaries rather than an undivided interest in real estate. The Trustee or Trustees shall have reasonable time to sell the property.

   d. Each share set aside for a deceased child shall be distributed to that child's then living lineal descendants *per stirpes*, pursuant to the terms and provisions of Section 5.03 of this instrument.

5.02. Upon the death of a child after a Separate Trust has been established pursuant to Section 5.01, the Trustees shall distribute said deceased child's Trust, as then constituted, as follows:

   A. To said deceased child's then living lineal descendants, pursuant to Section 5.03;

   B. If there are no persons who can qualify under 5.02. A, to the Grantor's other said children, pursuant to Section 5.01.D.

8

TRUST 746

5.03. Each share set aside for a deceased child shall be continued in Trust for the benefit of or distributed to that child's then living lineal descendants *per stirpes*, in the following manner:

A. The Trustees shall pay all of the net income of said separate Trusts to the indicated beneficiaries thereof, at least as often as quarter-annually.

B. Whenever the Trustees determine that the income of such beneficiary, from all sources known to the Trustees, is not sufficient for said child's health, maintenance, support and education and that of his or her immediate family, the Trustees may pay to him or her, or use for his or her benefit, so much of the principal of his or her Trust as the Trustees determine to be required for those purposes.

C. Whenever such beneficiary shall attain the age of twenty-five (25) years, said beneficiary may at any time, by written request to the Trustees, withdraw up to one-third (1/3) of the principal of such Trust. Upon attaining the age of thirty (30) years, said beneficiary may at any time, by written request to the Trustees, withdraw up to an additional one-third (1/3) of the principal of such Trust. Upon attaining the age of thirty-five (35) years, said beneficiary may at any time, by written request to the Trustees, withdraw up to the entire balance of the principal of such Trust.

5.04. Upon the death of a grandchild (beneficiary) after a Separate Trust has been established pursuant to Section 5.03, the principal and undistributed income shall be used to pay any Federal and State estate or inheritance taxes due by reason of the inclusion of such Trust in the taxable estate of such beneficiary, and the balance shall be distributed, or continued in Trust pursuant to paragraph 6.01, to the heirs at law of such beneficiary as though such beneficiary had died single and intestate under the laws of the State of Oklahoma on the date of such beneficiary's death. If there are no persons who can qualify under this provision, then to Grantor's other grandchildren pursuant to section 5.03.

5.05. In the event no person survives the Grantor who can qualify as a beneficiary under the terms of the above provisions relating to this Trust, or in the event such beneficiary survives but dies prior to the time distribution of his or her share of the Trust is made, leaving no individual surviving who can qualify as beneficiary under the terms of the provisions relating to this Trust, then this Trust shall terminate and all of the assets of said Trust, including any accumulated, undistributed income thereof, shall be distributed to the heirs-at-law of the Grantor, as determined under the Statutes of Descent and Distribution of the State of Oklahoma then in effect.

5.06. Notwithstanding any other provision to the contrary, if at any time after the death of the Grantor there is in existence a Trust created by the Grantor for the benefit of the Grantor's lineal descendants which contains terms and conditions substantially identical to those set forth herein, the Trustees may add (pour over) the property then comprising the Trust Estate to that

9

Trust to be held, managed and disposed of as an integral part of that Trust, or, alternatively, merge the Trusts. The decision of the Trustees shall be final and binding upon all interested parties and distribution of Trust Funds in the manner herein provided shall relieve the Trustees of any further responsibility with respect to such property.

5.07. Notwithstanding any other provision contained herein, the Trustee may terminate any Trust created hereunder if, in the sole discretion of the Trustee, the assets are of such a small value that in the event of termination under the provisions of this paragraph and upon the date thereof, the entire Trust shall be distributed to those persons then entitled to the income from such Trust in the proportion that such income is distributable, or if the income is distributable among a class of beneficiaries in the discretion of the Trustee, then equally to the members of such class. Upon such distribution, the Trust shall terminate and the Trustee shall not be liable or responsible to any person or persons for such action, nor shall the Trustee be liable for refusing at any time to terminate a Trust pursuant to the provisions of this paragraph.

