## ARTICLE 13

### EXECUTION

IN WITNESS WHEREOF, the parties have hereto set their hands to duplicates hereof on this 5th day of October, 1993.

_____
LORICE T. WALLACE, Grantor

Witnesses as to Grantor:

1. _Melissa West_
2. _Delores B. Reynolds_

_____
LORICE T. WALLACE, Trustee

Witnesses as to Trustee:

1. _Melissa West_
2. _Delores B. Reynolds_

24

TRUST 762

State of Oklahoma    )
                     ) ss.:
County of Tulsa      )

    I, the undersigned Notary Public in and for the County and State aforesaid do hereby certify that LORICE T. WALLACE, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary act for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 5th day of October, 1993.

                                                        *Barbara J Boracci*
                                                        Notary Public

My Commission expires:

3/21/97

[Notarial Seal]

RJS:JJB\W\1994-LS.FTR

25

TRUST 763

# EXHIBIT C

AMENDMENT NUMBER ONE
TO THE RESTATEMENT OF
THE LORICE T. WALLACE REVOCABLE TRUST
DATED DECEMBER 26, 1974
EFFECTIVE DATE OF RESTATEMENT: OCTOBER 5, 1993

---

Pursuant to Section 2.01 of Article 2 of the Restatement of The Lorice T. Wallace Revocable Trust Dated December 26, 1974, Effective Date of Restatement: October 5, 1993 (hereinafter referred to as the "Trust"), Lorice T. Wallace, as Grantor, and Lorice T. Wallace, as Trustee, hereby amend said Trust as follows:

1. Article 4, Section 4.02 is hereby added to read as follows:

    4.02   In the event of the incapacity of Grantor, it is Grantor's intent that, during the lifetime of Grantor, she be maintained in the property in which she resides as long as feasible and that she not be placed in a supervised home for the elderly or hospital setting. Grantor understands that the cost of home care may be significantly more than the cost of a care facility. Nevertheless, it is Grantor's intent that funds for those expenses be made available as long as it is feasible, taking into consideration the size and nature of the Trust estate, other income and assets available therefor. For these purposes, Grantor shall be considered to be incapacitated if unable to manage her affairs, is under a legal disability or by reason of illness or mental or physical disability is unable to give prompt and intelligent consideration to financial matters, and, in making such determination, Trustee may rely on the written statement or opinion of two (2) licensed physicians who have examined her.

2. Article 5, Section 5.01 C is hereby amended to read as follows:

    Upon the death of Grantor, or as soon thereafter as is practicable, there shall be distributed to the Trustee appointed and acting as Trustee, immediately following the death of Grantor, the items listed in a letter dated from time to time, addressed to the Trustee of this Trust; said items to be distributed by said Trustee in accordance with the terms of said letter. The remainder of Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of distributed to Grantor's children, in equal shares, without restriction; provided, however, should any of my children fail to survive Grantor, then and in such event, such deceased child's share shall be distributed *per stirpes*



EXHIBIT 16

TRUST 764

to her surviving issue, if any. This letter shall be limited to Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of.

3. Article 11, Section 11.13 is hereby added to read as follows:

11.13 It is the intention of the Grantor to prevent and eliminate as much of the disharmony, the destruction of relationships, and disputes among the descendants of the Grantor as possible. Grantor believes that if the descendants of the Grantor are forced to bear the ultimate costs of any litigation and disputes involving the aforementioned parties that such litigation and disputes will most likely be minimized.

The Grantor desires to provide some degree of protection for the beneficiaries, the trustees, the attorneys, accountants, agents, and advisors of the Grantor and the Trustees, of any trust(s) created or by any other trust agreements, and any partner(s) of the Lorice T. Wallace Family, Limited Partnership and their attorneys, accountants, agents, and advisors of the said limited partner(s) of the said limited partnership (hereinafter referred to as the "Indemnified Parties"). Therefore, if any aforesaid person is sued on any matter involving the construction of the terms of the trust, the administration of the trust, or any matter pertaining to the conduct of the trustees of the trust or any matter pertaining to the conduct of any beneficiary of the trust, or which involves the construction of the terms of the trust, the administration of the limited partnership operations, the conduct of the general partner(s) of the limited partnership, or the conduct of any limited partner of the limited partnership, then Grantor directs the Trustee to indemnify and hold harmless the aforesaid indemnified party from any loss, damage, legal fees, or other costs, and to charge such amounts to the trust created herein against the trust principal and income of said descendant to the extent of the exhaustion of the said principal and income of the said trust created for the benefit of said descendant.

4. Except as modified in this instrument, Grantor reaffirms the Trust.

IN WITNESS WHEREOF, the parties have hereto set their hands to duplicates hereof on this 12th day of February, 1998.

