05/02/2000 16:33    9187445088    THE TRUST CO OF OK    PAGE 08

The authority conferred on the trustee is a power only and will not operate to suspend absolute vesting of any property in such beneficiary.

## ARTICLE VII

### Spendthrift Clause

To the extent permitted by law, the beneficiaries' interests will not be subject to their liabilities or creditor claims or to assignment or anticipation.

## ARTICLE VIII

### Uneconomical Trusts

If, after the grantor's death, any trust created under this instrument ever shall have a fair market value of twenty-five thousand dollars ($25,000) or less, the trustee may terminate such trust and distribute the trust funds to the persons to whom the trustee then must or may pay the trust's income, in proportion to their interests in trust income or, if such interests are indefinite, equally to such beneficiaries without regard to their relationship to the grantor. For purposes of this paragraph, any beneficiary entitled to receive support is entitled to receive income.

TRUST 722

RECEIVED TIME MAY. 2. 4:35PM    PRINT TIME MAY. 2. 4:46PM

05/02/2000 16:33   9187445888                THE TRUST CO OF OK                          PAGE  89

## ARTICLE IX

### Merger, Consolidation, and Division

For convenience of administration or investment, the trustee of any trusts created hereunder may:

A. Invest the assets of multiple trusts in a single fund, assigning them undivided interests in such common fund, dividing the income proportionately and accounting for them separately;

B. Merge or consolidate any trust created hereunder together with any other trusts having the same trustee and substantially the same dispositive provisions; and

C. Divide any trust created hereunder into two (2) or more separate trusts, each such trust to contain a fractional share of the assets of the trust before such division.

## ARTICLE X

### Definitions

A. The grantor is single.

B. Grantor's children born of a previous marriage are STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and LISA FRANCES WALLACE.

Grantor has no other child or children, natural or adopted, and no child or children of a deceased child or children, natural or adopted. STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE and PATRICIA WALLACE HASTINGS are referred to here as "my

8

TRUST 723

RECEIVED TIME MAY. 2   4:35PM              PRINT TIME MAY. 2   4:46PM

05/02/2000 16:33   9187445088                THE TRUST CO OF OK                        PAGE 18

then-living children". The words "then-living children" shall not be construed to include LISA FRANCES WALLACE. Grantor has made other provisions for LISA FRANCES WALLACE and it is grantor's intention that LISA FRANCES WALLACE not be a beneficiary under the terms of this trust.

Grantor intentionally omits any provisions for any persons for whom no provisions have been made in this trust. This intention to omit specifically includes, but is not limited to, any child and the issue of any deceased child. It is grantor's intent that her property shall be distributed as provided in this trust and to no others.

If any person shall, in any manner, directly or indirectly, contest the validity of this trust, or any part thereof, that person or persons shall take nothing from her trust and distribution shall be made as though that person or persons did not exist.

C. No person shall be deemed to have survived the grantor for purposes of this trust unless he or she is living on the date thirty (30) days after the date of the grantor's death, as determined by applicable legal death certificates.

D. "Health, education, support, and maintenance" shall be construed in such a manner as to be an ascertainable standard for federal estate and gift tax purposes, such that the exercise, release, or lapse of a power which is limited by this standard will not be taxable for federal estate and gift tax purposes. In this regard, "support" and "maintenance" are synonymous, shall not be limited to the bare necessities of life, and shall be the same as "support and maintenance in reasonable comfort." "Education" shall include (but not be limited to) college and professional education. "Health" shall include (but not be limited to) medical, dental, hospital, and nursing expenses and expenses of invalidism. Unless expressly indicated to the contrary elsewhere in

TRUST 724

RECEIVED TIME MAY. 2.  4:35PM                PRINT TIME MAY. 2  4:46PM

this instrument, no trustee shall be required to consider a beneficiary's other readily available resources in making a distribution for such beneficiary's health, education, support, and maintenance.

E. All tax-related terms mean the same things in this trust instrument as they mean in the Internal Revenue Code of 1986, as amended.

F. "Per stirpes" means by right of representation, and a disposition to an individual and his or her "descendants per stirpes" requires that the individual's children, whether or not living at the time of the disposition, be treated as the original stocks and that a further subdivision be made at each succeeding generation.

