T. Wallace Irrevocable Trust of 1992, the Lorice T. Wallace Irrevocable Trust of 1996 and the Lorice T. Wallace Family Limited Partnership.

6. Trust Company of Oklahoma and Ronald J. Saffa currently serve as the co-trustees of the Lorice T. Wallace Revocable Trust of 1974 as Restated October 5, 1993 and amended February 12, 1998, and the Lorice T. Wallace Irrevocable Trust of 1996, which serves as the general partner of the Lorice T. Wallace Family Limited Partnership. Trust Company of Oklahoma also serves as the trustee of the Lorice T. Wallace Irrevocable Trust of 1992, which is commonly known as the Lorice Wallace Life Insurance Trust.

7. Bank One, N.A., is a national banking association, organized and existing under the laws of the United States of America and the State of Oklahoma with offices located in Tulsa County, Oklahoma, and is the successor in interest to the First National Bank & Trust Company which was nominated as a successor trustee of the Frank A. Wallace Trust of 1974. Bank One is currently serving as trustee of the Frank A. Wallace Trust.

## FACTUAL BACKGROUND

8. Frank and Lorice Wallace were husband and wife. In 1974, they created identical reciprocal trusts, the Frank A. Wallace Trust and the Lorice T. Wallace Trust, and placed certain assets consisting of cash, securities and real estate located in Tulsa County, Oklahoma, in those trusts. Each was the trustee of his or her own trust. They continued to hold those assets as trustees of their respective trusts until Frank Wallace's death in July of 1990.

9. Frank and Lorice Wallace amended their trusts five times during Frank's life. At Frank Wallace's death, certain assets in his trust were transferred in whole or in part to the Lorice T. Wallace trust. The remaining assets in the Frank A. Wallace Trust were to be held in

that trust by Lorice T. Wallace as trustee. Lorice T. Wallace was also the income beneficiary of the Frank A. Wallace trust during her lifetime, with the remainder to be paid to their children upon her death.

10. Soon after Frank Wallace's death, Lorice Wallace was advised to change her estate plan and trusts. She created a life insurance trust for the benefit of three of her children in 1992. She amended her revocable trust and ultimately executed a "restatement" of her trust in October of 1993.

11. In February of 1996, upon the advice of Ronald Saffa, Lorice Wallace created the Lorice T. Wallace Family Limited Partnership to hold substantially all of the family assets. She placed the bulk of the holdings of her revocable trust in the partnership and created an irrevocable trust to become the general partner. At that time Lorice Wallace was still in control of the Wallace family property by virtue of being the trustee of the Frank A. Wallace Trust, the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trusts of 1992 and 1996.

12. During 1997, it became apparent that Ronald Saffa was seeking to control the financial and business activities of Lorice Wallace in his capacity as her legal and tax advisor. Stephen Wallace, who had historically assisted his mother and father with the management of their properties through the Wallace Real Estate Company, the prior operating partnership, was purposefully and systematically excluded from participation in assisting Lorice Wallace, using the vehicle of the new Lorice T. Wallace Family Limited Partnership and his forced resignation as successor co-trustee of the Frank A. Wallace Trust.

13. Several financial and real estate transactions occurred between 1990 and 1999 that

4

now bear directly on the value of the assets of the Lorice T. Wallace Family Limited Partnership and certain assets have been wasted or disposed of under questionable terms. Rents of valuable commercial property have been abated for no good reason and properties liquidated unnecessarily.

## COUNT ONE - BREACH OF TRUST

14. The current trustees of the Lorice T. Wallace Irrevocable Trust of 1996 are Trust Company of Oklahoma and Ronald Saffa. Stephen P. Wallace has made repeated demands upon said trustees to allow a complete accounting of the records of the family limited partnership.

15. As of this date, some records have been furnished, but said trustees have wholly failed to honor their duty to allow inspection of the complete financial records of the Lorice T. Wallace Family Limited Partnership, including its relation to the Lorice T. Wallace Revocable Trust and the Frank A. Wallace Trust. In lieu of said trustees' express obligation, the trustees are requiring written inquiries and are limiting access to financial records by claiming privilege.

