UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:*<br><br>Stephen P. Wallace, an individual,<br><br>    Plaintiff,<br>v.<br><br>Ronald J. Saffa, an individual; James C. Milton, an individual; James E. Poe, an individual; Trust Company of Oklahoma, corporately, and its shareholders and directors,<br><br>    Defendants. | Case No. 1:06CV00402<br>Honorable Reggie B. Walton |
| *Caption of the removed action:*<br><br>In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust.<br><br>Ronald J. Saffa and The Trust Company of Oklahoma,<br>    Petitioners-Appellees,<br><br>vs.<br><br>Stephen P. Wallace,<br><br>    Respondent-Appellant | Oklahoma Supreme Court<br>Case No. 101511<br><br>Appeal from Tulsa County (Oklahoma) Case No. PT-2002-56<br><br>Indirect Contempt of Court |

**DEFENDANTS' REPLY BRIEF REGARDING THEIR
AUGUST 10, 2006 MOTION TO REMAND (DOC. NO. 10)**

This Reply Brief is submitted in support of the August 10, 2006 Motion to Remand, or, in the Alternative, Motion to Dismiss, and Combined Brief (Doc. No. 10), filed by The Trust Company of Oklahoma ("Trust Company"), an Oklahoma trust company, and Ronald J. Saffa

1

(collectively, "the Trustees"), and their attorneys, James C. Milton and James E. Poe, who were also named in the caption of the Complaint filed in this action by Stephen Paul Wallace.

The Trustees are Petitioners in a state trial-court matter, Tulsa County (Oklahoma) Case No. PT-2002-56, which is an action for instructions regarding certain trusts listed in the caption above. The Trustees are trustees of those trusts. In addition, the Trustees are Appellees in a state appellate court matter, Oklahoma Supreme Court Case No. 101511, which is an appeal from a judgment and sentence entered by the District Court of Tulsa County in an indirect civil contempt matter that is collateral to Case No. PT-2002-56. Mr. Milton and Mr. Poe represent Trust Company and Mr. Saffa (respectively) in these state-court litigation matters.

Stephen Paul Wallace is a Respondent in Tulsa County (Oklahoma) Case No. PT-2002-56. Mr. Wallace is the Appellant in Oklahoma Supreme Court Case No. 101511.

As their Reply, Trust Company, Mr. Saffa, Mr. Milton, and Mr. Poe respectfully submit the following:

### ARGUMENT AND AUTHORITIES

As is typical of documents filed by Mr. Wallace, the Response is difficult to follow and at most points unintelligible. It appears that Mr. Wallace has based his primary objection upon Fed. R. Evid. 901(a), claiming that the documents attached to the August 10, 2006 Motion to Remand (Doc. No. 10) are not authenticated. This objection makes very little sense given that Mr. Wallace failed to include, with his notice of removal[1] initiating this action, "a copy of all process, pleadings, and orders served upon [him] in [the removed] action." 28 U.S.C. § 1446(a). It would appear that Mr. Wallace seeks the Court's removal jurisdiction through subterfuge, by attempting to hide the true nature of the removed action. Given that Mr. Wallace bears the

---

[1] The notice of removal is denominated by Mr. Wallace as a "complaint," although its text indicates that it is an attempt to remove Case No. 101511. The effect has been that Case No. 101511 is on hold pending a resolution of the notice of removal.

2

burden of providing the Court with the record of the removed action, it is nothing short of obstructive for Mr. Wallace to object to another party's submission of a portion of the record on the basis of authentication. Nevertheless, attached to this Reply is a declaration showing that the exhibits to the Response are precisely what they appear to be, for purposes of Rule 901.

The second apparent basis for Mr. Wallace's Response is his suggestion that an Oklahoma state trial court cannot restrain Mr. Wallace from proceeding in other courts. [Response, at p. 1, ¶ 2.] Mr. Wallace is apparently arguing that the temporary restraining order that he violated was an improper restraint on Mr. Wallace's access to the courts of other jurisdictions. Mr. Wallace raised this very same issue in his Brief in Chief filed in the removed action, Oklahoma Supreme Court Case No. 101511. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "K", at pp. 20-21.] As stated by Trust Company and Mr. Saffa in their Answer Brief filed in Case No. 101511, the terms of the temporary restraining order violated by Mr. Wallace represent a valid exercise of judicial power. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "L", at pp. 17-18.] "Generally, a burden on a party's right of access to the courts will be upheld as long as it is reasonable." *Firelock, Inc. v. District Court*, 776 P.2d 1090, 1096 (Colo. 1989). Restraints against abusive litigants have been upheld where some right of access to the courts is preserved by the injunction. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *Board of County Commissioners v. Winslow*, 706 P.2d 792, 794-95 (Colo. 1985); *People v. Spencer*, 524 P.2d 1084, 1086 (Colo. 1974); *Huber v. Franklin County Community School Corp.*, 507 N.E.2d 233, 238 (Ind. 1987) ("Injunctive relief may be granted when the plaintiff's production of litigation amounts to an abuse of process."). In 1928, the Oklahoma Supreme Court recognized the power of equity to restrain an action at law. *Davis v. District Court*, 1928 OK 33, ¶ 13, 264 P. 176. *See also Haggard v. Calhoun*, 1956 OK 62, 294 P.2d 836, 840 (affirming an injunction against proceeding further before the Industrial Commission). This power, of course, is to be

