In The District Court of the United States
For the District of Columbia

| | |
|---|---|
| Stephen P. Wallace, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case number 1:06CV00402(RBW) |
| | ) |
| Ronald J. Saffa, et al. | ) |
| | ) |
| Defendants. | ) |

Stephen P. Wallace's motion for summary judgment

Memorandum

Rule 56. Summary Judgment

## (a) For Claimant.

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, **at any time after the expiration of 20 days from the commencement of the action** or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

## (e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.** If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"[T]he judicially fashioned doctrine of official immunity does not reach so far as to immunize **criminal conduct proscribed by an Act of Congress**." See SUING JUDGES, A Study of Judicial Immunity, Abimbola Olowofoyeku, Clarendon Press

Oxford, at page 77. "Absolute immunity from criminal liability involves immunity even in cases of alleged malice and negligence. *Fraud, corruption, and other inherently criminal acts . . . . are not covered.* SUING JUDGES, *id supra* at page 78. See also, *United States v. Hastings,* 681 F.2d 706 at 711, n. 17 (11th Cir. 1982), *O'Shea v. Littleton,* 38 L.ed. 2d. 674 at 688 (1974), and *Cooke v. Bangs,* 31 F. 640 (US Cir. Ct. Minnesota, 1887) at page 642.

"No man in this country is so high that he is above the law." No officer of the law may set that law at defiance with impunity. All the officers of the Government, from the highest to the lowest, are creatures of the law, and are bound to obey it. It is the only supreme power in our system of government, and every man, who, by accepting office, participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives. See *INTERNATIONAL POSTAL SUPPLY COMPANY v. BRUCE* (05/31/04) 194 U.S. 601, 48 L. Ed. 1134, 24 S. Ct. at page 609. But immunity from suit is a high attribute of sovereignty -- a prerogative of the State itself -- which cannot be availed of by public agents when sued for their own torts. The Eleventh Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability from wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law. See *OLD COLONY TRUST COMPANY v. CITY SEATTLE ET AL.* (06/01/26) 271 U.S. 426, 46 S. Ct. 552, 70 L. Ed. at page 431. No officer of the law may set that law at defiance with impunity. See *United States v. Lee,* 106 U.S. 196, 220 and *Burton v. United States,* 202

2

U.S. 344. The objection is that, as the real party cannot be brought before the court, a suit cannot be sustained against the agents of that party; and cases have been cited to show that a court of chancery will not make a decree unless all those who are substantially interested be made parties to the suit. This is certainly true where it is in the power of the plaintiff to make them parties; but if the person who is the real principal, the person who is the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit." See *IN RE AYERS.; IN RE SCOTT.; IN RE MCCABE.* 123 U.S. 443, 31 L. Ed. 216, 8 S. Ct. at page 512. The liability of state judicial officials and all official participants in state judicial proceedings under § 2 was explicitly and repeatedly affirmed. The notion of immunity for such officials was thoroughly discredited. The Senate sponsor of the Act deemed the idea "akin to the maxim of the English law that the King can do no wrong. It places officials above the law. It is the very doctrine out of which the rebellion [the Civil War] was hatched." Cong. Globe, 39th Cong., 1st Sess., 1758 (1866) (Sen. Trumbull). Thus, § 2 was "aimed directly at the **_State judiciary_**." Id., at 1155 (Rep. Eldridge). See also id., at 1778 (Sen. Johnson, member of the Senate Judiciary Committee). There was "no difference in the principle involved" between a civil remedy and a criminal sanction. Ibid. See *BRISCOE ET AL. v. LAHUE ET AL.* (03/07/83) 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96, 51 U.S.L.W. at page 359. The Court in *Yates v. Village of Hoffman Estates, Illinois*, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it

3

is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect. *The U.S. Supreme Court, in Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that when a state officer acts under a state law in a manner volative of the Federal constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. A judge's private, prior agreement to decide in favor of one party is not a judicial act. Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his "judicial capacity," the other party's expectation of judicial impartiality is actively frustrated by the scheme. It is the antithesis of the "principled and fearless decision-making" that judicial immunity exists to protect. *Rankin v. Howard,* 633 F.2d 844 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), and *Gregory v. Thompson,* 500 F.2d 59 (9th Cir. 1974).

*18 USC* Sec. *241*        01/19/04
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I - CRIMES
CHAPTER 13 - CIVIL RIGHTS
Sec. 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons

4

go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - <u>They shall be fined under this title or imprisoned not more than **ten years**, or both</u>; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Prepared and submitted by: _/s/ Stephen P. Wallace_
Stephen P. Wallace

Certificate of mailing

I, Stephen P. Wallace, certify that September 11th, 2006, I mailed a true and correct copy of the above and foregoing brief and answer to: Jennifer L. Sarvadi, 225 Reinekers Lane, Suite 700, Alexandria, Virginia 22314.

_/s/ Stephen P. Wallace_
Stephen P. Wallace

5