**MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.**
LAWYERS
3501 SOUTH YALE AVENUE
TULSA, OK 74135-8014
(918) 664-0800

REECE B. MORREL
BARRY O. WEST
RONALD J. SAFFA
MARK A. CRAIGE
JAMES R. HICKS
REECE B. MORREL, JR.

August 16, 2005

OF COUNSEL
PAUL R HODGSON
MAC D FINLAYSON

FACSIMILE
(918) 683-1383

REFER TO OUR FILE
NO. 99784-150

Ms. Mary Roma Jage
1153 Overton Court
Naperville, IL 60540

    Re:    Case No. PT 2002-56
            Lorice T. Wallace Trust and Family Limited Partnership

Dear Mary Roma:

    In regard to your letter of August 4, 2005, the Trustees submit the following observations:

    First, the Trust administration is indeed ongoing at the present time. There has not yet been a finalized determination of net distributable amounts. Expenses continue to be incurred for reasons well known to everyone, quite beyond the control of the Trustees. Allocations of expenses have not been fully determined, and the question of whether forfeiture provisions provided within the Trust documents have been triggered will require court resolution.

    Although you reiterate your objection to the sale of real estate, there is, in this set of circumstances, no feasible way to distribute real estate titled in any of the Trusts except by converting the value into cash.

    Regarding your comment about an audit to be funded by yourself, the Trustees have no objection whatever. In the past, the subject of audit has always presumed to require payment from the Trust, which neither the documents nor the Trust statutes require. You, of course, have received all the Trust Company quarterly statements from the time of your appointment as limited guardian for your mother, so your auditors should be fully able to verify essentially everything from those statements. We assume you are not contemplating trustees resupplying to your auditors the financial documents you have already received.

    Further specific enquiries, if any, could then be directed to Trust Company of Oklahoma, or me. Additionally, your auditors can also contact Gary Barnes, CPA who did an audit for Pat Malloy, the


EXHIBIT II

Ms. Mary Roma Jage
August 16, 2005
Page No. 2

bankruptcy trustee appointed for your brother, or David Payne, CPA who did an audit for your brother after we supplied approximately 5,000 pages of documents.

The Trustees appreciate your reminder of the "spendthrift" provision within revocable trusts as it pertains to the garnishment summons recently received. Be assured the Trustees will endeavor to follow all legal requirements in responding, both procedural and substantive.

As to the estate tax return, you will recall the previous occasion when that request, or the one made by Stephen, was before the Court and disallowed. Nevertheless, the Trustees have no objection to making that document available for review by your auditors, subject to appropriate confidential provisions, in the event they deem it necessary or appropriate.

Certainly it is the intent of the Trustees to fulfill their duties to you and other trust beneficiaries in accordance with the documents, applicable statutes, and court directives. Partial distributions, as you know, are being made at this time. The Trustees do not control the circumstances which prolong the administration process.

        Very truly yours,

        For the Trustees,

        Morrel, West, Saffa, Craige & Hicks, Inc.

        Ronald J. Saffa

RJS:bjb

xc: Tom Wilkins
   Jim Poe
   Jim Milton

\Wallace\136 Jage L08