UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal* ) <br> *Papers filed by Mr. Wallace:* ) <br> **)** <br> STEPHEN P. WALLACE, an individual, ) <br> ) <br>    Plaintiff, ) <br> v. ) <br> ) <br> Ronald J. Saffa ) <br> 6746 South 72nd East Ave. ) <br> Tulsa, Oklahoma  74133 ) <br> ) <br> And ) <br> ) <br> James C. Milton ) <br> 220 E. 20th St. ) <br> Tulsa, Oklahoma  74119 ) <br> ) <br> And ) <br> ) <br> James E. Poe ) <br> 5808 East 63rd St. ) <br> Tulsa, Oklahoma  74136 ) <br> ) <br> And ) <br> ) <br> The Trust Company of Oklahoma ) <br> 6120 S. Yale, Ste. 1900 ) <br> Tulsa, Oklahoma  74136 ) <br>    Defendants. ) | Case No. 1:06CV00402 <br> Honorable Reggie B. Walton |

| | |
|---|---|
| *Caption of the removed action:* ) | |
| ) | |
| In re: The Lorice T. Wallace Revocable Trust ) | Supreme Court Case No. 101511 |
| dated December 26, 1974, as restated effective ) | |
| October 5, 1993 and as amended on February ) | Appeal from Judgment and Sentence |
| 12, 1998, the Lorice T. Wallace Irrevocable ) | entered in collateral indirect civil |
| Trust dated February 8, 1996, and the Lorice T. ) | contempt proceedings within |
| Wallace Irrevocable Trust dated September 11, ) | Tulsa County Case No PT-2002-56 |
| 1992, also known as the Lorice T. Wallace Life ) | |
| Insurance Trust, and the Lisa Frances Wallace ) | Indirect civil contempt of court |
| Discretionary Spendthrift Trust. ) | |
| ) | |
| Ronald J. Saffa and The Trust Company of ) | |
| Oklahoma, ) | |
| Petitioners-Appellees, ) | |
| ) | |
| vs. ) | |
| ) | |
| Stephen P. Wallace ) | |
| ) | |
| Respondent-Appellant ) | |

**DEFENDANTS' MOTION FOR
EXTENSION OF TIME AND MEMORANDUM IN SUPPORT THEREOF**

Defendants Ronald J. Saffa, James C. Milton, James E. Poe, and the Trust Company of Oklahoma and its shareholders and directors, (the "Defendants") by counsel, pursuant to Rule 6(b), Federal Rules of Civil Procedure, respectfully move the Court to enlarge the time within which they must serve an opposition to Plaintiff's Motion for Summary Judgment (Doc. 18) in this matter, through and including October 2, 2006. A copy of the Opposition to Plaintiff's Motion for Summary Judgment is filed concurrently herewith. In support of this Motion, the Defendants state:

(1) The Defendants filed a Motion to Remand or, in the alternative, Motion to Dismiss in August of 2006. In the Motion to Remand, or in the alternative, Motion to Dismiss, the Defendants show the Court that this action is an erroneous attempt to remove an appeal from a collateral proceeding in Oklahoma state court.

2

(2)     Mr. Wallace requested an extension of time to file an opposition to that Motion to Remand or To Dismiss, to which the Defendants consented.

(3)     Mr. Wallace filed his Motion for Summary Judgment by mail on or about September 11, 2006, presumably along with his opposition to the Defendants' Motion to Remand, or in the alternative, to Dismiss.  In his certificate of service, Mr. Wallace indicates that the he sent a copy of his Motion for Summary Judgment to counsel by mail, but in the pleading styled "Plaintiff's Objection to Defendants Sham Reply Brief Pleading of September 19, 2006 And Motion To Strike Sham Pleading In Violation Of FRCP" he indicated that his Motion for Summary Judgment was faxed on the 25th of September, 2006.

(4)     In any event, counsel for the Defendants did not receive the copies from Mr. Wallace.  Defendants discovered that the Motion for Summary Judgment was filed by receiving electronic notice of the motion for summary judgment and Defendants then obtained a copy from the Court.

(5)     The Defendants' Motion to Remand, or in the alternative, to Dismiss was, and still is, pending.  The Defendants have not answered the Complaint, the parties are not at issue, and no discovery has been conducted in this case.   In any event, the Motion to Remand, or in the alternative, Motion to Dismiss, shows that this action is an erroneous attempt to remove an action from another geographical region.  Mr. Wallace's attempt to assert new claims in his removal papers is improper.  This action should be remanded for further proceedings before the Oklahoma Supreme Court.

(6)     Counsel has attempted to obtain Mr. Wallace's consent to an extension of time to permit them to file an opposition to the Motion for Summary Judgment.  However, it appears that, based on voicemail messages between counsel and Mr. Wallace, Mr. Wallace was confused

by Defendants' request, believing it to be a request for leave to file additional pleadings in support of the Defendants' Motion to Remand, or in the Alternative, to Dismiss. Despite good faith efforts to resolve this confusion, the parties could not reach an agreement.

(7) Enlarging the time for these Defendants to respond to the Motion for Summary Judgment until October 2, 2006, will have no material, adverse affect on any party or on the expeditious disposition of this case.

WHEREFORE, the defendants Ronald J. Saffa, James C. Milton, James E. Poe, and the Trust Company of Oklahoma, pray that the Court enter an Order enlarging the time within which it may serve an opposition to the Plaintiff's Motion for Summary Judgment to October 2, 2006.

                                                  RONALD J. SAFFA, JAMES C. MILTON,
                                                  JAMES E. POE AND THE TRUST COMPANY
                                                  OF OKLAHOMA
                                                  By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

>Stephen E. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma  74133
>*Pro Se*

/s/
Jennifer L. Sarvadi
