# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* )<br>)<br>) | |
| Stephen P. Wallace, an individual, ) | Case No. 1:06CV00402 |
| ) | Honorable Reggie B. Walton |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Ronald J. Saffa, an individual; James C. Milton, ) | |
| an individual; James E. Poe, an individual; ) | |
| Trust Company of Oklahoma, corporately, ) | |
| and its shareholders and directors, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| ) | |
| *Caption of the removed action:* ) | |
| ) | |
| In re: The Lorice T. Wallace Revocable Trust ) | Oklahoma Supreme Court |
| dated December 26, 1974, as restated effective ) | Case No. 101511 |
| October 5, 1993 and as amended on February ) | |
| 12, 1998, the Lorice T. Wallace Irrevocable ) | Appeal from Tulsa County |
| Trust dated February 8, 1996, and the Lorice T. ) | (Oklahoma) Case No. PT-2002-56 |
| Wallace Irrevocable Trust dated September 11, ) | |
| 1992, also known as the Lorice T. Wallace Life ) | Indirect Contempt of Court |
| Insurance Trust, and the Lisa Frances Wallace ) | |
| Discretionary Spendthrift Trust. ) | |
| ) | |
| Ronald J. Saffa and The Trust Company of ) | |
| Oklahoma, ) | |
| Petitioners-Appellees, ) | |
| ) | |
| vs. ) | |
| ) | |
| Stephen P. Wallace, ) | |
| ) | |
| Respondent-Appellant ) | |

## DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendants Ronald J. Saffa, James E. Poe, The Trust Company of Oklahoma ("Trust Company"), and James C. Milton respectfully submit this Response to the Plaintiff's Motion for

Summary Judgment (Doc. No. 18). The Plaintiff's Motion for Summary Judgment is based on inadmissible evidence and insufficient "facts," and amounts to nothing more than a re-assertion of the allegations contained in Mr. Wallace's initial pleading. Instead of providing the court with undisputed material facts, the Plaintiff makes conclusory statements of fact and law without substantiation. The Plaintiff's motion should be denied.

RESPONSE TO MR. WALLACE'S STATEMENT OF FACTS

The responding Defendants respectfully submit the following in response to the statement of facts contained in Mr. Wallace's Motion for Summary Judgment (Doc. No. 18). The Defendants' statement of genuine issues of material fact is submitted separately pursuant to LCvR 56.1.

1.      Paragraph 1 of Mr. Wallace's statement of facts, contained in the Motion for Summary Judgment (Doc. No. 18), at page 1, is a statement of legal conclusion, unsupported by evidence, rather than a statement of fact. In paragraph 1, Mr. Wallace states that the Defendants defrauded him and conspired to defraud him. But Mr. Wallace offers no substantiation, nor does he offer any information regarding the underlying elements of such a conclusion. Proving fraud would require that Mr. Wallace show, among other things, that he was deceived by another party's false representations. *Totten v. Bombardier Corp.*, 286 F.3d 542, 552 (D.C. Cir. 2002). At minimum one must show the "time, place, and contents of the false representations." *Id.* Mr. Wallace has not pointed to any specific facts concerning the elements of a fraud claim. Rather, he has simply accused the Defendants of defrauding him, without more.

2.      Paragraph 2 of Mr. Wallace's statement of facts, contained in the Motion for Summary Judgment (Doc. No. 18), at page 1, is a statement of legal conclusion, unsupported by evidence, rather than a statement of fact. In paragraph 2, Mr. Wallace states that the Defendants acted "cohesively under color of law." The term *color of law* "implies a misuse of power made

possible because the wrongdoer is clothed with the authority of the state." *Blacks Law Dictionary*, at 260 (7th ed. 1999). The Defendants consist of a trust company and three lawyers. [Defendants' Statement of Genuine Issues of Material Fact (filed concurrently with this Response), at p. 2, ¶ 2.] A lawyer cannot be found to be acting under color of law merely "by dint of his membership in the bar and status as an officer of the court." *Johnson v. Lewis*, Civil Action No. 06-22 (RWR), 2006 WL 2687017, slip op. at *4 (D.D.C., Sept. 16, 2006) (citing, inter alia, *Polk v. Dodson*, 454 U.S. 312, 318 (1981)). Despite controlling law that would hold against his conclusion, Mr. Wallace provides nothing more than a conclusory statement that the Defendants acted "cohesively under color of law." He provides neither facts nor evidence concerning how the Defendants would have acted with the authority of the state.

