Case 1:06-cv-00402-RBW   Document 25-2   Filed 10/02/2006   Page 1 of 8

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* | ) ) ) ) | |
| Stephen P. Wallace, an individual, | ) ) | Case No. 1:06CV00402 |
| Plaintiff, | ) ) | Honorable Reggie B. Walton |
| v. | ) ) | |
| Ronald J. Saffa, an individual; James C. Milton, an individual; James E. Poe, an individual; Trust Company of Oklahoma, corporately, and its shareholders and directors, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| *Caption of the removed action:* | ) ) ) | |
| In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | ) ) ) ) ) ) ) ) ) ) ) ) | Oklahoma Supreme Court Case No. 101511<br><br>Appeal from Tulsa County (Oklahoma) Case No. PT-2002-56<br><br>Indirect Contempt of Court |
| Ronald J. Saffa and The Trust Company of Oklahoma, | ) ) ) | |
| Petitioners-Appellees, | ) ) | |
| vs. | ) ) | |
| Stephen P. Wallace, | ) ) | |
| Respondent-Appellant | ) | |

**STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**

Defendants The Trust Company of Oklahoma ("Trust Company"), Ronald J. Saffa, James

E. Poe, and James C. Milton hereby submit the following statement of genuine issues of material

1

fact, pursuant to D.C. Local Rule LCvR 56.1. This statement is submitted in support of these Defendants' Objection to Plaintiff Stephen P. Wallace's Motion for Summary Judgment (Doc. No. 18).

1. Mr. Wallace filed his "Complaint" in this action on March 6, 2006. [3/6/2006 Complaint (Doc. No. 1).] The Complaint states in its opening paragraph that it is intended to accomplish the removal of Oklahoma Supreme Court Case No. 101511. [*Id.* at p. 1.]

2. Case No. 101511 is Mr. Wallace's appeal from a judgment and sentence entered in a civil indirect contempt proceeding. Case No. 101511 is an appeal that was filed before the Oklahoma Supreme Court. Mr. Wallace is the appellant in Case No. 101511. The appellees include Trust Company and Mr. Saffa. Mr. Poe represents Mr. Saffa in the appeal and in the underlying action. Mr. Milton and his law firm represent Trust Company. Mr. Milton served as a witness in the underlying trial. (Mr. Milton did not serve as trial counsel during the trial.) These facts are supported by the principal briefs filed by the parties to Case No. 101511, which are attached to the Defendants' Motion to Remand (Doc. No. 10), as Exhibits "K", "L", and "M".[1] The appealed-from judgment and sentence is attached to the Motion to Remand (Doc. No. 10) as Exhibit "E".

3. The contempt proceeding is a collateral proceeding within the underlying state trial-court action, Tulsa County Case No. PT-2002-56. Case No. PT-2002-56 is an action filed by Trust Company and Mr. Saffa (through their attorneys, Mr. Milton and Mr. Poe), requesting instructions from the state trial court regarding the administration of certain trusts. These facts are supported by the Petition for Instructions that initiated Case No. PT-2002-56, which is

---

[1] Each of the exhibits attached to the Motion to Remand (Doc. No. 10) are identified and authenticated by a declaration attached to the Defendants' September 19, 2006 Reply (Doc. No. 19).

attached to the Motion to Remand (Doc. No. 10) as Exhibit "I". Mr. Wallace's Answer (containing counterclaims) in Case No. PT-2002-56 is attached to the Motion to Remand (Doc. No. 10) as Exhibit "J".

4. The contempt proceeding dealt with Mr. Wallace's violation of a temporary restraining order entered in Case No. PT-2002-56. The temporary restraining order is attached to the Motion to Remand (Doc. No. 10) as Exhibit "A". The temporary restraining order barred Mr. Wallace, individually and in any other purported pro se or representative capacity on behalf of any other person or entity, "from filing lawsuits or commencing legal proceedings of any kind, in any court or jurisdiction except [the District Court of Tulsa County], based upon any allegations of acts, events, transactions or circumstances in any manner related to or concerning the Trusts or the Trustees, in any capacity." [Motion to Remand (Doc. No. 10), at Exhibit "A", at pp. 4-5.]

5. Exhibit "B" to the Motion to Remand (Doc. No. 10) is the May 27, 2004 Application for Citation of Contempt, which outlines Mr. Wallace's conduct addressed by the contempt proceeding. In particular, Mr. Wallace violated the temporary restraining order by filing a new legal proceeding on April 30, 2004. The new legal proceeding was a lawsuit filed in the U.S. District Court for the District of Columbia, denominated as Case No. 1:04CV00713. [Motion to Remand (Doc. No. 10), at Exhibit "B", at p. 2, ¶ 3.] Case No. 1:04CV00713 purported to name approximately 116 persons, entities, courts, judges, lawyers, and individuals, including the Trustees. [*Id.*] The Complaint filed by Mr. Wallace in Case No. 1:04CV00713 is attached to the Motion to Remand (Doc. No. 10) as Exhibit "O".

6. Based upon the Application for Citation of Contempt, the District Court of Tulsa County issued an Order for Citation for Contempt, a copy of which is attached to the Motion to

3

Remand (Doc. No. 10) as Exhibit "C". The entry of the Order for Citation for Contempt began a series of procedural events that led to a jury trial in which Mr. Wallace was convicted of indirect civil contempt and sentenced to sixty days in the Tulsa County Jail. [Motion to Remand (Doc. No. 10), at Exhibit "E", at pp. 2-3.]

