UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* | |
| Stephen P. Wallace, an individual, | Case No. 1:06CV00402 |
| Plaintiff, | Honorable Reggie B. Walton |
| v. | |
| Ronald J. Saffa, an individual; James C. Milton, an individual; James E. Poe, an individual; Trust Company of Oklahoma, corporately, and its shareholders and directors, | |
| Defendants. | |
| *Caption of the removed action:* | |
| In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | Oklahoma Supreme Court Case No. 101511 |
| | Appeal from Tulsa County (Oklahoma) Case No. PT-2002-56 |
| | Indirect Contempt of Court |
| Ronald J. Saffa and The Trust Company of Oklahoma, | |
| Petitioners-Appellees, | |
| vs. | |
| Stephen P. Wallace, | |
| Respondent-Appellant | |

**RESPONSE TO SEPTEMBER 25, 2006 MOTION TO STRIKE (DOC. NO. 21)**

Defendants Ronald J. Saffa, The Trust Company of Oklahoma, James E. Poe, and James C. Milton respectfully submit this Response to Stephen Paul Wallace's September 25, 2006 Motion to Strike (Doc. No. 21).

1

In response to Mr. Wallace's September 25, 2006 Motion to Strike (Doc. No. 21), the Defendants respectfully advise the Court that the Local Rules expressly authorize the September 19, 2006 Reply Brief (Doc. No. 19). The September 19, 2006 Reply Brief was directed toward Mr. Wallace's September 13, 2006 memorandum in opposition (Doc. No. 17) to the Defendants' August 10, 2006 Motion to Remand (Doc. No. 10). The Local Rules provide that "[w]ithin five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum." D.D.C. LCvR 7(d).

The Defendants do not understand Mr. Wallace's allegation that they attempted "to sneak a Reply into the Record and commit fraud/deceit upon this Court and the F.R.C.P." [9/25/2006 Motion to Strike (Doc. No. 21), at p. 1.] The Defendants mailed the September 19, 2006 Reply Brief to Mr. Wallace on the day that it was filed, as stated in the certificate of service. The September 19, 2006 Reply contains no attempted fraud or deceit. Mr. Wallace has failed to point to any specific fact supporting his allegations of fraud and deceit.

The Motion to Strike (Doc. No. 21) contains no legal basis for striking the September 19, 2006 Reply Brief (Doc. No. 19). Contrary to Mr. Wallace's apparent suggestion, the mere filing of Mr. Wallace's September 13, 2006 Motion for Summary Judgment (Doc. No. 18) would have no impact on the Defendants' right to reply to the September 13, 2006 memorandum in opposition (Doc. No. 17).

Contrary to Mr. Wallace's suggestion, on page 2 of his September 25, 2006 Motion to Strike, the Defendants have made no admission regarding any of his allegations contained in the September 13, 2006 Motion for Summary Judgment (Doc. No. 18). As demonstrated in the Defendants' October 2, 2006 Response (Doc. No. 25) to the Motion for Summary Judgment, Mr. Wallace's allegations are nothing more than conclusory statements that are wholly unsupported by fact. The record documents submitted as exhibits to the August 10, 2006 Motion to Remand

(Doc. No. 10) will demonstrate that Mr. Wallace was convicted of civil contempt of court for his violation of a temporary restraining order that was designed to put a halt to his strategy of suing the successor co-trustees of the Lorice T. Wallace Revocable Trust, and their counsel, in multiple courts located in geographic areas holding no real connection to the administration of the trust. The state court had assumed *in rem* jurisdiction over the *res* of the trust. Years ago, Mr. Wallace became dissatisfied with the handling of the trust – namely, the successor co-trustees' refusal to violate the terms of the controlling instruments – and began engaging in litigation abuse. When the state court refused to yield to Mr. Wallace's litigation abuse, he began his current strategy of initiating litigation in far-away venues. Although Mr. Wallace continues his litigation abuse, the temporary restraining order and subsequent conviction for civil contempt of court were, at the time, the only means available to the state court to put a stop to the waste that continues to result from Mr. Wallace's behavior.

For these reasons, the September 25, 2006 Motion to Strike (Doc. No. 21) should be denied.

>     RONALD J. SAFFA, JAMES C. MILTON,
>     JAMES E. POE AND THE TRUST COMPANY
>     OF OKLAHOMA
>     By Counsel

LECLAIR RYAN, A Professional Corporation


By:  _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of October, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

>Stephen P. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma  74133
>*Pro Se*

                                                         /s/
                                        Jennifer L. Sarvadi