## ARTICLE 6

### MINORITY AND INCAPACITY OF BENEFICIARIES

6.01. *Minor Beneficiaries*. Notwithstanding any other provision herein to the contrary, upon termination of the Trust, in whole or in part, or as to any fund, or share thereof, the Trustee shall withhold delivery of each share payable to a person who has not attained twenty-one (21) years of age until such person shall have attained twenty-one (21) years of age, and until such date the Trustee shall apply to the use of any such person such sum or sums from the income and principal of the share to which such person is entitled as the Trustee may deem necessary or desirable for the health, maintenance, support and education of such person.

If such person shall die prior to attaining twenty-one (21) years of age, the entire balance of his share, including accumulated income, shall be distributed pursuant to Section 5.04.

Until such person attains twenty-one (21) years of age the Trustee may accumulate for the benefit of such person so much of said income as shall not be necessary, in the opinion of the Trustee, for the purposes hereinabove set forth in this Section, and the Trustee may, in the Trustee's sole discretion, add the same to the principal of the share from which derived.

All powers conferred upon the Trustee relating to the investment and management of the Trust Estate shall be applicable to property held hereunder for a person not yet twenty-one (21) years of age. Nothing contained in this Section shall be deemed to postpone the vesting in such person of any principal or income in accordance with the provisions of this instrument and any provision in this Section to the contrary notwithstanding, any fund or share of any fund held for the benefit of any such person shall be distributed to such person no later than twenty-one (21) years after the death of the last survivor of Grantor's lineal descendants living on the date this Trust becomes irrevocable.

TRUST 748

Furthermore, this Section is expressly inapplicable to distributions from the Trust Estate pursuant to the effective exercise of a power of appointment.

6.02. **Making Trust Distributions.** All distributions of income or principal from any Trust created hereunder, or share or portion thereof, to any beneficiary hereunder shall be made to such beneficiary; or any such payment, upon the request of such beneficiary given at any time, may be deposited in any bank to the credit of such beneficiary in any account carried solely in the name of such beneficiary; provided, however, that if any beneficiary hereunder shall be under legal disability by reason of minority or declaration or adjudication by a court of competent jurisdiction, or if in the Trustee's discretion, the Trustee shall determine that any beneficiary is incapacitated, physically or mentally, to such an extent as in the opinion of the Trustee shall make it impossible or impracticable for such beneficiary to give prompt and intelligent attention to business matters, the Trustee may make such distribution of income or principal, for the sole benefit of such beneficiary, in such of the following ways as the Trustee shall deem most desirable:

A. To the duly qualified guardian or legal representative of such beneficiary;

B. To one or more persons who are near relatives or friends of such beneficiary;

C. By using such income or principal directly for the benefit of such beneficiary; or

D. In the case of a person not yet twenty-one (21) years of age, either directly to such minor, perhaps by depositing such distribution in a savings account standing in the beneficiary's name alone which is maintained in a Federally insured bank, credit union, or savings and loan association, or to a custodianship established (either by the Trustee or by another person) for the benefit of the minor pursuant to the version of the Uniform Gifts to Minors Act which has been adopted by the particular State in which the custodianship has been established.

The Trustee shall be as fully discharged for any distribution so made as if it had actually been made to and receipted for by such beneficiary. The Trustee shall not be under any duty to see to the use or application of funds so distributed.

6.03. **Institutionalized Beneficiaries.** If at any time any beneficiary of a Trust created herein is (a) present in an institution maintained by the government; (b) receiving or eligible to receive any State, Federal or other governmental financial assistance; or (c) if any such assistance is available to an institution not maintained by the government because said beneficiary is present herein, then the Trustee shall make no payments to said governmentally or privately maintained institution nor to the State, Federal or other governmental agency providing such assistance, but shall merely (i) make supplementary payments to said governmentally or privately maintained

11

TRUST 749

institution or (ii) supplement said institutional care or any government payments made to or for such beneficiary, if, in the sole discretion of the Trustee, additional funds are needed to be paid to or applied for the benefit of such beneficiary for such beneficiary's most comfortable health, maintenance, support and education, including travel.