*[signature]*
LORICE T. WALLACE, Grantor

2

TRUST 765

Witnesses as to Grantor:

1. _Beverly A. Pittman_

2. _[signature]_

_Lorice T. Wallace_
LORICE T. WALLACE, Trustee

Witnesses as to Trustee:

1. _Beverly A. Pittman_

2. _[signature]_

State of Oklahoma   )
                    ) ss.:
County of Tulsa     )

    I, the undersigned Notary Public in and for the County and State aforesaid do hereby certify that LORICE T. WALLACE, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary act for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 12th day of February, 1998.

_[signature]_
Notary Public

My Commission expires:

_3/24/20xx_

[Notarial Seal]

W\3994-15.D02

3

# EXHIBIT D

EXHIBIT B

TRUST INDENTURE CREATING THE

LORICE T. WALLACE IRREVOCABLE TRUST

THIS INDENTURE OF TRUST Made this 8TH day of February, 1996, between LORICE T. WALLACE, sometimes referred to as "TRUSTOR", and LORICE T. WALLACE, sometimes referred to as "TRUSTEE";

WITNESSETH:

WHEREAS, the following shall apply when used in this Indenture:

(i) The term TRUSTEE shall mean Trustee or Trustees, whether one or more, and any succeeding acting Trustee or Trustees;

(ii) The singular form shall include the plural form;

(iii) The masculine form shall include the feminine form and the neuter form;

(iv) The term "ISSUE" shall include adopted persons but exclude LISA FRANCES WALLACE and her descendants; and

WHEREAS, it is the desire of TRUSTOR to create a Trust of the properties described in Exhibit "A" attached, for the benefit of TRUSTOR and TRUSTOR'S ISSUE; and

WHEREAS, TRUSTOR desires that TRUSTEE should serve as TRUSTEE, and

WHEREAS, TRUSTEE is willing to receive and hold such property upon such Trust;

NOW, THEREFORE, in consideration of the mutual covenants, TRUSTOR has simultaneously with the execution of this Indenture, sold, assigned, transferred, conveyed and delivered, and by these presents does sell, assign, transfer, convey and deliver, the property described in Exhibit "A" attached, to TRUSTEE. TRUSTEE agrees to hold such property, in trust, subject to the following terms, conditions and purposes:

ARTICLE I

TRUSTOR, at any time, and from time to time, may, with the approval of TRUSTEE, by will, or in any other manner, cause other and additional property to be delivered, transferred and conveyed, or insurance paid, to TRUSTEE to be taken and held upon the same terms and distributed in the same manner as though such property or funds had been transferred to TRUSTEE at the creation of the Trust.

ARTICLE II

TRUSTEE shall have the following rights, powers and duties and shall be authorized and empowered as follows with respect to the Trust Estate:

1) Have all the powers, duties and responsibilities included in the Oklahoma Trust Act (60 O.S. §161 and §§ 175.1 et seq.), as such statutes exist on the date this Indenture is executed, except as may be changed or modified herein. No repeal or amendment of said statutes shall be effective to change the powers and duties. This Indenture shall continue in effect with respect to all property which may come into the Trust, whether such property has a situs within or without the State of Oklahoma.

2) Retain property properly acquired from TRUSTOR, or others, without limitation as to time and without regard to its suitability, including diversification for original purchase; and

EXHIBIT 18

TRUST 862

RECEIVED TIME MAY. 2. 4:35PM         PRINT TIME MAY. 2. 4:45PM

may purchase, acquire, own, hold, sell, exchange, and dispose of life estates (or terms for years) in property and remainder interests in property, if deemed by TRUSTEE to be for the best interests of the Trusts and the beneficiaries thereof.

3) Acquire, as part of the Trust Estate, any property, real, personal or mixed, or any business or enterprise, or any interest therein, from TRUSTOR'S estate. Continue to operate solely, or in conjunction with others, any such business or enterprise, or any interest therein, so long as TRUSTEE shall deem such operation advisable and to the best interests of the Trust Estate.

4) Borrow money for such periods of time and on such terms and conditions as to rates, maturities, renewals, and securities, as TRUSTEE shall deem advisable, and mortgage or pledge any portion or all of Trust assets as TRUSTEE shall deem appropriate.

5) Have the right, in TRUSTEE'S discretion, to determine the manner in which each receipt is to be allocated between corpus and income and to determine the manner in which each disbursement, loss and deduction is to be charged as between corpus and income. The determination shall be conclusive and binding upon all beneficiaries. The preceding sentences notwithstanding, if a beneficiary, for whom discretionary distributions may be called upon to be made from a Trust hereunder, is the acting TRUSTEE, the said allocations shall be made in accordance with the Oklahoma Trust Act, as it exists on the date this Indenture is signed.