G. There are (3) signed originals of this trust. Anyone may rely on a copy of said document as certified by a notary public or similar official to be a true copy of the signed original (and of the amendments or other writings, if any, endorsed on or attached thereto) to the same effect as if such copy were the signed original. Anyone may rely upon any statement of fact certified by anyone who appears from the original document or a certified copy thereof to be a trustee hereunder.

## ARTICLE XI

### Trustee's Powers

A. The trustee is exclusively empowered to do the following, exclusively in the trustee's fiduciary capacity:

05/02/2000  16:33   9187445088          THE TRUST CO OF OK                 PAGE  12

1. To hold and retain all or any property received from any source, without regard to diversification, risk, productivity, or the trustee's personal interest in such property in any other capacity, and to keep all or part of the trust property at any place within the United States or abroad.

2. To invest and reinvest the trust funds (or leave them temporarily uninvested), in any type of property and every kind of investment, including (but not limited to) corporate obligations of every kind, preferred or common stocks, securities of any regulated investment trust, and partnership interests.

3. To participate in the operation of any business or other enterprise, and to incorporate, dissolve, or otherwise change the form of such business.

4. To deposit trust funds in any commercial savings or savings and loan accounts.

5. To borrow money for any reasonable trust purpose and upon such terms, including (but not limited to) interest rates, security, and loan duration, as the trustee deems advisable.

6. To lend trust funds to such persons and on such terms, including (but not limited to) interest rates, security, and loan duration, as the trustee deems advisable; provided, however, that the trustee may not lend money to the grantor's estate without receiving adequate security and an adequate rate of interest.

7. To sell or otherwise dispose of trust assets, including (but not limited to) trust real property, for cash or credit, at public or private sale, and with such warranties or indemnifications as the trustee deems advisable.

11

TRUST 726    RECEIVED TIME MAY. 2.  4:35PM           PRINT TIME MAY. 2.  4:46PM

05/02/2000 16:33  9187445888                THE TRUST CO OF OK                    PAGE 13

8. To buy assets of any type from any person on such terms, including (but not limited to), cash or credit, interest rates, and security, as the trustee deems advisable; provided, however, that the trustee may not buy assets from the grantor's estate other than at their fair market value.

9. To improve, develop, manage, lease, or abandon any trust assets, as the trustee deems advisable.

10. To hold property in the name of any trustee or any custodian or nominee, without disclosing this trust; but the trustee is responsible for the acts of any custodian or nominee so used.

11. To pay and advance money for the trust's protection and for all expenses, losses, and liabilities sustained in its administration.

12. To prosecute or defend any action for the protection of the trust, the trustee in the performance of the trustee's duties, or both, and to pay, contest, or settle any claim by or against the trust or the trustee in the performance of the trustee's duties.

13. To employ persons, even if they are associated with the trustee, to advise or assist the trustee in the performance of the trustee's duties.

14. To determine what is principal or income and what items shall be charged or credited to either.

15. To distribute trust assets in kind or in cash.

16. To execute and deliver any instruments necessary or useful in the exercise of any of these powers.

TRUST 727

RECEIVED TIME MAY. 2. 4:35PM        PRINT TIME MAY. 2. 4:46PM

05/02/2000 16:33   9187445088                        THE TRUST CO OF OK                           PAGE 14

17. To have all the powers, duties and responsibilities included in the Oklahoma Trust Act (60 O.S. 161 and 175.1 to 175.55), as such statutes exist on the date this trust is executed, except as may be changed or modified herein. No repeal or amendment of said statutes shall be effective to change the powers and duties. This trust shall continue in effect with respect to all property which may come into the trust, whether such property has a situs within or without the State of Oklahoma.