16. As a limited partner, Stephen P. Wallace, through his irrevocable trust of 1996, has an unqualified right to inspect and examine the "complete" financial records of the Lorice T. Wallace Family Limited Partnership. As beneficiaries of the Frank A. Wallace and Lorice T. Wallace trusts, Stephen P. Wallace, Mary Roma Jage and Lorice T. Wallace have an unqualified right to accounting information from the trustees for the respective trusts.

17. On August 9, 2002, Mary Roma Jage, acting under an express power conferred upon her as limited guardian of the person of Lorice T. Wallace, terminated Ron Saffa and Trust Company of Oklahoma as trustees of the Lorice T. Wallace Revocable Trust of 1974, as Restated on October 5, 1993, and amended on February 12, 1998. (See attached exhibit A)

5

18. Mary Roma Jage also terminated Trust Company of Oklahoma and Ronald Saffa from all trusts and the Lorice T. Wallace Family Limited Partnership and related entities. (See attached exhibit A.)

19. Due to the history of litigation maintained by Trust Company of Oklahoma and Ron Saffa which conferred no benefit upon the trusts of Lorice T. Wallace or the Lorice T. Wallace Family Limited Partnership, Plaintiffs feel that a gross dissipation and wasting of trust assets will occur unless Trust Company and Saffa are restrained and enjoined from continuing to pay their own attorney fees simply to maintain their status as trustees or to defend their wrongful conduct.

20. Provisions of the Lorice T. Wallace revocable trust (see exhibit B) and a certain letter agreement (See exhibit C) purporting to authorize payment of said fees has been misused by said trustees in order to conduct needless litigation which did not benefit the trusts or partnership and obtain exorbitant fees for themselves and their counsel. When used in such manner, said otherwise valid provisions are unconscionable, are in violation of 60 O.S. § 175.57 (F) and should not be enforced.

21. In that Defendants are presently in control of the property and assets of Plaintiffs, Plaintiffs are without an adequate remedy at law to prevent such wrongful conduct on behalf of said trustees and therefore seek a temporary and a permanent injunction pursuant to 60 O.S. § 175.57 (B)(2) against Trust Company of Oklahoma, Ronald Saffa and Bank One from using those otherwise valid provisions of the above referenced documents to wrongfully breach their positions of trust concerning the Wallace family assets.

22. As an example of the outrageous conduct of Ronald Saffa and Trust Company of

Oklahoma, said trustees persuaded Lorice T. Wallace to restrict a portion of a gift that Lorice T. Wallace wanted to make equally to her children. The gift was in the amount of seventy-five thousand dollars to be divided equally among Stephen Wallace, Roma Jage and Patricia Hastings. Falsely acting as attorney to Lorice T. Wallace, Ronald Saffa advised her that she should not give Stephen Wallace his share of the gift, but should restrict it to reimbursement of mental health expenses. There is no basis for such a restriction. The restriction was imposed by Ronald Saffa out of malice and as a result of undue influence and his abuse of his confidential and fiduciary relationship to Lorice Wallace. This was a deliberate attempt to unfairly distribute assets of the trusts in violation of the terms of those trusts.

23. The actions set forth in paragraph 22 are made more outrageous by the fact that Stephen P. Wallace is in bankruptcy after having to deplete his assets fighting against the actions of the current trustees of his family's trusts. Ronald Saffa and Trust Company of Oklahoma are aware of Stephen P. Wallace's dire economic circumstances and continue to use his family's vast wealth to harass, intimidate and humiliate him by depriving him of income properly payable to his irrevocable trust from the family limited partnership or as gifts from his mother.

24. This stated bias of Ronald Saffa and Trust Company of Oklahoma against Stephen P. Wallace is in direct opposition to their fiduciary obligation to administer the assets of these trusts fairly and evenly among the beneficiaries.

25. It is time for all of this oppressive activity on the part of trustees, Trust Company of Oklahoma, Ronald Saffa and Bank One to stop.