used only sparingly. *See Davis v. District Court*, 1928 OK 33, ¶ 13, 264 P. 176. As demonstrated on page 18 of the Answer Brief, the Oklahoma trial court used the temporary restraining order in the most sparing means possible given the circumstances. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "L", at p. 18.]

In a Reply Brief filed with the Oklahoma Supreme Court, Mr. Wallace raised another argument against the scope of the temporary restraining order he violated, this time arguing that *General Atomic Co. v. Felter*, 434 U.S. 12 (1977), and *Donovan v. Dallas*, 377 U.S. 408 (1964), prevented the state trial court from restraining Mr. Wallace's access to federal courts. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "M", at pp. 1-2.] In advancing this argument, Mr. Wallace overlooked the longstanding rule that "if . . . two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other." *Princess Lida of Thurn v. Thompson*, 305 U.S. 456, 466 (1939). This general principle was again recognized by the U.S. Supreme Court in 2006. *Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (2006) (enunciating the general principle that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res"). Applying this rule to the intersection between federal-court bankruptcy jurisdiction and state-court probate jurisdiction, the *Marshall* Court held that, "[t]hus, the probate exception reserves to state probate courts the probate or annulment of a will *and the administration of a decedent's estate*; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 176 S. Ct. at 1748 (emphasis added). The temporary restraining

order was narrowly crafted to prevent Mr. Wallace from interfering with the administration of the estate by asserting his repetitive claims in other courts.

In any event, these issues[2] are now briefed before the Oklahoma Supreme Court in Case No. 101511, the removed action. Mr. Wallace should be required to allow the Oklahoma Supreme Court to complete its review of his arguments on the validity of the temporary restraining order. Removal of the Oklahoma appeal to a federal court in another geographic jurisdiction is an inappropriate interference with the state-court litigation – the precise type of interference that occurred in the months and years preceding the entry of the temporary restraining order.

Finally, the Defendants respectfully note that Mr. Wallace's pattern of litigation is littered with Mr. Wallace's blatant attacks against any court that rules against him. Mr. Wallace has continued this pattern by attempting to add two Oklahoma state-court judges (Tulsa County District Court Chief Judge Gregory K. Frizzell and Oklahoma Supreme Court Chief Justice Joseph Watt) as defendants in this action, by attempting to initiate impeachment proceedings against these two judges, and by defaming the two judges in documents filed in this action. It is a new twist for Mr. Wallace (a Caucasian with Lebanese ancestry) to allege that his troubles are the result of racially-motivated conduct. These allegations by Mr. Wallace are not only insulting but also hollow.[3] One of Mr. Wallace's most frequent litigation targets – Ronald J. Saffa – is Mr. Wallace's cousin and is also of Lebanese ancestry.

---

[2] Mr. Wallace's claim that the temporary restraining order is void was also briefed before the Oklahoma Supreme Court in Case No. 101511. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "K", at pp. 1-9, 14-20.]

[3] Lest there be any question, the Defendants steadfastly deny any racial motivation in their conduct in administering the trusts at issue in the Oklahoma state-court litigation.

5

## CONCLUSION

Defendants Trust Company of Oklahoma, Ronald J. Saffa, James C. Milton, and James E. Poe respectfully request that the Court enter an Order (1) denying Mr. Wallace leave to file his attempted notice of removal in the U.S. District Court for the District of Columbia, attempting to remove Oklahoma Supreme Court Case No. 101511, an appeal of a contempt conviction entered in Case No. PT-2002-56, in the District Court of Tulsa County, State of Oklahoma, or (2) remanding Case No. 101511 to the Oklahoma Supreme Court; and, additionally, (3) dismissing Mr. Wallace's Complaint attempting to assert new causes of action on the basis of lack of proper venue or lack of subject-matter jurisdiction.

> RONALD J. SAFFA, JAMES C. MILTON,
> JAMES E. POE AND THE TRUST COMPANY
> OF OKLAHOMA
> By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

> Stephen P. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma  74133
> *Pro Se*

_____/s/_____
Jennifer L. Sarvadi