3.      Paragraph 3 of Mr. Wallace's Statement of Facts, contained in the Motion for Summary Judgment (Doc. No. 18), at page 1, is a statement of hyperbole and legal conclusion, unsupported by evidence, rather than a statement of fact. In paragraph 3, Mr. Wallace makes an indirect allegation of fraud that is repetitive of the allegation contained in paragraph 1 of the Statement of Facts. Mr. Wallace asserts that the Defendants are "criminals" who violated 18 U.S.C. § 241. Mr. Wallace suggests with hyperbole that the Defendants denied him a fair trial and subjected him to sham legal process. Mr. Wallace even accuses the Defendants of "a veiled death threat." These allegations will be addressed as follows:

Title 18, U.S.C. § 241 provides for criminal penalties for conspiracy "to injure, oppress, threaten, or intimidate . . . any person in the free exercise and enjoyment" of his or her constitutional rights. Mr. Wallace has not provided any material facts to support his claim that the Defendants conspired to deprive him of his constitutional rights. Furthermore, Mr. Wallace has failed to show that any of his constitutional rights have been the subject of injury,

oppression, threats, or intimidation.  Mr. Wallace has done nothing more than make conclusory statements without any underlying support or basis.

Mr. Wallace states that the Defendants "subjected [him] to [a] sham legal process or kangaroo court proceedings."  Document 18, page 1, paragraph 3.  Presumably, Mr. Wallace intends to argue that the Defendants denied him a fair trial or somehow otherwise violated his due-process rights.   As demonstrated by the Defendants' Statement of Genuine Issues of Material Fact, filed concurrently with this Response, Mr. Wallace is in the midst of his state-court appeal from the contempt conviction that he now challenges with his Complaint (Doc. No. 1).  This circumstance raises the procedural quagmire caused by Mr. Wallace's concurrent (1) removal of the state-court appeal and (2) attempted initiation of new claims.  If Mr. Wallace is attempting removal of the state-court appeal, the removal is ineffective.  If Mr. Wallace is attempting the initiation of new claims based upon the alleged denial of due-process rights during the course of the underlying proceedings on indirect civil contempt of court, his claims must fail because he has not yet exhausted the state-court appellate process.  *See Ex parte Royall*, 117 U.S. 241, 251 (1886) (holding that the federal court was not compelled to disrupt state-court criminal proceedings prior to exhaustion of state-court appellate procedures); 28 U.S.C. § 2254(B) (requiring exhaustion of state-court appellate procedures prior to granting habeas corpus relief).  Here, Mr. Wallace himself is disrupting the state-court appellate procedures that he is required to exhaust.

Finally, in Paragraph 3, Mr. Wallace alleges that the Defendants made a "veiled" death threat against him.  Mr. Wallace provides no facts concerning the alleged death threat.  From the context of the statement (and having the benefit of the record of proceedings before the trial court), it would appear to the Defendants that Mr. Wallace fears for his safety in the event that he

is caused to spend time in jail as a result of his conviction of civil contempt of court. The judgment and sentence attached to the Motion to Remand (Doc. No. 10) as Exhibit "E", will show that the trial court took into account Mr. Wallace's special circumstances and provided for (1) mental health treatment and (2) private jail facilities.

4.      Paragraph 4 of Mr. Wallace's Statement of Facts, contained in the Motion for Summary Judgment (Doc. No. 18), at page 1, is a conclusory statement unsupported by admissible evidence. In Paragraph 4, Mr. Wallace states that the Defendants conspired to violate his civil rights. The elements of a civil conspiracy are: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir.1983). In his Motion for Summary Judgment (Doc. No. 18), Mr. Wallace fails to offer any admissible evidence in support of any of these elements. Rather, Mr. Wallace offers only conclusions unsupported by admissible evidence. Furthermore, as demonstrated above, Mr. Wallace cannot raise his allegations of constitutional violations in a federal-court action without first exhausting his state-court appeal.

## ARGUMENT AND AUTHORITY

**A.    Mr. Wallace offers only conclusory statements in support of his Motion for Summary Judgment.**

In a summary judgment proceeding, the movant, the Plaintiff in this case, has the initial burden of showing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If a reasonable jury could find in favor of the non-moving party, the Defendants in this case, on a particular disputed fact then a genuine issue of fact exists and summary judgment should be denied, unless the non-moving party fails to sufficiently "establish

the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex*, 477 U.S. at 322.