7. During the contempt proceedings, between the date of the jury verdict and the date of the sentencing hearing, Mr. Wallace made two attempts to remove the contempt proceedings to federal courts located outside of Oklahoma. These attempts at removal are identified in the Judgment and Sentence. [Motion to Remand (Doc. No. 10), at Exhibit "E", at p. 2.] Thus, Mr. Wallace's current attempt to remove Oklahoma Supreme Court Case No. 101511 is part of an ongoing pattern of behavior by Mr. Wallace, and represents his third attempt to remove the contempt proceedings to federal courts outside Oklahoma.

8. The Court will find, upon review of the exhibits submitted with the Motion to Remand (Doc. No. 10), that Mr. Wallace has engaged in an extensive pattern of litigation abuse, initiating actions against the Trustees and their agents and employees in courts across the country. He has repeatedly sued lawyers and judges who have crossed his path in his effort to obtain money from and control of various trusts relating to the Wallace family. As one court described it, Mr. Wallace has "a demonstrated history of oppressive litigation behavior including filings and dismissals of unfounded lawsuits, causing the unnecessary expenditure of energy and resources in the defense of meritless claims, and pursuing vexatious writ applications for disqualification of trial court judges whose rulings [he] disapprove[s]." [Motion to Remand (Doc. No. 10), at Exhibit "F", at p. 1]. As a result of these activities, various courts in various circumstances have entered orders against Mr. Wallace imposing filing restrictions and injunctions against further litigation. *See e.g., In re Wallace*, 311 B.R. 601, 602-03 (Bankr. N.D.

Okla. 2004) (describing injunctive relief against Mr. Wallace); *In re Wallace*, 289 B.R. 428 (Bankr. N.D. Okla. 2003) (detailing Mr. Wallace's false statements under oath and ordering denial of Mr. Wallace's discharge in bankruptcy); *In re Wallace*, 288 B.R. 139 (Bankr. N.D. Okla. 2002) (imposing filing restrictions).

9. The U.S. District Court for the District of Columbia has previously rejected Mr. Wallace's attempt to remove Case No. PT-2002-56 to this Court. Mr. Wallace attempted the previous removal by filing a "Notice of Filing of Notice of Removal" in Case No. 1:04CV01730, on October 12, 2004. [Motion to Remand (Doc. No. 10), at Exhibit "H".] In an Order attached to the Motion to Remand (Doc. No. 10) as Exhibit "G", the U.S. District Court, through Judge Richard W. Roberts, held that "Wallace may not remove a civil action filed in Oklahoma to the United States District Court for the District of Columbia." [Motion to Remand (Doc. No. 10), at Exhibit "G", at p. 1.] On this basis, Judge Roberts ordered "that leave to file the Notice of Removal be, and hereby is, DENIED." [*Id.*]

10. Thus, to the extent that his Complaint in this case operates as a notice of removal regarding Oklahoma Supreme Court Case No. 101511, Mr. Wallace is conducting himself in violation of the Court's November 9, 2004 Order entered in *Ronald J. Saffa v. Lorice T. Wallace Revocable Trust*, Case No. 1:04CV01730, in the U.S. District Court for the District of Columbia. [Motion to Remand (Doc. No. 10), at Exhibit "G".]

11. It is unclear whether the Complaint in this case meets the requirements for a notice of removal. Nonetheless, Mr. Wallace has accomplished his apparent objective. By formally notifying the Oklahoma Supreme Court that he had attempted the removal of Case No. 101511, Mr. Wallace obtained an order halting the Supreme Court's consideration of that appeal.

12. To the extent that the Complaint has initiated a new action against the Trustees, then the Complaint represents another violation by Mr. Wallace of the injunctive relief entered by the District Court of Tulsa County in Case No. PT-2002-56. The temporary restraining order (attached to the Motion to Remand (Doc. No. 10) as Exhibit "A") was continued in force and effect as a preliminary injunction by order entered by the District Court of Tulsa County on May 27, 2004. [Motion to Remand (Doc. No. 10), at Exhibit "D".]

13. In addition, the Complaint, if it has initiated a new action against the Trustees, attempts to circumvent the ruling by the U.S. District Court for the District of Columbia in Case No. 1:04CV00713. Mr. Wallace filed his Complaint in that action on April 30, 2004, attempting to assert claims against the Trustees, their agents, and numerous other persons, including judges and attorneys from various litigation actions in Oklahoma. [Motion to Remand (Doc. No. 10), at Exhibit "O", at pp. 1-2 (caption).] The U.S. District Court ordered the dismissal of the Complaint, sua sponte, on the basis that "venue in the District of Columbia is not appropriate under [28 U.S.C.] § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiffs' claim took place in the Northern District of Oklahoma." [Motion to Remand (Doc. No. 10), at Exhibit "N", at p. 3.]

        RONALD J. SAFFA, JAMES C. MILTON,
        JAMES E. POE AND THE TRUST COMPANY
        OF OKLAHOMA
        By Counsel

LECLAIR RYAN, A Professional Corporation


By: _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of October, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

>Stephen P. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma  74133
>*Pro Se*

                                                             /s/
                                            Jennifer L. Sarvadi