## ARTICLE 7

### POWERS OF THE TRUSTEE

7.01. <u>In General</u>. In the administration of the Trust Estate, including each fund or share thereof and shares held for minors, and including the period after termination but before final distribution, the Trustee shall have the following powers in addition to powers otherwise conferred upon the Trustee by the Oklahoma Trust Act (60 O.S. 175.1 to 175.53) or by this instrument, such powers to be exercised from time to time in the Trustee's sole discretion and without order of court:

A. <u>Power of Sale</u>. To hold, sell, exchange, lease, make contracts for any term irrespective of the duration of the Trust and to convey or transfer the property comprising the Trust Estate upon such terms and conditions and in such manner as the Trustee shall determine;

B. <u>Investments</u>. To retain without liability for depreciation or loss any investments originally received and to invest and reinvest all or any part of any property comprising the Trust Estate in stocks (both preferred and common), bonds, notes and other obligations of corporations, shares in real estate trusts, mutual funds, common trust funds, including, without limitation, real estate, investments of a wasting nature, and investments which are viewed as likely to increase in value but which are currently not income producing, regardless of the proportion which any investment or any class or type of investment of similar character may bear to the entire amount of the Trust Estate, and without being limited to the classes of investments which a Trustee is authorized by law of any rule of court to make;

C. <u>Bankruptcy</u>. To participate in reorganizations, recapitalizations, consolidations, mergers, exchanges, liquidations and creditors' and bondholders' agreements;

D. <u>Nominee</u>. To register or hold share certificates, bonds or other property in the Trust Estate in bearer form or in the name of the Trustee's nominee, provided that the Trustee shall be responsible for the acts of such nominee;

12

E. <u>Loans</u>. To make advances and to borrow money, including from itself in its corporate capacity, or if an individual is serving as Trustee, from such individual, upon such terms and conditions as the Trustee shall determine, to issue a promissory note or notes and to secure the payment thereof by mortgaging or pledging any part or all of the Trust Estate;

F. <u>Voting Rights</u>. To exercise voting rights and issue proxies, which may be discretionary and with power of substitution, in connection with any stock or other securities in the Trust Estate;

G. <u>Pre-emptive Rights</u>. To exercise rights to purchase shares of stock and to sell or redeem fractional shares of stock;

H. <u>Compromise Claims</u>. To compromise, compound, release, waive and discharge debts and claims of every kind, nature or description owing to or by the Trust Estate; to abandon any property considered by the Trustee to be worthless; and to pay taxes, expenses, costs and charges incurred or arising in connection with the administration and management of the Trust Estate;

I. <u>Distribution in Kind</u>. To make any division or distribution directed hereunder in cash or in kind, or partly in cash and partly in kind, but any property divided or distributed in kind shall be valued at its fair market value as of the date of division or distribution, without regard to the income tax basis of specific property allocated to any beneficiary (including any Trust), and, if the fair market value of any such property cannot be readily determined, a just and equitable value shall be assigned to such property by the Trustee; provided, further, that the Trustee is not limited to making prorata distributions of assets in kind, and is expressly authorized to make non-prorata distributions if the Trustee considers such to be in the best interests of the affected Trust beneficiaries;

J. <u>Real Estate</u>. To improve or develop real estate, to construct, alter or repair buildings or structures, to settle boundary lines, to grant easements and other rights, to partition, and to join with co-owners and others in dealing with real estate;

K. <u>Professional Assistants</u>. To employ investment counsel, agents, brokers, accountants, and attorneys and to pay them reasonable compensation for their services;

L. <u>Additions</u>. To receive additions to the Trust Estate and to hold and administer the same under the provisions hereof;

13

M. <u>Ministerial Powers</u>. To execute deeds, transfers, leases, assignments and other instruments necessary to carry out the Trustee's powers hereunder;

N. <u>Purchase from Estate</u>. To use the income and principal of the Trust Estate after the death of each Grantor, if there be more than one, to acquire property owned by the general estate of each such Grantor;

O. <u>Insurance</u>. To insure any Trust assets, including those held in a safe deposit box;

P. <u>Form Partnerships</u>. To form a general or limited partnership or partnerships under any name or names of Trustee's selection for the purpose of taking and holding title to all or any of the assets comprising the estate or Trust property; said partnership or partnerships shall have the power to deposit, withdraw, insure, sell, loan, mortgage, lease, assign, convey, exchange, transfer or deal with said Trust property in all ways permitted to the Trustee and to take any such action over the signature of only one partner or of the partnership itself and any town clerk, title examiner, or insurer, any broker, bank, savings bank, savings and loan association and any corporation or its transfer agent or registrar may presume conclusively that said partnership or partnerships are the actual owners of the bank deposits, savings and loan shares and securities registered in their names and submitted for transfer or registration;