6) In TRUSTEE'S discretion, make division or distribution of each Trust Estate or any part thereof in kind or in money or partly in each. TRUSTEE shall act in a strictly impartial manner with respect to all beneficiaries. The judgment concerning the propriety and the kind, proportion and relative value thereof shall be binding and conclusive upon all parties interested.

7) Keep books of account showing all transactions relating to each Trust Estate. Each year, furnish to each beneficiary currently receiving distributions therefrom, or to his guardian (if a guardian has been appointed), a statement showing how such Trust Estate is invested and all transactions relating thereto subsequent to the last preceding account rendered. Any beneficiary shall be entitled, once a year, to procure or make an independent audit at his own expense.

8) During the minority or incapacity of any beneficiary (including if TRUSTEE determines that the beneficiary is unable to properly manage his affairs, unless determined otherwise by a court of competent jurisdiction) to whom income and/or corpus is herein directed to be paid, pay such amounts in any one or more of the following ways:

   a) Directly to said minor or incapacitated person;

   b) To the legal guardian of said minor or incapacitated person;

   c) To a relative of said minor or incapacitated person, or to a person furnishing support, maintenance, health or education for the beneficiary or with whom the beneficiary is residing, to be expended by such person for the health, education, maintenance and support of such minor or incapacitated person for expenditures on the beneficiary's behalf;

   d) If the beneficiary is a minor, to a custodian for the beneficiary, as selected by the TRUSTEE, under the Uniform Transfers to Minors Act of any state; or by

2

TRUST 863

05/02/2000 16:33    9187445088    THE TRUST CO OF OK    PAGE 24

e) Expending the same for the health, education, maintenance and support of such minor or incapacitated person.

It is the intent of TRUSTOR that such minor or incapacitated person be the true recipient of the benefit.

9) In TRUSTEE'S discretion, accept bequests, devises and gifts of property to any Trust Estate.

10) The compensation of the TRUSTEE for services rendered to the Trust shall be reasonable and commensurate with the compensation for like services ordinarily and customarily paid in the community where such services are rendered, except the original TRUSTEE, LORICE T. WALLACE, shall receive no compensation.

11) No powers shall be construed to enable any person to purchase, exchange, or otherwise deal with or dispose of all or any part of the corpus or income of the Trust for less than an adequate consideration in money or money's worth, or to enable any person to borrow all or any part of the corpus or income of the Trust, directly or indirectly, without adequate interest or security.

12) No person, other than the acting Trustee, shall have or exercise the power to vote or direct voting of any stock or other securities of the Trust either by directing investments or reinvestments or by vetoing proposed investments or reinvestments, or to acquire or exchange any property of an equivalent value.

13) If the Trust should, at any time, be the owner of a life insurance policy on the life of a Trustee, during the time such person is serving as Trustee, the power to change the beneficiary, to surrender or cancel the policy, to assign the policy for a loan, to obtain from the insurer a loan against the surrender value of the policy, and all other powers under the policy, other than collection of the proceeds, shall be vested in a Co-Trustee or the next named Successor Trustee for the benefit of the Trust. If no Successor Trustee is named, then one shall be named by the District Court of the County wherein the Trustee resides.

Except for the limited circumstances listed above, the acting Trustee shall have such powers over any life insurance policies owned by the Trust.

14) TRUSTEE shall have authority and power to appoint agents to sign checks on trust checking accounts, make withdrawals from other types of accounts, and enter trust safety deposit boxes.

15) TRUSTEE, LORICE T. WALLACE, is authorized to buy, sell, trade and deal in puts, calls, straddles and options of every kind and nature and to open and conduct securities trading accounts on cash or on margin. The powers contained in this ¶15) shall not apply to any other TRUSTEE except with respect to stock in any closely held corporation in which TRUSTOR and/or TRUSTOR'S SPOUSE and/or any of their ISSUE own more than a five percent (5%) interest. TRUSTEE, LORICE T. WALLACE, is authorized to form and invest in partnerships, general and limited, and closely held corporations.

16) If there are separate Trusts created under this Indenture, TRUSTEE may (but is not required to) hold, manage and invest the separate trust shares as a single trust and may co-mingle the funds of the separate Trusts, but shall separately account for each Trust's interest in the whole. TRUSTEE, if acting as TRUSTEE of any other Trusts created by TRUSTOR, may (but is not required to) hold, manage and invest the separate Trust shares as a single Trust and

3

TRUST 864

RECEIVED TIMEMAY. 2. 4:35PM    PRINT TIMEMAY. 2. 4:45PM

may co-mingle the funds of the separate Trusts, but shall separately account for each Trust's interest in the whole.