B. During the administration of the grantor's estate under applicable state law, the trustee may use the trust funds, in the trustee's discretion, to lend money to and buy assets from the grantor's estate, on such terms and conditions as the trustee deems to be in the best interests of the trust's beneficiaries. The trustee will not, however, make grants to the grantor's estate or otherwise distribute funds except through bona fide loans or purchases, it not being the grantor's intention to make any persons who are not specifically so identified in this instrument, the beneficiaries of any trust created hereunder. However, no trustee shall exercise any power under this paragraph to the extent that such exercise would prevent any interest in this trust which would otherwise do so from qualifying for the federal estate tax marital deduction. If no personal representative is appointed with respect to the grantor's estate under applicable state law, the "administration" of the grantor's estate will include the settlement of debts, claims, and taxes in respect of the grantor's estate by the trustee of any revocable trust or by any other person in actual possession of assets in which the grantor had a legal or equitable interest.

C. With respect to any life insurance policies held as part of the trust funds, the following special rules shall apply:

TRUST 728
RECEIVED TIME MAY. 2.  4:35PM            PRINT TIME MAY. 2  4:46PM

1. The trustee may, in the trustee's discretion, pay any premiums or other charges from trust income or principal. If the trust funds are inadequate to pay such premiums or charges, the trustee may, in the trustee's discretion, do one or more of the following: (a) use any automatic premium loan feature; (b) borrow against any policy cash reserves (whether or not on the policy for which premium or charges will be paid); or (c) elect any automatic nonforfeiture feature. The trustee has no duty to do any of these unless the trustee has received specific written notice that a premium or charge has not been paid.

2. Any additional insurance policies, no matter how acquired (including, but not limited to acquisition by gift, conversion, reissue, consolidation), should be listed on Schedule A, but failure to do so does not affect the trust's policy ownership.

3. The trustee may, in the trustee's discretion, refuse to enter into or maintain any litigation, endorse policy payments, or take other action respecting any trust insurance policies, until the trustee has been indemnified against all expenses and liabilities that, in the trustee's judgment, may be involved in such action.

4. The trustee need not inquire whether or not the trustee or the trust has been designated the beneficiary of any insurance policy or other death benefit, and the trustee need not act with respect to such policies until receipt of written notice that the trustee or the trust is a beneficiary.

D. In making any payment to a minor or disabled beneficiary, the trustee may expend such payments for the benefit of such beneficiary or make such payments to such beneficiary, or to his or her parent, guardian, personal representative, or the person with whom he or she

ides, without having to look to the proper application of those payments. This paragraph does not limit the trustee's powers and must be construed to enable the trustee to give each beneficiary the fullest possible benefit and enjoyment of all of the trust income and principal to which he or she is entitled.

## ARTICLE XII

### The Trustee

A. THE TRUST COMPANY OF OKLAHOMA of Tulsa, its successors and assigns, will be the trustee of this trust.

B. A trustee may designate any individual or institution as a cotrustee, by a written instrument. Any cotrustee or successor trustee may, without liability, accept without examination or review the accounts rendered and the property delivered by any predecessor trustee. Each successor trustee has the same title, powers and duties as the trustee succeeded, without any additional conveyance. A cotrustee so named shall serve only as long as the trustee who appointed such cotrustee (or, if such cotrustee was named by more than one (1) trustee acting together, by the last to serve of such trustees), and such cotrustee shall not become a successor trustee upon the death, resignation, or disability of the trustee who appointed such cotrustee, unless such cotrustee is elected as successor trustee pursuant to paragraph E of this article. Any reference to a "trustee" refers equally to any successor trustee.

C. Any trustee may, from time to time, delegate to any other trustee by written instrument any or all of such trustee's powers (except those, if any, not exercisable by such

15

other trustee). Such delegation may be temporary or permanent, and if temporary, may be for any duration of time or until any event specified by the delegating trustee. Any person dealing in good faith with any trustee may rely without inquiry upon the trustee's certificate with respect to any delegation.

D. No trustee named in paragraph A shall be required to provide surety or other security on a bond.

E. Any trustee may resign by giving written notice specifying the resignation's effective date to each adult beneficiary of the current trust income, to a custodial parent of each minor beneficiary of current trust income, and to the legal guardian of any beneficiary of current trust income having a legal guardian, each determined at the time such notice is given. A corporation authorized to render trust services shall be named successor trustee by majority vote of the income beneficiaries, with the adult beneficiaries voting on their own behalf, one (1) vote being cast for each minor income beneficiary by his or her custodial parent, and one (1) vote being cast by the legal guardian for any beneficiary having a legal guardian. For purposes of this article, the right to receive "support" from the trust is a right to current trust income. Notwithstanding the foregoing, in no event may the grantor vote in the election of any successor trustee.