26. Bank One, N.A. is made a party to this action due to its status as trustee of the Frank A. Wallace Trust and the undivided joint interests held between the Frank A. Wallace Trust and

the various Lorice T. Wallace trusts and family partnership. Without participation of the Frank A. Wallace Trust, a complete accounting cannot be had.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. An immediate temporary and permanent injunction prohibiting Trust Company of Oklahoma, Ronald Saffa and Bank One from paying their own attorney fees to defend any action which does not benefit the trusts and partnership that they purportedly serve.

2. Declaratory relief determining that Trust Company of Oklahoma and Ronald Saffa are disqualified from acting as trustees for the Lorice T. Wallace trusts and as general partner of the Lorice T. Wallace Family Limited Partnership on the basis of bias against the beneficiaries of said entities, for wasting trust and partnership assets and for engaging in conduct inconsistent with their fiduciary obligation to account to the beneficiaries of the trusts and the limited partners of the partnership.

3. An immediate accounting and certified audit of the assets and financial transactions of the Frank A. Wallace and Lorice T. Wallace Revocable Trusts of 1974 from 1989 to the present including its participation in the formation or funding of any other trusts, partnerships, corporations or other entities, including, but not limited to the Lorice T. Wallace Irrevocable Trust of 1992, the Lorice T. Wallace Irrevocable Trust of 1996, the Lorice T. Wallace Family Limited Partnership, the irrevocable trusts which form the limited partners of said partnership, and any other similar entities receiving funds from one or all of the above entities. The audit required herein shall be at the sole expense of Stephen P. Wallace.

4. Plaintiffs also seek their costs and expenses including a reasonable attorneys fee for

8

bringing this action pursuant to 60 O.S. § 175.57 (d). .

Respectfully Submitted,

*Robert L. Mitchell*

Robert L. Mitchell, OBA # 6279
Mitchell & Foley
5500 N. Western Ave., Suite 100A
Oklahoma City, OK 73118
Phone:  (405) 767-0404
Fax:    (405) 767-0909

Attorney for Stephen P. Wallace

*Craig Tweedy*

Craig Tweedy, OBA # 9145
202 Wells Building
Sapulpa, OK 74066

Attorney for Mary Roma Jage

(Verification Attached)

9

STATE OF OKLAHOMA       )
                        )  ss.
COUNTY OF ~~TULSA~~ Oklahoma )

I, the undersigned, after first being duly sworn, do upon said oath state that I have read the above and foregoing Petition and that the facts set forth therein are true and correct to the best of my information and belief.

Dated this 16th day of August, 2002.

                                               Stephen P. Wallace

Subscribed and sworn to before me this 16th day of August, 2002.

TRACY L. HENRY
Oklahoma County
Notary Public in and for
State of Oklahoma
Commission # 00013956 Expires

                                               Tracy L. Henry
                                               Notary Public

My Commission Expires:

8/21/04

10

Mary Roma Jage
3323 Heritage Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

August 8, 2002
[hand delivered]

Tom Wilkens
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

Ron Saffa
5310 East 31st #1100
Tulsa, OK

*I Charlotte Lozier received this letter from Roma Jage 9 Aug 02.*

Gentlemen:

This letter is to inform you that I, individually and as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000 ORDER appointing me, hereby terminate your services and appoint the Bank of Oklahoma as Trustee of all Trusts, Lorice T. Wallace Family Limited Partnership and related entities.

The litigation is exponentially increasing and the past legal fees and costs are exorbitant. The stress has imposed an irreparable hardship on all members of my family and the beneficiaries of the Wallace Family Estate.

Please contact Mr. Dave Johnson of the Bank of Oklahoma Private Financial Services at 588-6035 to coordinate the transition which should commence immediately.

Please prepare all files in your possession as of December 31, 1989 to the present for transfer. Thank you.

[Notary stamp: SUSAN MCKEON, Notary Public, State of Oklahoma, Tulsa County, My Commission Expires May 02, 2004]

Mary Roma Jage,
Individually and as Limited
Guardian of the person of
Lorice T. Wallace

cc: Dave Johnson, CFP

STATE OF OKLAHOMA    )
                     ) ss.
COUNTY OF TULSA      )

Subscribed and sworn to before me, a notary public, this 8th day of August, 2002.