Rule 56 of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge" and "shall set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56. However, "wholly conclusory statements for which no supporting evidence is offered need not be taken as true for summary judgment purposes." *Ross. v. Dyncorp*, 362 F. Supp. 2d 344, 351 (D.D.C. 2005) (internal quotations omitted). *See also* 10B Charles Alan Wright et al., *Federal Practice & Procedure* § 2738 (stating that "ultimate or conclusory facts and conclusions of law, as well as statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion.") (3d ed.). "Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded. A party to an action cannot push the other party out of court by swearing he has no case." *Id.* Mere allegations do "not raise a factual issue" sufficient to sustain a motion for summary judgment. *Farrell v. Potomac Elec. Pwr. Co.*, 616 F. Supp. 995, 1000 (D.D.C. 1985).

The Plaintiff's motion does not cite to any source of factual support to substantiate his allegations. Furthermore, the Plaintiff's attached affidavit does not provide factual support for the allegations in his motion. For the most part, the affidavit contains nothing more than broad allegations and conclusions of law or fact. The Plaintiff's beliefs, no matter how genuine, that he has been defrauded and had his civil rights violated are insufficient to sustain his motion for summary judgment. The Plaintiff has not provided any material facts to support his argument that the Defendants either committed fraud or violated his constitutional rights. The Plaintiff cannot prevail in this matter by merely swearing that the Defendants have violated the law. The

Court should disregard such statements and deny the Plaintiff's motion for summary judgment because it is not supported by sufficient material facts.

**B.**     **This action is not properly before the Court because the attempted removal is ineffective in that the contempt proceedings and related appeal do not comprise a separate "civil action" for purposes of 28 U.S.C. § 1441(a).**

Mr. Wallace may not remove Oklahoma Supreme Court Case No. 101511, which is an appeal from an indirect civil contempt conviction, apart from the underlying state-court action in which it was entered.   Section 1441(a) provides for removal of only "civil actions" – not supplemental proceedings incident to a larger civil action.   Proceedings that are ancillary or supplemental to an action pending in the state court – like the underlying contempt proceeding and related appeal – may not be removed if the underlying case remains in state court.  *See Armistead v. C & M Transp., Inc*. 49 F.3d  43, 46 (1st Cir. 1995) (holding that a supplemental action incident to a state-court action is not a proper subject of removal); *Ohio v. Doe,* 433 F.3d 502, 506 (6th Cir. 2006) (raising issue of subject-matter jurisdiction, on a sua sponte basis, and holding that a removable "civil action" under removal statutes must be a separate suit that is not ancillary, incidental, or auxillary to another suit in state court).

Courts have specifically found that contempt proceedings incident to state-court actions are not separately removable "civil cases" under the removal statutes.   *See Scales v. General Motors Corp.*, 275 F. Supp. 2d 871, 873-74 (E.D. Mich. 2003) (holding that a contempt proceeding for failure to pay pension benefits was merely supplemental to a divorce action and not removable); *Dale v. Family Guar. Life Ins. Co.*, 205 F.Supp.2d 620 (holding that a contempt proceeding in an underlying liquidation action is not a separate removable case).

Likewise, in the instant case, the contempt conviction does not qualify as a separate "civil action" which may be removed by Mr. Wallace.  The contempt citation was issued only after the

court determined that the underlying state-court action and the administration of the trusts were improperly and seriously hindered by Mr. Wallace's frequent and baseless filings of claims against the trustees and their agents, in other venues. Allowing Mr. Wallace's requested piecemeal removal of the contempt conviction would contravene the intent of the removal statutes and undermine the interests of judicial economy.

**C.    This action is not properly before the Court because Mr. Wallace's attempted removal in this action is prohibited by the U.S. District Court's previous order holding that Mr. Wallace may not remove the Oklahoma state-court proceedings to the U.S. District Court for the District of Columbia.**

Having established that ancillary proceedings – like the contempt conviction and related appeal – are not separately removable, the Defendants respectfully suggest that any attempt by Mr. Wallace, in the alternative, to remove the entire state-court case would be prohibited by the "law of the case" doctrine. *See LaShawn A. v. Berry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (recognizing the "time-honored" doctrine of law of the case – that "the same issue presented a second time in the same case in the same court should lead to the same result" (emphasis omitted)). Specifically, even if Mr. Wallace's "Complaint" could be read to request such a broad removal, the U.S. District Court for the District of Columbia has already denied an attempt by Mr. Wallace to remove Case No. PT-2002-56. [Motion to Remand (Doc. No. 10), at Exhibit "G".] As noted by the U.S. District Court in its Order, 28 U.S.C. § 1441(a) would require any such attempted notice of removal to be filed in the U.S. District Court for the Northern District of Oklahoma, rather than in the U.S. District Court for the District of Columbia.