Q. <u>Reserves</u>. Out of rents, profits, or other income received, the Trustee may set up reserves for taxes, assessments, insurance premiums, repairs, improvements, depletion, depreciation, obsolescence and general maintenance of buildings or other property;

R. <u>Oil and Gas Interests</u>. To purchase or otherwise acquire oil and gas and other similar or dissimilar mineral interests, leases, royalties, overriding royalties, production payments, oil payments, gas payments, net profit overriding royalties, and net profit interests. In connection with such investments, the Trustee shall have full power and authority to enter into development and drilling contracts and operating contracts and unitization agreements, and make agreements for present or future pooling of any interest in oil, gas or other mineral properties and for secondary recovery projects, and shall have with respect to any and all oil, gas and other mineral properties, whether similar or dissimilar, all of the rights and powers that a prudent owner of any such properties would have with respect to properties of like kind;

S. <u>Form Corporations</u>. To form a corporation or corporations or participate in the formation of a corporation or corporations and convey to it or them

14

Trust property or any part hereof, and hold, subject to the provisions of the Trust, the considerations accruing therefrom, whether the same be in the form of bonds, debentures, shares of stock, certificates of interest, or any other thing of value;

T. Continue Business. To engage in any lawful business including the power to commence or continue at the risk of the Trust Estate the operation of any business which may become a part of the Trust Estate, and to sell, liquidate, or otherwise terminate any business interest including the fulfillment of any agreement for the disposition of any such business interest;

U. Reliance. To rely upon any notice, certificate, affidavit, letter, telegram, or other paper document, or evidence believed or deemed by the Trustees to be genuine or sufficient in making any payment or distribution;

V. Securities of Trustee. To retain any stock or other security received from any source and issued by any corporate Trustee in its individual capacity, by a bank holding company that owns stock of a Trustee bank, or by any related or affiliated corporation controlled by the bank holding company. This authority to retain includes stock dividends, securities issued in lieu thereof and securities issued as a result of any recapitalization, consolidation, or merger of a Trustee. The Trustee shall have with respect to these stocks and securities the same powers that apply to other Trust property;

W. Common Fund. To allocate different kinds of disproportionate shares of property or undivided interests in property among the beneficiaries or Trusts, and to determine the value of any such property; the Trustee may make joint investments of funds in such Trusts, and may hold the several Trusts as a common fund, dividing the net income therefrom among the beneficiaries of the several Trusts proportionately.

7.02. Principal and Income. The Trustee shall allocate receipts, gains, losses and expenditures to income and principal in accordance with generally accepted principles of Trust accounting and applicable law governing the Trust Estate as the same may exist from time to time; but the Trustee is directed to allocate to principal all distributions representing capital gains and losses received from the sale of securities held by regulated investment companies, real estate investment Trusts, or mutual funds owned by the Trust as well as all other realized capital gains and losses, and to allocate to income all current expenses and amortize out of income premiums paid on bonds, debentures or other money obligations.

7.03. Trust Unfunded. Notwithstanding any other provision herein or rule of law to the contrary hereof so long as the Trust Estate consists only of cash in the amount of FIVE

15

TRUST 753

HUNDRED DOLLARS ($500.00) or less, the Trustee shall have no investment or other duties hereunder except to hold safe the assets of the Trust Estate.

7.04. **Use of Agency Accounts.** In those instances where a noncorporate fiduciary is serving as Trustee, each such noncorporate fiduciary shall have the power to deposit all or any portion of the Trust Estate in a custody account or custody accounts with commercial banks having Trust powers or with Trust companies; to pay reasonable compensation for such custodial services. Whenever Trust property is placed in a custody account, the noncorporate fiduciary shall not take into account this property in computing such noncorporate fiduciary's fee as Trustee.

7.05. **Consolidation of Trust Shares.** The Trustee may, in the exercise of the Trustee's sole discretion, elect to hold two or more Trusts or other funds provided for herein in one or more consolidated funds, in which the separate Trusts or funds shall have undivided interests and be reflected as such on the Trustee's books of account.