17) Make elections and allocations provided in the Federal and State taxing Codes, whether or not provided in this Trust, fairly for the benefit of the beneficiaries of this Trust. All elections and allocations, so made in good faith, shall not be subject to question by any person, firm, or entity. TRUSTEE shall not be liable for any such election or allocation so made.

18) The powers, duties and responsibilities herein set out shall not be deemed to exclude other implied powers, duties or responsibilities not inconsistent therewith.

## ARTICLE III

Except as otherwise specifically herein provided, each beneficiary is hereby prohibited from anticipating, encumbering, transferring, assigning or in any other manner disposing of his interest in either corpus or income and is without power so to do, and no such beneficiary's interest shall be subject to his liabilities or obligations, or subject to attachment, execution or other legal process, bankruptcy proceedings, or claims of creditors or others.

## ARTICLE IV

Each Trust herein created shall, as to property located in any State, in no event continue for a period longer than permitted under the laws of such State. If it shall be determined that, by the terms hereof, any Trust does violate any such law, TRUSTOR directs that, at the end of the longest period TRUSTOR is permitted under the laws of such State to extend this Trust, distribution of all corpus and undistributed income in such Trust applicable to such State be then made. The distribution shall be in accordance with the terms herein for termination on that date irrespective of the attained ages of the beneficiaries notwithstanding anything to the contrary herein provided.

## ARTICLE V

TRUSTOR has consulted with counsel. The Trust created by this Indenture shall be irrevocable and TRUSTOR expressly acknowledges that TRUSTOR shall have no right or power, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this Trust or any of the terms of this Indenture, in whole or in part, or to designate a person who shall possess or enjoy the Trust property or the income therefrom.

If, at any time, the form of the Trust Indenture shall operate to subject the Trust Estate, the properties of the same, or the beneficiaries, to any tax that may be lawfully avoided by a change in the terms hereof, TRUSTEE, is authorized to apply to a Court of competent jurisdiction for permission to modify the terms hereof. Upon being properly authorized by such Court, TRUSTEE is authorized and empowered to modify the terms hereof in accordance with the authority granted by such Court.

## ARTICLE VI

TRUSTEE in all matters shall perform such acts as are necessary for the purpose of this Trust. The decision of TRUSTEE shall be final and binding upon all of the beneficiaries.

TRUSTEE shall hold, manage, invest and reinvest the property of the Trust and shall collect and receive the income therefrom and, after deducting all necessary expenses incident to the administration of the Trust, shall dispose of the corpus and income

4

TRUST 865

05/02/2000 16:33   9187445888   THE TRUST CO OF OK   PAGE 26

of the Trust as follows:

1) During the lifetime of TRUSTOR, TRUSTEE shall distribute the net income of the Trust to TRUSTOR or, if designated by TRUSTOR, to TRUSTOR'S revocable trust under indenture dated the 26th day of December, 1974, no less frequently than annually.

2) During the lifetime of TRUSTOR, TRUSTEE shall distribute so much of the corpus as is necessary to provide for the health, support, maintenance, and education of TRUSTOR, taking into consideration other assets and income available therefor and the standard of living to which TRUSTOR has been accustomed.

3) Upon the death of TRUSTOR, the corpus and undistributed income from this Trust shall be distributed to such of TRUSTOR'S ISSUE, and in such proportions, whether outright or in Trust, as TRUSTOR shall appoint in TRUSTOR'S Last Will and Testament or by a written instrument properly acknowledged before a notary public, as in a deed. This limited power of appointment shall be exercised only by specific reference thereto.

4) If TRUSTOR fails to exercise the power of appointment provided in ¶ 3, above, then the corpus and undistributed income shall be administered and distributed as follows:

During the term of this Trust, if any, after the date of death of TRUSTOR, TRUSTEE shall distribute the net income of this Trust no less frequently than annually to TRUSTOR'S surviving ISSUE as of the date of such distribution. In determining ISSUE and shares to take:

i) The then surviving members of each generation to take (beginning with the first generation below TRUSTOR), shall share equally, if all of that generation survive termination (or if any deceased member leaves no surviving ISSUE on date of termination). If none of said generation survives termination, the then surviving members of the second generation to take shall share all equally, if they all survive termination (or if any deceased member leaves no surviving ISSUE on date of termination); and so forth through succeeding generations.

ii) If any generation has one or more members who survive termination, and one or more members who predecease termination leaving surviving ISSUE on date of termination the whole amount shall be divided into equal shares for the said then surviving member or members and the deceased members having surviving ISSUE on date of termination. The said surviving members of that generation shall receive their equal share. The share for the deceased member leaving surviving ISSUE on date of termination (or the total of the shares for the deceased members leaving surviving ISSUE on date of termination) shall be divided equally among the next generation members who are descended from the deceased member or members of the older generation; and so forth through succeeding generations.