F. No trustee shall be required to obtain the order of any court to exercise any power or discretion under this trust.

G. No trustee shall be required to file any accounting with any public official. The trustee must, however, maintain accurate records concerning the trust. Each year, furthermore, the trustee shall furnish an annual accounting of the trust's condition, including receipts and

TRUST 731

05/02/2000 16:33   9187445088                THE TRUST CO OF OK                PAGE 18

disbursements, to each adult beneficiary of the current trust income, to a custodial parent of each minor beneficiary of current trust income, and to the legal guardian of any beneficiary of current trust income having a legal guardian, each determined at the time such notice is given. This required accounting may be satisfied by a copy of the trust's federal income tax return, if one is required.

H. Any corporate trustee is entitled to compensation based on its published fee schedule in effect at the time its services are rendered.

I. A trust's sole income beneficiary may remove a corporate trustee which trustee has no power that, if held by the income beneficiary personally would be a general power of appointment for federal estate tax purposes. Multiple income beneficiaries may, by unanimous action, remove a corporate trustee that has no power that, if exercisable by such income beneficiaries unanimously, would be a general power of appointment for federal estate tax purposes. In applying these powers, the following rules apply:

1. Whoever may remove a corporate trustee may also appoint a successor corporate trustee.

2. A power to remove a corporate trustee shall be exercised by a writing delivered to the then-serving corporate trustee, indicating the removal's effective date, the name of the successor trustee, and the successor trustee's agreement to serve.

3. The minor and/or unborn descendants of an individual who are themselves income beneficiaries shall vote on removal of a corporate trustee through a legally appointed guardian, who may not be their ancestor who is himself or herself named as an income beneficiary.

17

TRUST 732

RECEIVED TIME MAY. 2.  4:35PM                PRINT TIME MAY. 2.  4:46PM

05/02/2000  16:33    9187445888                    THE TRUST CO OF OK                    PAGE  19

4. Beneficiaries of successive income interests (other than those following a present lifetime income interest) will be treated as multiple income beneficiaries.

## ARTICLE XIII

### Miscellaneous

A. This trust shall be governed by and construed according to the laws of Oklahoma.

B. Whenever the context of this trust requires, the masculine gender includes the feminine and neuter, and vice versa, and the singular number includes the plural, and vice versa.

IN WITNESS WHEREOF, the grantor and the trustee have hereunto set their hands and seals all as of the day and year first above written.

_____
LORICE T. WALLACE, Grantor

TRUST COMPANY OF OKLAHOMA, Trustee

By: _____

18

TRUST 733

RECEIVED TIME MAY. 2    4:35PM                    PRINT TIME MAY. 2    4:45PM

05/02/2000 16:33   9187445888                     THE TRUST CO OF OK                              PAGE 20

State of Oklahoma )
        ) ss.:
County of Tulsa  )

  Before me, the undersigned, a Notary Public in and for said County and State, on this 11th day of September, 1992, personally appeared LORICE T. WALLACE, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

  Given under my hand and seal of office the day and year last above written.

              _Kathy L. Wilson_
              NOTARY PUBLIC

My Commission Expires: _2-3-94_


State of Oklahoma )
         ) ss.:
County of Tulsa  )

  Before me, the undersigned, a Notary Public in and for said County and State, on this 11th day of September, 1992, personally appeared _Paul H. Mindeman_, to me known to be the identical person who subscribed the names of the maker thereof to the foregoing instrument as its _President_ and acknowledged to me that _he_ executed the same as _his_ free and voluntary act and deed, and as the free and voluntary act and deed of such corporation, for the uses and purposes therein set forth.

  Given under my hand and seal of office the day and year last above written.