My Commission Expires: 5-2-04

_____
Notary Public

EXHIBIT "A"

to her surviving issue, if any. This letter shall be limited to Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of.

3. Article 11, Section 11.13 is hereby added to read as follows:

11.13 It is the intention of the Grantor to prevent and eliminate as much of the disharmony, the destruction of relationships, and disputes among the descendants of the Grantor as possible. Grantor believes that if the descendants of the Grantor are forced to bear the ultimate costs of any litigation and disputes involving the aforementioned parties that such litigation and disputes will most likely be minimized.

The Grantor desires to provide some degree of protection for the beneficiaries, the trustees, the attorneys, accountants, agents, and advisors of the Grantor and the Trustees, of any trust(s) created or by any other trust agreements, and any partner(s) of the Lorice T. Wallace Family, Limited Partnership and their attorneys, accountants, agents, and advisors of the said limited partner(s) of the said limited partnership (hereinafter referred to as the "Indemnified Parties"). Therefore, if any aforesaid person is sued on any matter involving the construction of the terms of the trust, the administration of the trust, or any matter pertaining to the conduct of the trustees of the trust or any matter pertaining to the conduct of any beneficiary of the trust, or which involves the construction of the terms of the trust, the administration of the limited partnership operations, the conduct of the general partner(s) of the limited partnership, or the conduct of any limited partner of the limited partnership, then Grantor directs the Trustee to indemnify and hold harmless the aforesaid indemnified party from any loss, damage, legal fees, or other costs, and to charge such amounts to the trust created herein against the trust principal and income of said descendant to the extent of the exhaustion of the said principal and income of the said trust created for the benefit of said descendant.

4. Except as modified in this instrument, Grantor reaffirms the Trust.

IN WITNESS WHEREOF, the parties have hereto set their hands to duplicates hereof on this 12th day of February, 1998.

_____
LORICE T. WALLACE, Grantor

2

Exhibit "B"

# THE TRUST COMPANY OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627
5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105 (918) 744-0553

PAUL H. MINDEMAN, President

May 19, 1998

Lorice T. Wallace
4610 S. Zunis
Tulsa, OK 74105-4915

Re:   Various Wallace Trusts

Good Morning Lorice:

You have named The Trust Company of Oklahoma (TCO) and Ron Saffa as the Successor Co-Trustees of the Lorice T. Wallace Irrevocable Trust that owns a 2% General Partnership interest in The Wallace Family Limited Partnership. You have also named TCO and Ron Saffa as the Successor Co-Trustees of The Lorice T. Wallace Revocable Trust.

You have asked TCO for a firm commitment to accept the above mentioned appointments as Successor Co-Trustee. This matter was discussed with TCO's Discretion Committee on Monday May 18, 1998 at which time the Committee reviewed the nature of the assets owned by The Wallace Family Limited Partnership and the assets in your Revocable Trust as outlined in my letter to you dated June 30, 1997, a copy of which is attached.

The Discretion Committee approved the acceptance of the appointment as Successor Co-Trustee in both of the above mentioned trusts provided the following conditions are approved by you:

1.  TCO as a Successor Co-Trustee will not list for sale or lease with any of your family members any of the real estate owned by either The Wallace Family Limited Partnership or your Revocable Trust. TCO and Ron Saffa will in our discretion employ appropriate real estate appraisers, consultants, brokers, or agents as we shall determine and such expenses shall be charged to each trust. None of your family members will have any say with regard to the management or sale of any real estate, securities or other assets owned by these trusts.

2.  Should any of your family members bring any legal action against the Successor Co-Trustees, the cost of defending such action or actions will be paid from the Partnership or Trust. These costs incurred will be charged against the family member who brought any legal action and deducted from his or her share upon distribution of the assets to family members.