**D.    This action is not properly before the Court because the removed action does not fall within the Court's removal jurisdiction.**

Even assuming the contempt conviction were separately removable, neither the ancillary contempt conviction nor the underlying case in which it was entered presents grounds for

subject-matter jurisdiction in the U.S. District Court.  Had Mr. Wallace complied with the procedural requirements in providing the Court with a short and plain statement of the basis of removal under Section 1446(a), and had he attached the documents required by Section 1446(a), the lack of subject-matter jurisdiction would be clear from the face of the "Complaint" itself. However, Mr. Wallace has failed to provide this fundamental information to the Court in his effort to conceal the true nature of the removed state-court proceedings.

Except in circumstances not present here,[1] the Court's removal jurisdiction must be based on either federal question or diversity of citizenship.  28 U.S.C. § 1441(a),(b).  Here, Mr. Wallace rests his claim of removal jurisdiction on an assertion of the existence of a federal question.  [Complaint (Doc. No. 1), at pp. 1-2].[2]

When a case is removed on the basis of a federal question, the plaintiff's well-pleaded complaint, not the removal petition or notice of removal, must establish that the case arises under federal law.  *See Atena Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).  In order for a federal question to exist, the "claimed constitutional or statutory right must be an essential element of the plaintiff's cause of action."  *Crow v. Wyoming Timber Products Co*., 424 F.2d 93, 95 (10th

---

[1]        Mr. Wallace has sought removal in many other instances.  On more than one occasion, Mr. Wallace has sought removal based on the U.S. Bankruptcy Code.  Mr. Wallace initiated Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the Western District of Oklahoma.  The bankruptcy proceedings were transferred to the U.S. Bankruptcy Court for the Northern District of Oklahoma and converted from Chapter 11 to Chapter 7. Ultimately, the U.S. Bankruptcy Court for the Northern District of Oklahoma entered an order denying Mr. Wallace a discharge on the basis of fraudulent statements by Mr. Wallace.  *In re Wallace*, 289 B.R. 428, 436 (Bankr. N.D. Okla. 2003) (denying discharge on basis of false oath made by Mr. Wallace).  It does not appear that Mr. Wallace seeks to rest the instant removal on bankruptcy jurisdiction.

[2]        Mr. Wallace does not assert, nor is there, in fact, diversity jurisdiction.  Mr. Wallace is a citizen of Oklahoma.  *See* In re Wallace, 289 B.R. 428, 430 (Bankr. N.D. Okla. 2003).  Both petitioners in the state-court proceedings, Trust Company and Ronald J. Saffra, are citizens of Oklahoma.  [*See* Motion to Remand (Doc. No. 10), at Exhibit "I".]  Furthermore, neither Mr. Wallace's Complaint nor the operative pleadings identify an amount in controversy that would satisfy the requirement of 28 U.S.C. § 1332(a).

Cir. 1970). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Walker v. Walker*, 267 F. Supp. 2d 31, 32 (D.D.C. 2003).

Here, the Petition for Instructions filed by the Petitioners Trust Company and Ronald J. Saffa in Tulsa County Case No. PT-2002-56 raises no federal question. [*See* Motion to Remand (Doc. No. 10), at Exhibit "I".] The Petition for Instructions is based on state law governing the supervision of the administration of trusts. Indeed, such a question is unique to state law. In Mr. Wallace's Answer, filed in the removed action on November 7, 2002, Mr. Wallace makes no suggestion of a federal issue. [Motion to Remand (Doc. No. 10), at Exhibit "J".]

Likewise, as the appellate briefing of the contempt conviction reveals, the Petitioners' claims in the supplemental contempt proceedings do not arise under federal law. [*See* Motion to Remand (Doc. No. 10), at Exhibits "K", "L", "M".] Although, Mr. Wallace raises federal issues in his defense of the contempt charge, this is insufficient to confer removal jurisdiction. *See Van Allen v. Bell Atlantic-Washington D.C., Inc.*, 921 F. Supp. 830, 832 (D.D.C. 1996) (holding that, for purposes of removal jurisdiction based on federal question, federal defenses must be ignored).