7.06. **Provisions of Trust Control.** In addition to the powers conferred on the Trustee by this instrument or by law, the Trustee shall also enjoy the rights, powers and immunities granted to trustees under local law as the same may be amended, superseded or replaced from time to time, but to the extent the provisions of this instrument and local law are inconsistent, the provisions of this instrument shall control to the extent permitted by law.

7.07. **Tax Elections.** The Trustee may make such elections under the tax laws applicable to the estates of the Grantor and to the Trust Estate as the Trustee, in the Trustee's sole discretion, determines. No compensating adjustments between principal and income, nor with respect to any Trust or beneficiary, shall be made even though the elections may affect (beneficially or adversely) the interest of the beneficiaries. The decision of the Trustee shall be binding upon all persons interested herein.

7.08. **Division of Duties Between Co-Trustees.** While two or more Trustees are serving hereunder, the powers, duties, and authorities of the Trustees shall be exercised by them jointly. However, one or more of such Trustees may at any time by an instrument in writing delegate to the other Trustees all or less than all of the powers conferred upon that Trustee, either for a specified time or until the delegation is revoked by a similar instrument. Checks shall be drawn upon the Trust bank accounts in such manner as may be agreed upon by the Trustees from time to time as evidenced by the execution of the bank signature cards. Any person dealing in good faith with a Trustee may rely without inquiry upon the certificate of such Trustee with respect to any delegation.

7.09. **Ancillary Proceedings.** If at any time any Trust property is situated in a jurisdiction (within or outside the United States of America) in which a Trustee is unable or unwilling to act, the remaining Trustee or Trustees may act in such jurisdiction. If the Trustee then serving is unable or unwilling to act, the Trustee may appoint an Ancillary Trustee (herein so-called) in such jurisdiction and may confer upon the Ancillary Trustee such rights, powers, discretions, and

16

duties to act solely with respect to such assets as the Trustee deems necessary or expedient. The Ancillary Trustee shall be answerable to the Trustee for all assets which may be received by the Ancillary Trustee in connection with the administration of such property. The Trustee may pay to the Ancillary Trustee reasonable compensation for its services and may absolve it from any requirement that it furnish bond or other security.

7.10. <u>Fiduciary Capacity</u>. No powers enumerated herein or accorded to Trustees generally by law shall be exercisable by the Trustee in any capacity other than as a fiduciary.

7.11. <u>Liability of Trustee</u>. No Trustee shall be liable for any mistake or error in judgment. A noncorporate Trustee shall be liable only for willful misconduct or gross negligence.

## ARTICLE 8

## COMPENSATION OF THE TRUSTEE

8.01. <u>Reasonable Fees</u>. At any time during the continuation of the Trust, whether before or after the death of Grantor, the Trustee shall be entitled to receive reasonable fees for ordinary services hereunder, but such fees shall be reasonably related to those fees being charged, from time to time, in the county in which the Trustee maintains its principal office, by other corporate or individual trustees for the performance of like or comparable services under <u>inter vivos</u> Trust Agreements. The Trustee's fees under this Section shall be charged to and deducted from income and/or principal as the Trustee may deem appropriate and shall be payable at such times as the Trustee may determine.

8.02. <u>Expense Reimbursement</u>. The Trustee shall be entitled to reimbursement for the necessary expenses which are paid for and on behalf of the Trust.

## ARTICLE 9

## SUCCESSOR TRUSTEES

9.01. <u>Default of Prior Trustee</u>. No Trustee hereunder, whether original or successor, shall be liable for the default of any existing or prior Trustee, Co-Trustee or legal representative thereof, or any Executor or Administrator from whom distributions may be received (any of such fiduciaries being hereinafter referred to as a "Prior Fiduciary") or for failure to contest the accounting rendered by such Prior Fiduciary, unless during the Grantor's lifetime, the Grantor, or after the Grantor's death, a majority of the adult Trust beneficiaries, or if there be none, the legal or natural guardians of a majority of the minor Trust beneficiaries, shall have, in writing, requested the Trustee to contest such accounting or rectify such default prior to acceptance.

Similarly, any Trustee hereunder, whether original or successor, may accept the Trust assets as delivered to such Trustee by such Prior Fiduciary and shall be responsible only for such assets.