It is TRUSTOR'S intention that ISSUE who take and who are in the same degree of relationship to TRUSTOR shall share equally.

iii) TRUSTEE, during the continuance of the Trust, shall distribute so much of the corpus of this Trust as is necessary to provide for the health, support, maintenance and education of TRUSTOR'S ISSUE, taking into consideration other assets and income available therefore and the standard of living to which each such person has been accustomed.

5

TRUST 866

RECEIVED TIME MAY. 2. 4:35PM   PRINT TIME MAY. 2. 4:45PM

5) This Trust shall terminate on the earlier of: (1) December 31, 2046, (2) twenty-one years after the date of the last to die of TRUSTOR and TRUSTOR'S ISSUE (in existence on the date this Trust is executed), or (3) the date of the last to die of TRUSTOR and all of TRUSTOR'S ISSUE (i.e. all descendants). Upon termination, or as soon thereafter as practical, the remaining corpus and undistributed income shall be distributed to TRUSTOR'S then surviving ISSUE. In determining ISSUE and shares to take:

a) The then surviving members of each generation to take (beginning with the first generation below TRUSTOR), shall share equally, if all of that generation survive termination (or if any deceased member leaves no surviving ISSUE on date of termination). If none of said generation survives termination, the then surviving members of the second generation to take shall share all equally, if they all survive termination (or if any deceased member leaves no surviving ISSUE on date of termination); and so forth through succeeding generations.

b) If any generation has one or more members who survive termination, and one or more members who predecease termination leaving surviving ISSUE on date of termination the whole amount shall be divided into equal shares for the said then surviving member or members and the deceased members having surviving ISSUE on date of termination. The said surviving members of that generation shall receive their equal share. The share for the deceased member leaving surviving ISSUE on date of termination (or the total of the shares for the deceased members leaving surviving ISSUE on date of termination) shall be divided equally among the next generation members who are descended from the deceased member or members of the older generation; and so forth through succeeding generations.

It is TRUSTOR'S intention that ISSUE who take and who are in the same degree of relationship to TRUSTOR shall share equally.

If TRUSTOR leaves no surviving ISSUE such distribution shall be made to HOLY ANGELS RESIDENTIAL FACILITY, and its successor or successors, in Shreveport, Louisiana.

ARTICLE VII

1) Notwithstanding ARTICLE VI, if a beneficiary is under the age of thirty-five (35) years at the time of the termination of this Trust, such beneficiary's share shall become a Trust for the primary benefit of such beneficiary, under the provisions of this Indenture, until such beneficiary has attained the age of thirty-five (35) years, at which time the corpus and undistributed income from such beneficiary's Trust shall be distributed to said beneficiary. If such beneficiary dies before attaining the age of thirty-five (35) years, the corpus and undistributed income from such beneficiary's Trust shall be distributed to any persons or entities (including the estate, creditors, and creditors of the estate of the beneficiary described in the first sentence of this paragraph) and in such proportions, whether outright or in Trust, as such beneficiary shall appoint in such beneficiary's Last Will and Testament or by a written instrument properly acknowledged by a notary public, as in a deed. This general power of appointment shall be exercised only by specific reference thereto. If such beneficiary fails to exercise the power of appointment, then the corpus and undistributed income shall be used to pay the estate, inheritance, generation skipping transfer and succession taxes, if any, arising by reason of the inclusion of this trust corpus in

6

TRUST 867

05/02/2000 16:33   9187445088                THE TRUST CO OF OK                    PAGE   28

such beneficiary's taxable estate and the balance shall be distributed to the heirs at law of such beneficiary as though such beneficiary had died single and intestate under the laws of the State of Oklahoma on the date of such beneficiary's death. TRUSTEE, in TRUSTEE'S discretion, may use so much of the income and/or corpus from such beneficiary's Trust as is necessary for the purpose of providing health, support, maintenance and education of such beneficiary during the continuance of such Trust, taking into consideration other assets and income available therefor and the standard of living to which such beneficiary has been accustomed. The preceding provisions of this ¶ 1 notwithstanding, TRUSTEE shall distribute so much of the income as is necessary to reduce the net taxable income of the Trust to a level just below the top Federal income tax bracket. If such beneficiary is under the age of eighteen (18) years, such net income shall be distributed to a Custodian for such beneficiary selected by TRUSTEE, under the Oklahoma Uniform Transfers to Minors Act, until such beneficiary attains the age of eighteen (18) years.