              _Kathy L. Wilson_
              NOTARY PUBLIC

My Commission Expires: _2-3-94_

RJS:BJB1090492IWJ1994-21.ITR

19

TRUST 734

RECEIVED TIME MAY. 2   4:35PM                              PRINT TIME MAY. 2   4:45PM

05/02/2000  16:33    9187445888                THE TRUST CO OF OK                    PAGE  21

## SCHEDULE A

Cash            $30,000.00

RJS:BJB\0904921W\1994-21.ITR

TRUST 735        RECEIVED TIME MAY. 2.  4:35PM            PRINT TIME MAY. 2.  4:45PM

EXHIBIT F

# THE TRUST COMPANY OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627
5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105 (918) 744-0553

PAUL H. MINDEMAN, President

May 19, 1998

Lorice T. Wallace
4610 S. Zunis
Tulsa, OK 74105-4915

Re:   Various Wallace Trusts

Good Morning Lorice:

You have named The Trust Company of Oklahoma (TCO) and Ron Saffa as the Successor Co-Trustees of the Lorice T. Wallace Irrevocable Trust that owns a 2% General Partnership interest in The Wallace Family Limited Partnership. You have also named TCO and Ron Saffa as the Successor Co-Trustees of The Lorice T. Wallace Revocable Trust.

You have asked TCO for a firm commitment to accept the above mentioned appointments as Successor Co-Trustee. This matter was discussed with TCO's Discretion Committee on Monday May 18, 1998 at which time the Committee reviewed the nature of the assets owned by The Wallace Family Limited Partnership and the assets in your Revocable Trust as outlined in my letter to you dated June 30, 1997, a copy of which is attached.

The Discretion Committee approved the acceptance of the appointment as Successor Co-Trustee in both of the above mentioned trusts provided the following conditions are approved by you:

1.   TCO as a Successor Co-Trustee will not list for sale or lease with any of your family members any of the real estate owned by either The Wallace Family Limited Partnership or your Revocable Trust. TCO and Ron Saffa will in our discretion employ appropriate real estate appraisers, consultants, brokers, or agents as we shall determine and such expenses shall be charged to each trust. None of your family members will have any say with regard to the management or sale of any real estate, securities or other assets owned by these trusts.

2.   Should any of your family members bring any legal action against the Successor Co-Trustees, the cost of defending such action or actions will be paid from the Partnership or Trust. These costs incurred will be charged against the family member who brought any legal action and deducted from his or her share upon distribution of the assets to family members.

EXHIBIT 38

TRUST 16

Lorice T. Wallace
May 19, 1998
Page Two

3. Before we will agree to accept the appointment as Successor Co-Trustee we must inspect all real estate owned and satisfy ourselves that no environmental problems exist on any of the properties owned.

If you agree with the above three (3) conditions please so indicate by signing a copy of this letter and return in the envelope provided.

Sincerely yours,

*[signature]*

Paul H. Mindeman
President

PHM/sc

cc: Ron Saffa

The undersigned does hereby

✓ Approve

___ Disapprove

of the above outlined conditions.

*[signature]*     6-2-98
Lorice T. Wallace, Trustee    Date
of the Lorice T. Wallace Irrevocable
Trust dated 2/9/96

*[signature]*     6-2-98
Lorice T. Wallace, Trustee    Date
of the Lorice T. Wallace Revocable
Trust dated 12/26/74 as amended
and restated on 10/5/93 as amended

TRUST 17

08/09/2002 15:15  9187445088          THE TRUST CO OF OKLA                    PAGE 01/01

**Mary Roma Jage**
3323 Heritage Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

August 8, 2002
[hand delivered]

Tom Wilkens
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

# EXHIBIT G

Ron Saffa
5310 East 31st #1100
Tulsa, OK

Gentlemen:

This letter is to inform you that I, individually and as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000 ORDER appointing me, hereby terminate your services and appoint the Bank of Oklahoma as Trustee of all Trusts, Lorice T. Wallace Family Limited Partnership and related entities.

The litigation is exponentially increasing and the past legal fees and costs are exorbitant. The stress has imposed an irreparable hardship on all members of my family and the beneficiaries of the Wallace Family Estate.

Please contact Mr. Dave Johnson of the Bank of Oklahoma Private Financial Services at 588-6035 to coordinate the transition which should commence immediately.

Please prepare all files in your possession as of December 31, 1989 to the present for transfer. Thank you.