EXHIBIT "C"

# Wallace Family Declaration of Independence

Comes now the Wallace Family Beneficiaries as stated in the Frank and Lorice Wallace Trusts of December, 1974 and support thereof agree as follows:

1. Frank and Lorice Wallace set up (4) four Irrevocable Trusts for their children;
2. That Lorice T. Wallace is the successor beneficiary of Frank Wallace's Trust and receives the income and interest per the trusts documents;
3. That Lorice T. Wallace and her (4) four children wish to dissolve and distribute <u>any and all</u> Trust assets and Family Limited Partnership assets evenly and immediately;
4. That Mary Roma Jage, Lorice T. Wallace and Stephen P. Wallace have filed suit against the past Trustees which were terminated on August 9, 2002 according the terms of the Trust;
5. That all Wallace Family Heirs wish to dissolve and distribute all family assets evenly after the Certified Audit is completed and not wait until 2046;

Wherefore, we the undersigned do hereby sign our names in family solidarity to end the conflicts between us permanently and with prejudice to re-file any claim.

_____   _____   _____   _____
Lorice T. Wallace            Date       Mary Roma Jage,              Date
                                        individually and as limited guardian
                                        of the person Lorice T. Wallace

_____   _____   _____   _____
Patricia W. Hastings,        Date      Stephen P. Wallace            Date
individually and as limited guardian
of the person Lisa F. Wallace

**EXHIBIT J**

Lorice Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

8/21/2002

Tish,

All I want to do is end this + distribute all the available assets NOW not 25 yrs. from now + what cannot be distributed now can be held by an independent firm to be sold gradually + distributed evenly to all of us.

You have always said you wished Dad's trusts

**EXHIBIT K**

Loriae Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

could be given to you now & not after Mom's gone.

I need the money now & I don't want to wait anymore. If we all agree to end the trusts & distribute the assets no judge can say we can't. That's what I wanted to say to you last wk.

Quit letting Ronnie make all your decisions.

Once we end this everyone

Lorice Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

can go their own way.
You + B.J. need to come over + talk w/ us so we can get this started & keep the $ to us not Ron + Trust Co attorneys. I do not intend to let Steve do anything but split everything evenly. Period. None of us has control over anyone else's inheritance. Call Mom + you + B.J. come over. Rome

Mary Roma Jage
3323 Heritae Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

Tom Wilkens
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

Ron Saffa
5310 East 31st # 1100
Tulsa, OK

August 23, 2002
(hand delivered)

Gentlemen:

It is clear from your announcements in court yesterday that you plan to continue to perpetuate litigation against our family's interest. I am of the opinion that your inexplicable refusal to allow an unrestricted audit of the activities of our family's trusts by a neutral third party and the arrogant and high handed attitude toward me, my mother and my brother has at worst caused and at best contributed to all of this needless litigation.

I understand your need to act according to the terms of the controlling instruments of the trusts and partnership and therefore I am restating my intent of my letter dated August 8, 2002, removing you as trustees of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993 and amended on February 12, 1998. Paragraph 3.05 allows me, acting as a "legally appointed guardian of the person" of Lorice T. Wallace, who is the sole beneficiary "entitled to receive distributions of income from the Trust" to remove any trustee of the trust. The removal is to be "without necessity of court proceedings upon giving thirty (30) days written notice to such trustee, and upon the succession to office of a successor Trustee."

Therefore, this letter is to inform you that I, as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000, order of which you are both aware, in case number PG-99-556 in the Matter of the Guardianship of Lorice T. Wallce, an incapacitated person, pending in the District Court of Tulsa County, Oklahoma, am giving you notice that you are removed as Trustees pursuant to paragraph 3.05 of the referenced trust not later than 30 days from today and upon the acceptance of the appointment of Stillwater National Bank and Trust Company and Heritage Trust Company as trustees of the Lorice T. Wallace Revocable Trust of 1974 as Restated on October 5, 1993 and amended on February 12, 1998.