Given the lack of a federal question in the claims asserted by the Petitioners in the underlying trust-administration case and the collateral contempt proceedings, there is no basis for removal jurisdiction here.

**E.    The Complaint (Doc. No. 1) is not properly before the Court because it rests on improper venue.**

In addition to attempting the removal of Oklahoma Supreme Court Case No. 101511, Mr. Wallace's Complaint (Doc. No. 1) also seeks to assert new claims against the Defendants. (Mr. Wallace's amended complaint also seeks to add members of the bench as defendants in this action.) These claims relate to litigation now pending in the District Court of Tulsa County,

State of Oklahoma. The U.S. District Court for the District of Columbia rejected an earlier attempt by Mr. Wallace to assert such claims against the same four defendants and many others. On April 30, 2004, Mr. Wallace filed a Complaint in Case No. 1:04CV00713, in the U.S. District Court for the District of Columbia, naming "more than 100 defendants including, *inter alia*, federal judges, federal prosecutors, the head of the Federal Bureau of Investigation's Tulsa office, and various lawyers, all based in Tulsa, Oklahoma." [Motion to Remand (Doc. No. 10), at Exhibit "N", at p. 2; *id.* at Exhibit "O".] Included among the parties to Case No. 1:04CV00713 were each of the four defendants that Mr. Wallace names in his March 6, 2006 Complaint (Doc. No. 1), as well as the two judicial officers that Mr. Wallace has attempted to add as defendants with his first amended complaint. In Case No. 1:04CV00713, the U.S. District Court for the District of Colombia ruled that "[b]ecause all defendants do not reside in the same judicial district and a substantial part of the events giving rise to plaintiff's claims occurred in Oklahoma, venue in the District of Columbia is improper." [Motion to Remand (Doc. No. 10), at Exhibit "N", at pp. 1-2.]

These essential venue facts have not changed. Mr. Wallace does not allege that these facts have changed. Like the Complaint in Case No. 1:04CV00713, the instant Complaint (Doc. No. 1) is based on actions and events surrounding administration of the Wallace family trusts. These are actions and events that, if they occurred, occurred in Oklahoma. This fact is evident from the pleadings attached to the Defendants' Motion to Remand (Doc. No. 10), the allegations of the Complaint (Doc. No. 1), and the determination made by the U.S. District Court in Case No. 1:04CV00713. [Motion to Remand (Doc. No. 10), at Exhibit "N", at pp. 1-2.]

**F.     Summary judgment should be denied because the Court lacks subject-matter jurisdiction.**

If the Complaint (Doc. No. 1) truly is a complaint – rather than a notice of removal – then the action is dismissable for lack of subject-matter jurisdiction.  This issue was raised by the Defendants' Motion to Remand (Doc. No. 10), which is now at issue before the Court.  The documents attached to the Motion to Remand (Doc. No. 10) show that the District Court of Tulsa County has accepted jurisdiction over the trusts that are at issue in the underlying litigation.  [*See* Motion to Remand (Doc. No. 10), at Exhibits "A", "B", "C", "D", "E", "I", "J", "K", "L", "M".]  Litigation of this type is within the classification of cases that are typically reserved to state courts.  Most certainly, when a duplicative action is initiated in federal court, the prior-filed state-court action is generally allowed to proceed while the federal-court action is typically dismissed or stayed on the basis of abstention.  *See, e.g.*, *Wilbur v. KeyBank N.A.*, 962 F. Supp. 1122, 1134 (N.D. Ind. 1997) (granting motion for abstention where the state court had assumed jurisdiction over the assets of the income beneficiary's estate); *Lawrence v. Cohn*, 778 F. Supp. 678, 685-86 (S.D.N.Y. 1991) (dismissing the complaint on the basis of abstention where the state court had accepted jurisdiction over the res represented by the estate), *vacated on other grounds*, 816 F. Supp. 191 (S.D.N.Y. 1993).