However, nothing in this Section shall limit the power of any Trustee hereunder to condition acceptance of the Trust or any assets upon a proper accounting or from requiring such an accounting or a rectifying of a prior default from a Prior Fiduciary.

9.02. Merger. If any corporate Trustee serving hereunder shall be a party to a merger or consolidation or shall transfer all or substantially all of its Trust business, the corporation continuing after such merger, resulting from such consolidation or receiving all or substantially all of the Trust business of the Trustee upon such transfer, shall qualify as Successor Trustee hereunder without the execution or filing of any instrument or the performance of any further acts.

9.03. Trustee's Account Upon Removal. Upon the removal of the Trustee and appointment of a Successor Trustee, or upon the resignation of the Trustee, after the Trustee shall have been paid any sum or sums due or to become due the Trustee by reason of advances or loans made by the Trustee to the beneficiaries hereunder, or to the Trust Estate, or on account of any indebtedness of the Trustee for which the assets of the Trust Estate are liable, or on account of any compensation payable to the Trustee, and for all costs, expenses and taxes arising from the transfer of the assets of the Trust Estate, the Trustee shall assign, transfer, convey and deliver to the Successor Trustee, as the case may be, all of the property comprising the account.

Such account shall be provided to all of the persons described elsewhere in this instrument who are to receive the Trustee's annual account. The written approval of such account by all of such persons shall be binding upon all other persons who are eligible beneficiaries.

In addition, the Trustee shall furnish and deliver to the Successor Trustee such books of account, receipts, and other documents or papers having to do with the administration of the Trust, or true copies of transcripts thereof, as may be requested by the Successor Trustee. Furthermore, the Successor Trustee may accept without audit the accounting of the preceding Trustee without liability.

9.04. Continuity. Every Successor Trustee shall have all of the rights, powers, discretions, privileges and immunities of the original Trustee.

9.05. Resignation. The Trustee may resign at any time on sixty (60) days written notice delivered to the Grantor, if living, or, if the Grantor is deceased, to the then income beneficiaries. In the event of the death, resignation or incapacity of the Trustee, a Successor Trustee shall be appointed in the manner specified in this instrument for the appointment of a Successor Trustee when the incumbent Trustee is removed.

18

TRUST 756

9.06. <u>Ineligibility to Serve as Trustee</u>. No one shall be appointed a Trustee hereunder or continue to serve as a Trustee hereunder if such person's presence in the office of the Trustee causes the income of this Trust to be taxed to the Grantor under the Federal Internal Revenue Code and if the presence of someone else in the office of the Trustee would avoid such result.

Furthermore, after this instrument becomes irrevocable, no one shall be appointed as Trustee nor continue to serve hereunder at any time when the Trust Estate includes policies of insurance on the life of such person if such person's presence in the office of the Trustee causes the proceeds of that insurance to be included in the gross estate of such person for Federal estate tax purposes and if the presence of someone else in the office of Trustee would avoid that result.

9.07 <u>Incapacity of Individual Trustee</u>. If any individual Trustee becomes unable to discharge the duties of Trustee hereunder by reason of accident, physical or mental illness, progressive or intermittent physical or mental deterioration, or other similar cause, and does not resign, then upon certification by two (2) doctors licensed to practice medicine within the State of Oklahoma affirming that each has examined the Trustee and that each has concluded based on such examination, that the Trustee is unable to discharge the duties of Trustee, such Trustee shall thereupon cease to be Trustee in the same manner as if such Trustee had resigned on the date of the certification.

9.08. <u>Co-Trustee Ceases to Serve</u>. If at any time more than one Trustee is serving hereunder and one of them ceases to serve for any reason, the remaining Trustee or Trustees, if any, shall continue to serve as Trustee or Trustees and enjoy all of the powers, duties, discretions and immunities conferred upon the original Trustees.