2)  If a beneficiary of a Trust, created under this Indenture, other than a one under the age of thirty-five (35) years, is adjudicated incapacitated by a Court of competent jurisdiction or if a licensed physician has certified, in writing, to TRUSTEE that such beneficiary does not have the physical or mental capacity to manage such beneficiary's financial affairs, TRUSTEE shall retain the share of such beneficiary in a Trust or Trusts, under this Indenture, until the earlier of:

A.  the death of such beneficiary;

B.  such beneficiary is adjudicated by a Court of Competent Jurisdiction to be no longer incapacitated; or

C.  a licensed physician has certified, in writing, to TRUSTEE that such beneficiary has regained such beneficiary's physical and mental capacity to manage such beneficiary's financial affairs.

Upon the occurrence of the event in ¶¶ B or C of the preceding sentence, TRUSTEE shall distribute to such beneficiary the remaining corpus and undistributed income in such beneficiary's Trust or Trusts. Upon the death of such beneficiary, TRUSTEE shall distribute the remaining corpus and undistributed income in such beneficiary's Trust or Trusts to such beneficiary's heirs at law as though he had died single and intestate under the laws of Oklahoma on the date of his death.

During the continuance of such Trust or Trusts, TRUSTEE shall distribute so much of the income and/or corpus as is necessary to provide for the health, support, maintenance and education of such beneficiary, taking into consideration other income and assets available therefor and the standard of living to which such beneficiary has been accustomed. Any income not distributed in any year shall be accumulated and become a part of the corpus of such Trust or Trusts.

3)  At any time when the aggregate asset value of any Trust created herein is, in TRUSTEE'S opinion, less than an amount which can be prudently continued in Trust for the benefit of the beneficiaries of such Trust (taking into consideration the intended purposes of such trust), TRUSTEE is authorized to terminate such Trust and distribute all corpus and undistributed income to the then income beneficiaries thereof in the same proportions as such beneficiaries are entitled to the income therefrom. The foregoing opinion shall not be exercised in an arbitrary manner. If income distributions are discretionary with TRUSTEE, TRUSTEE shall, if

7

TRUST 868

RECEIVED TIME MAY. 2.   4:35PM                    PRINT TIME MAY. 2.   4:45PM

TRUSTEE chooses to terminate said Trust, distribute all corpus and undistributed income equally to all income beneficiaries thereof. If a distributee is under the age of eighteen (18) years at the time of such distribution, TRUSTEE is authorized, in TRUSTEE'S discretion, to make such distribution to a Custodian, selected by TRUSTEE, under the Oklahoma Uniform Transfers to Minors Act for the benefit of such beneficiary.

## ARTICLE VIII

If LORICE T. WALLACE dies or is unable or unwilling to serve as TRUSTEE, RONALD J. SAFFA and TRUST COMPANY OF OKLAHOMA, and its successor or successors, shall serve as CO-TRUSTEES. If RONALD J. SAFFA dies or is unable or unwilling to serve as CO-TRUSTEE, TRUST COMPANY OF OKLAHOMA, and its successor or successors, shall serve as sole TRUSTEE.

Notwithstanding the provisions of the first paragraph of ARTICLE V, TRUSTOR reserves the right and power to remove a TRUSTEE, to appoint a successor TRUSTEE or successor TRUSTEES and to change the succession of TRUSTEES by a written instrument properly acknowledged before a notary public as in a deed.

If the question is raised as to the ability of any individual TRUSTEE to serve, a certificate in writing by a physician then attending such TRUSTEE to the effect that such person is incapable of serving as TRUSTEE, shall be binding upon such person and the Trust.

The Successor Trustees shall be responsible only for the assets deposited with them at the time of their taking over and active participation as Successor Trustees. In addition, the Successor Trustees shall not be obligated or required to audit or investigate the acts or accounts of the Predecessor Trustees hereunder and the acts and accounts of the Predecessor Trustees shall be binding insofar as Successor Trustees are concerned.

## ARTICLE IX

TRUSTOR intentionally omits any provisions for any persons for whom no provisions have been made in this Trust. This intention to omit specifically includes, but is not limited to, any child and the issue of any deceased child not named or provided for herein. It is TRUSTOR'S intent that the income and corpus in this Trust shall be distributed as provided in this Indenture and to no others.

If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, or any of the provisions for distribution, that person or those persons shall receive no distribution from this Trust and distribution shall be made as though that person or persons did not exist.

## ARTICLE X

The situs of the Trust is the State of Oklahoma and this Trust is to be construed according to the laws of Oklahoma.

This Indenture shall be binding upon the TRUSTOR, TRUSTOR'S heirs, personal representatives, successors, and assigns; upon the beneficiaries herein named, their heirs, personal representatives, successors and assigns; and upon TRUSTEE, TRUSTEE'S successors and assigns in the Trust.

8

TRUST 869

05/02/2000 15:33   9187445088   THE TRUST CO OF OK   PAGE 38

IN WITNESS WHEREOF, TRUSTOR and TRUSTEE have executed this Indenture the day and year first above written.