[Notary stamp: SUSAN MCKEON, Notary Public, State of Oklahoma, Tulsa County, My Commission Expires May 02, 2004]

Mary Roma Jage,
Individually and as Limited
Guardian of the person of
Lorice T. Wallace

cc: Dave Johnson, CFP

STATE OF OKLAHOMA  )
                   ) ss.
COUNTY OF TULSA    )

Subscribed and sworn to before me, a notary public, this 8th day of August, 2002.

My Commission Expires: 5-2-04

Notary Public

08/13/2002  16:49  9187445088                    THE TRUST CO OF OKLA                    PAGE 02/02
AUG.13.2002  4:26PM  BOK PFS                                          NO.904  P.2


**BANK OF OKLAHOMA** N.A.
*Private Financial Services*

August 12, 2002

Ms. Mary Roma Wallace Jage
3323 Heritage Oaks Court
Oakbrook, Illinois 60521

Ms. Patricia Wallace Hastings
2934 East 73rd Place
Tulsa, Oklahoma 74136

Mr. Stephen Paul Wallace
4610 South Zunis
Tulsa, Oklahoma 74105



EXHIBIT H

On behalf of the Bank of Oklahoma Trust Division, I want to thank you for a second opportunity to consider the possibility of Bank of Oklahoma serving as trustee of all Trusts, the Lorice T. Wallace Family Limited Partnership and related entities.

After due consideration, we respectfully decline to serve as trustee of all Trusts, the Lorice T. Wallace Family Limited Partnership and any other related accounts. We appreciate your consideration of our trust services.

Sincerely,

John Howk
Vice President and Trust Officer
Bank of Oklahoma Trust Division
2021 South Lewis, Suite 200
Tulsa, Oklahoma 74104
(918) 748-7246

IN THE DISTRICT COURT OF TULSA COUNTY

STATE OF OKLAHOMA

STEPHEN P. WALLACE, and )
MARY ROMA JAGE, individually and )
as limited guardian of the person of )
LORICE T. WALLACE on her behalf; )
)
            Plaintiffs, )
)
vs. )  Case No.   CJ 2002 04727
)
TRUST COMPANY OF OKLAHOMA, )
an Oklahoma corporation; )
RONALD J. SAFFA; and )
BANK ONE, N.A. )

DISTRICT COURT FILED AUG 1 6 2002 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY

RONALD L. SHAFFER

## PETITION

Comes now the Plaintiffs and for their claims against the Defendants allege and state as follows:

## PARTIES

1. Stephen P. Wallace is bringing this action in his individual capacity as a beneficiary of the Frank A. Wallace Trust of 1974; as the trustee of the Stephen P. Wallace Irrevocable Trust of 1996 which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1992; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, and as a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998.

2. Mary Roma Jage is joining in this action as a party plaintiff in her individual capacity as a beneficiary of the Frank A. Wallace Trust of 1974; as the trustee of the Mary Roma Jage

1

EXHIBIT I

Irrevocable Trust of 1996 which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1992; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, and as a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998.

3. Mary Roma Jage is also the limited guardian of the person of Lorice T. Wallace, an incapacitated person, and is bringing this action on behalf of Lorice T. Wallace who is a beneficiary of the Frank A. Wallace Trust of 1974; is the settlor and a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998, which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; and is settlor and a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, the general partner of the Lorice T. Wallace Family Limited Partnership.

4. Trust Company of Oklahoma is an Oklahoma corporation with offices located in Tulsa County, Oklahoma, and has acted as a financial advisor to Lorice T. Wallace personally and in her capacity as trustee of the Frank A. Wallace Trust, the Lorice T. Wallace Trusts described above and the Lorice T. Wallace Family Limited Partnership.

5. Ronald J. Saffa is an attorney and certified public accountant with offices located in Tulsa County, Oklahoma. Saffa is the nephew of Lorice T. Wallace and cousin to Stephen P. Wallace and Mary Roma Jage. Saffa has acted as accountant, attorney and advisor to Lorice T. Wallace at various times since the death of Frank A. Wallace. Saffa has prepared, or directed the preparation of amendments to the estate plan of Lorice T. Wallace including the restatement of the Lorice T. Wallace Revocable Trust of 1974, and all amendments to said trust, the Lorice