1

EXHIBIT L

THE TRUST CO OF OKLA    PAGE 04/05

Stillwater National Bank and Trust Company and Heritage Trust Company have offices in Tulsa, Oklahoma, have been in business for in excess of five years and manage assets of approximately $300,000,000.00. Their representatives have agreed to take over as successor trustees upon the completion of the audit and upon approval of the guardianship court. None of our family owns in excess of five percent (5%) of the value of the stock of such trust company or national banking association. They therefore qualify under the terms of the above referenced trust as a successor trustee under paragraph 3.05 of the above referenced trust. You are welcome to contact those entities and verify their qualifications.

Our point of contact with Stillwater National Bank and Trust and Heritage Trust Company is Mike Carroll. He is President and CEO of Heritage Trust Company. His telephone number is 405-848-8899.

This letter is also to notify you both that I request your resignation as trustees of the Lorice T. Wallace Irrevocable Trust of 1996 under the power of appointment reserved to Lorice T. Wallace under the terms of the trust instrument, Article VIII, parargraph two. I am requesting your resignation to preclude my having to file a motion approving my mother's direction to have you removed before the court administering the guardianship. I will then proceed to have the successor trustee approved.

In the court proceeding yesterday You had the audacity to suggest that my actions have not been in my mother's best interest. That is absolutely false. However it appears that your actions have never been in her best interest and have been solely directed toward maintaining control of our family's assets. This conduct is offensive and exhibits your callous indifference to the needs of the beneficiaries of these trusts.

As I stated in my letter of August 6, 2002, the legal fees in these matters have been exorbitant. You have spent $818,960 of our family's money solely in order to maintain your position as successor trustees. Lorice Wallace has not received any benefit from this litigation and neither has any other family member. In fact it has caused untold misery. The questions concerning allegations made by Stephen Wallace could have easily been put to rest by complete disclosure of financial and business records sufficient to verify the statements that you have provided me concerning the financial transactions of the trusts and limited partnership. Your theory that disclosure would generate more litigation has been conclusively proved wrong. Nothing could have generated more litigation than the course of conduct in which you engaged. The litigation was created by refusal to perform your duties under the trust and partnership documents leaving unanswered Stephen's questions about the financial transactions.

It was apparent from the statements of your attorneys yesterday that you plan to continue this vendetta against my brother and that now you are making me the target of your hostility simply because I, as well as my mother, now want all of this litigation stopped. The statement issued as the Wallace Family Declaration of Independence was intended as a demonstration of our desire to end this litigation and its divisive

2

THE TRUST CO OF OKLA   PAGE 05/05

effect on our family, not as our intent to leave our mother destitute and as you put it, "without provision for her welfare."

I implore you to reconsider your positions in this matter and do what is best for our family. Your practice of pitting one child of Lorice Wallace against the other has cost us dearly. All you need to do is simply agree to a certified audit of all trust and partnership activity. Stephen has agreed that the cost of the audit will be taxed against his share of the trusts. If the audit produces no evidence of improper activity, the court will grant you a complete discharge.

Who is it that you are trying to protect by refusing to disclose this information? It is not in anyone's best interest to resist disclosure unless there has been some improper activity by either one or both of you. You have the opportunity to do what you have previously represented to me and the court that you would do and stop this controversy right here and right now.

Therefore, I direct your termination as trustees of the Lorice T. Wallace Revocable Trust of 1974 as restated October 5, 1993 and amended February 12, 1996. I also request your resignation from the Lorice T. Wallace Irrevocable Trust of 1996 in order to avoid the necessity of an adversarial hearing before the guardianship court. Please prepare all files of the trusts and family limited partnership, including all original bank statements, business and financial records for a certified audit to be conducted by a representative to be designated by me.

I await your prompt response to this letter.

Mary Roma Jage
Individually and as Limited Guardian of the person of Lorice T. Wallace.

SUSAN MCKEON
Notary Public, State of Oklahoma
Tulsa County
My Commission Expires: May 02, 2004

STATE OF OKLAHOMA ) 
                  ) ss.
COUNTY OF TULSA   )

Subscribed and sworn to before me, a Notary Public, this 23rd day of August, 2002.

My Commission Expires:
5-2-04

Notary Public #

3