Mr. Wallace has attempted to address this issue, indirectly, by arguing, in his Response (Doc. No. 17) to the Motion to Remand (Doc. No. 10), that an Oklahoma state trial court cannot restrain Mr. Wallace from proceeding in other courts.  [Response (Doc. No. 17), at p. 1, ¶ 2.]  Mr. Wallace is apparently arguing that the temporary restraining order that he violated was an improper restraint on Mr. Wallace's access to the courts of other jurisdictions.  Mr. Wallace raised this very same issue in his Brief in Chief filed in the removed action, Oklahoma Supreme Court Case No. 101511.  [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "K", at pp. 20-21.]

As stated by Trust Company and Mr. Saffa in their Answer Brief filed in Case No. 101511, the terms of the temporary restraining order violated by Mr. Wallace represent a valid exercise of judicial power. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "L", at pp. 17-18.] "Generally, a burden on a party's right of access to the courts will be upheld as long as it is reasonable." *Firelock, Inc. v. District Court*, 776 P.2d 1090, 1096 (Colo. 1989). Restraints against abusive litigants have been upheld where some right of access to the courts is preserved by the injunction. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *Board of County Commissioners v. Winslow*, 706 P.2d 792, 794-95 (Colo. 1985); *People v. Spencer*, 524 P.2d 1084, 1086 (Colo. 1974); *Huber v. Franklin County Community School Corp.*, 507 N.E.2d 233, 238 (Ind. 1987) ("Injunctive relief may be granted when the plaintiff's production of litigation amounts to an abuse of process."). In 1928, the Oklahoma Supreme Court recognized the power of Oklahoma state courts of equity to restrain an action at law. *Davis v. District Court*, 1928 OK 33, ¶ 13, 264 P. 176. *See also Haggard v. Calhoun*, 1956 OK 62, 294 P.2d 836, 840 (affirming an injunction against proceeding further before the Industrial Commission). This power, of course, is to be used only sparingly. *See Davis v. District Court*, 1928 OK 33, ¶ 13, 264 P. 176. As demonstrated on page 18 of the Answer Brief, the Oklahoma trial court used the temporary restraining order in the most sparing means possible given the circumstances. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "L", at p. 18.]

In a Reply Brief filed with the Oklahoma Supreme Court, Mr. Wallace raised another argument against the scope of the temporary restraining order he violated, this time arguing that *General Atomic Co. v. Felter*, 434 U.S. 12 (1977), and *Donovan v. Dallas*, 377 U.S. 408 (1964), prevented the state trial court from restraining Mr. Wallace's access to federal courts. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "M", at pp. 1-2.] In advancing this argument,

Mr. Wallace overlooked the longstanding rule that "if . . . two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other." *Princess Lida of Thurn v. Thompson*, 305 U.S. 456, 466 (1939). This general principle was again recognized by the U.S. Supreme Court in 2006. *Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (2006) (enunciating the general principle that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res"). Applying this rule to the intersection between federal-court bankruptcy jurisdiction and state-court probate jurisdiction, the *Marshall* Court held that, "[t]hus, the probate exception reserves to state probate courts the probate or annulment of a will *and the administration of a decedent's estate*; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 176 S. Ct. at 1748 (emphasis added). The temporary restraining order was narrowly crafted to prevent Mr. Wallace from interfering with the administration of the estate by asserting his repetitive claims in other courts.

The injunction violated by Mr. Wallace – leading to his conviction of indirect civil contempt of court – was an effort by the state court to enforce this longstanding division of responsibilities between state and federal courts. This same division of responsibilities, recognized again by the U.S. Supreme Court this year, results in an absence of subject-matter jurisdiction in this action – to the extent that it is a new federal civil action.

**G.    This action fails for lack of subject-matter jurisdiction because Mr. Wallace has not exhausted his state-court appellate remedies.**

If Mr. Wallace is attempting the initiation of new claims based upon the alleged denial of due-process rights during the course of the underlying proceedings on indirect civil contempt of court, his claims must fail because he has not yet exhausted the state-court appellate process. *See Ex parte Royall*, 117 U.S. 241, 251 (1886) (holding that the federal court was not compelled to disrupt state-court criminal proceedings prior to exhaustion of state-court appellate procedures); 28 U.S.C. § 2254(B) (requiring exhaustion of state-court appellate procedures prior to granting habeas corpus relief). Here, Mr. Wallace himself is disrupting the state-court appellate procedures that he is required to exhaust.