## ARTICLE 10

## ACCOUNTS AND STATEMENTS

10.01. <u>Regular Reports to Beneficiaries</u>. The Trustee shall keep accurate records with respect to each separate Trust, fund, or share created hereunder and at least once each year shall make a report in writing:

    A.     To each living person who has during such year received a distribution of either income or principal from one or more of the separate Trusts, funds, or shares created hereunder;

    B.     To each living person over the age of eighteen (18) years who is eligible to receive a distribution of income or principal from one or more of the separate Trusts, funds, or shares created hereunder whether or not such person, in fact, received such distribution; and

19

    C.    To each member of the Trust Committee, if a Trust Committee is provided for in this instrument.

Such report shall be for the calendar or fiscal year beginning each year on the date selected by the Trustee as appropriate for this purpose and shall be submitted to each such person (and to the guardian, conservator, committee, or other like official of any such person who is under a legal disability) with reasonable promptness after the end of such period.

Each report shall include a statement of all receipts and disbursements during such year, and of such other acts of the Trustee as may be necessary to furnish each beneficiary with adequate information as to the condition of the Trust Estate. In addition, such statements of account shall include all information necessary to enable each such person to prepare his or her Federal and State tax returns.

10.02. <u>Inspection</u>. The records of the Trustee with respect to this Trust shall be open at all reasonable times to the inspection of the Grantor and the beneficiaries.

10.03. <u>Final Account</u>. The Trustee shall provide a final accounting in connection with the final distribution of this Trust.

## ARTICLE 11

## DEFINITIONS AND MISCELLANEOUS PROVISIONS

11.01. <u>Definitions</u>. As used in this Agreement:

    A.    The word "Trustee" shall be taken to refer to the fiduciary then in office regardless of the number or whether individual or corporate, and shall include a Successor Trustee or Trustees, whether so expressed or not.

    B.    The word "Will" and the term "Last Will and Testament" shall include not only the Last Will and Testament of the person referred to, but also any Codicils thereto.

    C.    The word "Executor" shall include Executrix, Administrator, and Administratrix.

    D.    The words "Trust Estate" shall mean the funds and property subject hereto during the Grantor's lifetime and at the Grantor's death together with any funds and property receivable: (1) under the provisions of the Grantor's Last Will and Testament, or otherwise; or (2) from any other source at any time. The words "Trust Estate" shall also include any separate funds or

20

shares into which the funds and property subject hereto may be divided pursuant to the terms of this instrument as originally executed or as subsequently amended.

E. The phrase "per stirpes" as used herein shall be construed to mean that the gift referred to is to be divided so that there is: (1) one share for each of the then living lineal descendants of the person referred to in the gift who are in the nearest degree of kinship to that person; and (2) one share for each deceased lineal descendant in the same degree who left lineal descendants surviving the person referred to in the gift. Each surviving lineal descendant in the nearest degree is to receive one share and the share of each deceased lineal descendant in the same degree shall be divided pursuant to the terms of this instrument as originally executed or as subsequently amended.

11.02. <u>Pronouns</u>. Any personal pronoun wherever used herein shall be deemed to include the masculine, feminine and neuter genders as the context may require and the singular shall include the plural and vice versa.

11.03. <u>Applicable Law</u>. The Trust created hereby and each fund or share thereof is governed, construed and administered according to the laws of the State of Oklahoma, and shall continue to be so governed, construed and administered, even though the situs of the Trust is elsewhere.

11.04. <u>Captions</u>. All titles, headings, and captions used herein have been included for convenience of reference only and shall not be deemed to define or limit the provision hereof or to affect in any way the construction or application of those provisions.

11.05. <u>Invalid Provisions</u>. If any part of this writing or the Trusts created hereby shall be invalid, illegal, or inoperative for any reason, it is Grantor's intention that the remaining parts, so far as possible and reasonable, shall be effective and fully operative. Any fiduciary serving hereunder may seek and obtain court instructions for the purpose of carrying out as nearly as possible the intention of this instrument as shown by the terms hereof, including the term held invalid, illegal, or inoperative.

11.06. <u>Agreement Binding on Estates and Successors</u>. This Agreement shall extend to and be binding upon the estate, executors, administrators, and assigns of the Grantor and Trustee.

11.07. <u>Death of a Beneficiary</u>. The death of a beneficiary shall be evidenced by presentation of a certified copy of such person's death certificate.

11.08. <u>Trustee to Serve Without Bond or Court Supervision</u>. Neither the Trustee nor any Successor Trustee shall be required to give or file any bond or any other security for the faithful performance of the duties of said office and should a bond be required by law, no surety on such

21

TRUST 759

bond shall be required. Grantor directs that, to the full extent permitted by law, the Trust shall be administered free from the supervision and jurisdiction of any court, but the Trustee or any beneficiary hereunder may request court instructions or submit a dispute to the appropriate court at any time.