_____
LORICE T. WALLACE,
TRUSTOR

_____
LORICE T. WALLACE,
TRUSTEE

_____
RONALD J. SAFFA,
SUCCESSOR CO-TRUSTEE

TRUST COMPANY OF OKLAHOMA

By _____
Vice President,
SUCCESSOR CO-TRUSTEE

## ACKNOWLEDGEMENT

STATE OF OKLAHOMA,   ) ss:
COUNTY OF TULSA,     )

Before me, a Notary Public, in and for said County and State, on this 8th day of February, 1996, personally appeared LORICE T. WALLACE, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

_____
NOTARY PUBLIC

My Comm. Expires: 2/5/98

"EXHIBIT A"

Cash                                                                $100.00

TRUST 870                 9

RECEIVED TIME MAY. 2. 4:35PM      PRINT TIME MAY. 2. 4:44PM

05/02/2000 16:33   9187445088                THE TRUST CO OF OK                    PAGE 02

EXHIBIT C

# THE LORICE T. WALLACE IRREVOCABLE TRUST

This trust agreement is executed on the 11th day of September, 1992, by LORICE T. WALLACE, resident of Tulsa, Oklahoma, (the "grantor") and TRUST COMPANY OF OKLAHOMA, of Tulsa, Oklahoma, (the "trustee"), on the following terms and conditions:

## ARTICLE I

### Purposes and Funding the Trust

A. The grantor creates this trust as a means by which assets, which may include one (1) or more policies of insurance on her life, may be held for the benefit of her family, on the terms and conditions set forth in this instrument. It is the grantor's intent in creating this trust that all gifts made to this trust be complete and gifts of present interests for federal gift tax purposes, and that the assets of this trust, including any life insurance proceeds, be excluded from her gross estate for federal estate tax purposes. All provisions of this trust shall be construed in such a manner as best to effect these intents.

B. The grantor transfers to the trustee the property listed in Schedule A, to be held and administered according to the terms of this trust. The grantor and anyone else may transfer additional property to the trustee at any time, whether during the grantor's lifetime or after her death, to be held and administered according to the trust's terms. The trustee may refuse to accept any gift to a trust hereunder if the trustee deems it to be in the best interests of the trust and its beneficiaries, and the trustee may accept it subject to one (1) or more conditions imposed by the donor of the trustee, if the trustee deems it to be in the best interests of the trust and the

EXHIBIT 10

EXHIBIT E

TRUST 716

RECEIVED TIME MAY. 2.  4:35PM            PRINT TIME MAY. 2.  4:47PM

05/02/2000  16:33    9187445888                THE TRUST CO OF OK                           PAGE  03

eficiaries. No condition imposed on a gift and accepted by the trustee may in any way alter, amend, or change the rights of a beneficiary with respect to any prior gifts. The grantor retains no right, title, or interest in any trust property.

## ARTICLE II

### Irrevocability

This trust and all interests in it are irrevocable, and the grantor has no power to alter, amend, revoke, or terminate any trust provision or interest, whether under this trust or under any statute or other rule of law.

## ARTICLE III

### Annual Demand Power

During the grantor's life, the following demand powers shall exist with respect to contributions to the trust:

A. Immediately following any contribution to the trust, each of the grantor's then-living children shall have the right to withdraw an amount equal to a proportionate share of such contribution. Such proportionate share will be the amount of such contribution, divided by the number of the grantor's then-living children at the time of the contribution. If any of the grantor's children demands and receives a distribution in excess of the amount he or she is authorized to receive under this paragraph A, the trustee shall immediately notify such child in

2

TRUST 717

RECEIVED TIME MAY. 2  4:35PM                              PRINT TIME MAY. 2  4:47PM

05/02/2000 16:33   9187445098                           THE TRUST CO OF OK                           PAGE 04

writing, requiring the prompt repayment of such excess amount. This demand power takes precedence over any other power or discretion granted the trustee or any other person.

B. With respect to the demand powers created under this article, the following rules shall apply:

1. Each of the grantor's then-living children can exercise this demand power by a written request delivered to the trustee.

2. If any such child is unable to exercise this demand power because of a legal disability, including minority, his or her legally authorized personal representative, including (but not limited to) a guardian, committee, or conservator, may make the demand on the beneficiary's behalf, and if there be no such legally authorized personal representative, the trustee will designate an appropriate adult individual who may make the demand on such child's behalf. However, in no event can the grantor make the demand for any of her children, regardless of her relationship to him or her.

3. The trustee must reasonably notify the person who would exercise a child's demand power of its existence and that of any contributions made to the trust that are subject to the power. After receiving such notice at least once, an adult beneficiary may waive further notice by an instrument in writing delivered to the trustee.