The issues raised by Mr. Wallace in his Complaint (Doc. No. 1) and Motion for Summary Judgment (Doc. No. 18) have been briefed before the Oklahoma Supreme Court in Case No. 101511, the removed action.[3] Mr. Wallace should be required to allow the Oklahoma Supreme Court to complete its review of his arguments on the validity of the temporary restraining order. Removal of the Oklahoma appeal to a federal court in another geographic jurisdiction is an inappropriate interference with the state-court litigation – the precise type of interference that occurred in the months and years preceding the entry of the temporary restraining order. This tactic most certainly is inconsistent with federal law regarding habeas corpus.

**H.    Mr. Wallace's Motion for Summary Judgment should fail because he has made no effort to identify, respond to, or disprove the affirmative defenses held by the Defendants in this action.**

Mr. Wallace's Motion for Summary Judgment (Doc. No. 18) is deficient in that it fails to address the affirmative defenses held by the Defendants in this action. Similarly, Mr. Wallace

---

[3]    Even Mr. Wallace's claim that the temporary restraining order is void was briefed before the Oklahoma Supreme Court in Case No. 101511. [08/10/2006 Motion to Remand (Doc. No. 10), Ex. "K", at pp. 1-9, 14-20.]

fails to identify facts that would be harmful to his claims and that would support the Defendants'
defenses.  As movant, Mr. Wallace bears the burden of showing an absence of evidence which
would support the Defendants' affirmative defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
(1986).  By failing to identify and address key facts that support the Defendants' position, Mr.
Wallace has failed to meet his burden.

Commentators on federal civil procedure have noted the importance of disclosing all
pertinent facts in a motion for summary judgment, even those facts which support the non-
movant's claims.  One commentator stated that "counsel should not deny the existence of facts
favorable to the other side.  Rather, counsel should acknowledge the information but seek to
demonstrate that the matter does not preclude a grant of summary judgment . . . ."  11 James W.
Moore, *Moore's Federal Practice* § 56.10[4][d] (3d ed. 2005).  When the credibility or reliability
of evidence is at issue, a court may properly refuse to grant summary judgment if the moving
party "fails to make a full disclosure of the facts."   10A Charles Alan Wright, et al., *Federal
Practice and Procedure* § 2726 (3d ed. 1998).  By failing to disclose to the Court the steps taken
by the Defendants to protect the trusts and prevent unreasonable and oppressive litigation abuse
by Mr. Wallace, and by failing to disclose his own repetitive and bad-faith litigation conduct,
Mr. Wallace has failed to meet even the very slight burden imposed upon the movant by the
*Celotex Corp.* Court.

In his Motion for Summary Judgment (Doc. No. 18), Mr. Wallace has not identified any
of the Defendants' affirmative defenses, nor has he attempted to respond to them.  Critically, Mr.
Wallace has failed to provide any legal argument against the Defendants' affirmative defenses or
in support of his presumed position that the defenses are inapplicable.  The *Celotex Corp.* Court
explained that the movant "bears the initial responsibility of informing the district court of the

basis for its motion." *Celotex Corp.*, 477 U.S. at 323.  The movant must demonstrate that the applicable controlling law requires a decision in the movant's favor.  11 James W. Moore, *Moore's Federal Practice* § 56.11[8] (3d ed. 2005).  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 245-46 (1986).

This problem is exacerbated by the fact that Mr. Wallace has filed his Motion for Summary Judgment (Doc. No. 18) before the case is at issue.  The Defendants who are filing this Response have filed a Motion to Remand (Doc. No. 10), which includes, as an alternative, a request for dismissal on the basis of improper venue and lack of subject-matter jurisdiction.  If this motion is denied, these Defendants would then have an opportunity to answer the Complaint (Doc. No. 1) and provide their affirmative defenses.  Until this process has taken place, Mr. Wallace cannot identify all of the Defendants' affirmative defenses, much less show them inapplicable under the *Celotex Corp.* standard.

## CONCLUSION

For the above and foregoing reasons, the Defendants, Ronald J. Saffa, James C. Milton, James E. Poe, and The Trust Company of Oklahoma, request that the Court deny the Plaintiff's Motion for Summary Judgment (Doc. No. 18).

RONALD J. SAFFA, JAMES C. MILTON,
JAMES E. POE AND THE TRUST COMPANY
OF OKLAHOMA
By Counsel


LECLAIR RYAN, A Professional Corporation



By: _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of October, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

> Stephen P. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma  74133
> *Pro Se*

/s/

Jennifer L. Sarvadi