11.09. <u>Certified Copies</u>. To the same effect as if it were one of the executed copies of this instrument, anyone may rely on a copy certified by the Trustee (in an Affidavit given for this purpose before a Notary Public) to be a counterpart of this instrument (and of the amendments or other writings, if any, endorsed on or attached thereto) kept at the office of the Trustee. Anyone may rely upon any statement of fact certified by anyone who appears from the original document or a certified copy thereof to be a Trustee hereunder.

11.10. <u>Transactions With Trustee</u>. No person, firm or corporation dealing with the Trustee shall be obligated to inquire into the Trustee's power of authority or into the validity of any act of the Trustee or be liable for the application of any money or other property paid or loaned to the Trustee in the management of the Trust Estate.

11.11. <u>Education</u>. The term "education" shall mean education, training or institutional care at any private school, night school, public school, preparatory school, military academy, junior college, college, university, graduate and professional school, trade school, school for retarded, blind or handicapped (whether physically, perceptually, emotionally or mentally) children or adults or school for children or adults subject to learning disabilities or hostels, half-way houses, sheltered workshops associated with private living arrangements and the like, whether connected with a private institution or not, as well as any other similar institutions not mentioned herein, either in the United States or abroad.

Expenses incurred for education shall be deemed to include tuition, board, lodging, school uniforms, any special clothing needed for school, books, supplies, tools, instruments, laboratory, health, gymnasium and other fees and incidental expenses, medical and psychiatric care, as well as transportation expenses for trips between home and said institution, and all other services and things (including vocational apprenticeships, internships and residences) connected with any course of study, provided that in each such case, the course of study is approved by the Trustee.

In addition, the term "education" shall include expenses incurred for travel which the Trustee believes will contribute to the educational experience of the person undertaking the travel. However, the term "education" does not include any and all travel and the Trustee shall be judicious in approving or reimbursing expenses for educational travel.

11.12. <u>Perpetuities Provision</u>. Notwithstanding any provisions of this Trust Agreement to the contrary, any Trusts created hereunder shall terminate no later than twenty-one (21) years from and after the death of Grantor and those lineal descendants of Grantor's living on the date this instrument becomes irrevocable.

Upon such termination, subject to the retention provisions of this instrument for persons not yet twenty-one (21) years of age, the assets and property of each Trust shall be delivered and distributed, outright and free of Trust, to the person or persons to whom the income of the particular Trust may be distributed at that time. In case the income of a particular Trust may be distributed to more than one person at that time, the Trustee shall divide the assets and properties between such persons in such proportions between them as the Trustee shall determine in the Trustee's sole discretion, to best carry out the Grantor's intentions as expressed in this instrument.

Notwithstanding the foregoing, in the event this Trust is merged with a Trust having a shorter perpetuities period, the shorter perpetuities period will apply.

## ARTICLE 12

## SPENDTHRIFT AND SEPARATE PROPERTY PROVISIONS

12.01. <u>Separate Property</u>. Grantor intends to make a gift to the respective beneficiaries of only that portion of the income and principal of the Trust which is in fact distributed to them. Inasmuch as the amounts actually distributed to the respective beneficiaries constitute the gift the Grantor contemplated making, such distributions, whether they be income or principal, shall constitute the separate property of each such distributee and not the community property of such distributees. Furthermore, it is the Grantor's intention that no beneficiary shall have any interest in any undistributed income and principal until the time for such distribution occurs and, accordingly, such undistributed income and principal shall not be deemed the community property of any such beneficiary.

12.02. <u>Spendthrift</u>. No beneficiary of this Trust shall have the right or power to anticipate, by assignment or otherwise, any income or principal given to such beneficiary by this Trust, nor in advance of actually receiving the same have the right or power to sell, transfer, encumber or in anywise charge same; nor shall such income or principal, or any portion of the same, be subject to any execution, garnishment, attachment, insolvency, bankruptcy, or legal proceeding of any character, or legal sequestration, levy or sale, or in any event or manner be applicable or subject, voluntarily or involuntarily, to the payment of such beneficiary's debts.

23

TRUST 761