4. The demand powers created under this article are generally noncumulative and lapse on the earlier of the last day of the calendar year in which the contribution is made, or sixty (60) calendar days following the date of the transfer to which such powers relate. However, a demand power that is not exercised within the said sixty (60)-day period shall continue to be exercisable by its holder to the extent that the amount subject to such

3

TRUST 718           RECEIVED TIMEMAY. 2   4:35PM              PRINT TIMEMAY. 2   4:47PM

05/02/2000 16:33   9187445088   THE TRUST CO OF OK   PAGE 05

exercise exceeds the greater of five thousand dollars ($5,000) or five percent (5%) of the aggregate value of the assets out of which such demand power could be satisfied. Such continuing demand power shall lapse annually to the extent of the greater of five thousand dollars ($5,000) or five percent (5%) of the aggregate value of the assets out of which such demand power could be satisfied.

5. The trustee may satisfy any demand under this article for a distribution by distributing cash, other assets, or fractional interests in other assets, as the trustee deems appropriate. Without limiting the trustee's power to select assets to satisfy a demand, the grantor prefers that cash or tangible assets be distributed before life insurance policies and other intangible assets, unless the trustee decides that another selection is warranted.

6. "Contribution" means any cash or other assets transferred to the trustee to be held as part of the trust funds. The amount of any contribution is its federal gift tax value, as determined by the trustee at the time of the transfer.

### ARTICLE IV

### During the Grantor's Life

During the grantor's life, the trustee shall hold and administer all funds remaining after the exercise or lapse of all demand powers created under Article III, using some or all of the trust's net income and principal to pay premiums on policies of life insurance on the lives of the grantor, adding to principal any income not so used. In addition, the trustee may distribute to and among the grantor's descendants (in whatever proportions the trustee deems appropriate),

05/02/2000  16:33    9187445000                        THE TRUST CO OF OK                       PAGE  06

so much of the trust principal and income (including all or none) as the trustee deems appropriate for any purpose, provided, however, that no trustee may make any distribution to or for his or her own benefit; nor may any trustee make any distribution to or for the benefit of any individual, which distribution would discharge the trustee's or the grantor's legal obligation to support such individual. Furthermore, the trustee will not use any trust income or principal in a manner that would give the grantor any pecuniary benefit.

## ARTICLE V

### After the Grantor's Death

Upon the grantor's death, the trustee will hold the trust funds, including any funds received on account of the grantor's death, in trust as follows:

A. The trustee will divide the trust fund not disposed of pursuant to paragraph A into as many separate equal shares as are required to provide one (1) separate equal share for each of the grantor's then-living children (as defined in Article X, section B) and one (1) separate equal share for the then-living lawful descendants, collectively, of each of her deceased children having a lawful descendant then living. The trustee will then:

    1. Distribute outright and free of trust one (1) separate equal share to each of the grantor's then-living children; and

    2. Distribute outright and free of trust, subject to the provisions of Article VI, one (1) separate equal share to the then-living lawful descendants, collectively, of each

5

RECEIVED TIME MAY. 2.  4:35PM                    PRINT TIME MAY. 2.  4:47PM

TRUST 720

05/02/2000  16:33   9187445888                          THE TRUST CO OF OK                          PAGE  07

of the grantor's deceased children, such descendants to take per stirpes the share which their ancestor, such deceased child of the grantor, would have taken if living.

B. If all of the beneficiaries of any trust created under this article should die before the trust assets have vested in them, the trustee will distribute all of the remaining assets of each such trust to the grantor's heirs and distributees who would have taken her estate and in such shares as they would have taken it, had she died unmarried and without a valid will.

## ARTICLE VI

### Interests Vesting in a Minor

If, when any trust created by this instrument ends, any principal vests in absolute ownership in any minor beneficiary, the trustee may, if the trustee deems it appropriate to do so, hold such interest in trust until the beneficiary attains age twenty-five (25), paying so much (including all or none) of the trust's net income and principal to the beneficiary as the trustee deems appropriate for the beneficiary's health, education, support, and maintenance, adding to principal any undistributed income. The trustee may make such payments to the beneficiary, or to his or her parent, guardian, or the person with whom the beneficiary resides, without having to look to the proper application of those payments. The trustee may also make any payments to a custodian (who may be the trustee) under any applicable Uniform Transfers (or Gifts) to Minors Act. When the beneficiary attains age twenty-five (25), the trustee will pay him or her all of the remaining trust funds and this trust will end. If the beneficiary dies before attaining age twenty-five (25), the trustee will pay all of such funds to the beneficiary's estate.

TRUST 721

RECEIVED TIME MAY. 2.  4:35PM                     PRINT TIME MAY. 2.  4:47PM