UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE, an individual, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>RONALD J. SAFFRA, an individual, )<br>JAMES C. MILTON, an individual, )<br>JAMES E. POE, an individual, TRUST )<br>COMPANY OF OKLAHOMA, corporately, )<br>and its shareholders and directors, and )<br>GREGORY FRIZZELL, an individual, )<br>and JOSEPH WATT, an individual, )<br>)<br>      Defendants. ) | **Case No. CIV-06-402 RBW** |

**JOINT MOTION OF DEFENDANTS WATT AND FRIZZELL**
**TO VACATE ENTRY OF DEFAULT**

Defendants, Oklahoma Supreme Court Chief Justice Joseph Watt and Tulsa County Presiding District Judge Gregory Frizzell, (collectively referred to herein as the "Defendants") jointly and specially appear and pursuant to Fed.R.Civ.P.55(c) and LCvR 7(g), respectfully move the Court to set aside and vacate the Default (Dkt. No. 30) entered against them by the court clerk. In support of their joint Motion, Defendants Watt and Frizzell would show the Court as follows:

**STATEMENT OF MATERIAL FACTS**

1.    Plaintiff filed his original Complaint on March 6, 2006. In this Complaint Chief Justice Watt and Judge Frizzell were not named as Defendants.

2.    On July 14, 2006, Plaintiff filed an Amended Complaint, wherein he named Judge Frizzell and Justice Watt as Defendants.

3.    On September 7, 2006, Defendants Watt and Frizzell received a copy of Plaintiff's summons, along with the Amended Complaint (Dkt. No. 6) and a document titled "Complaint."

(Exhibit "A")  This "Complaint" was not file stamped and did not have a case number.  These documents were delivered to each Defendant through their respective office mail systems.  Neither Defendant ever signed for their receipt.

4.	On October 16, 2006, immediately after learning of the default being entered against Frizzell and Watt, undersigned counsel contacted the court clerk's office and sent via facsimile the ECF registration form to obtain electronic filing privileges in this Court.  Counsel was advised that an ECF password would be forwarded in the next few days.  Counsel received the ECF password on the day prior to the filing of the present Motion.

5.	On October 17, 2006, the undersigned counsel spoke by telephone with Plaintiff and advised him of the filing of this Motion and whether or not he had any objection.  Plaintiff stated that Defendants Watt and Frizzell needed to be impeached, rather than defended, and that yes, he did object to the filing of their Motion to Vacate Default.

6.	Defendants advise the Court that this Motion is not being presented for improper reasons or for the purpose of delay and is filed in good faith, for good cause and is based on reasonable grounds.

## ARGUMENT AND AUTHORITIES

**A.	Defendants' failure to respond to Plaintiff's Amended Complaint was not willful.**

Pursuant to Fed. R. Civ. P. 55, the court clerk shall enter a default against a party who fails to plead or otherwise defend against an action.  This is different from a default judgment, however, which can only be granted upon request by the Plaintiff.  Fed. R. Civ. P. 55(b).  In the instant case, the Plaintiff has not made application to the Court for a judgment by default.

An entry of default may be vacated and set aside for good cause shown. Fed. R. Civ. P. 55(c). In deciding whether to vacate an entry of default, the Court should consider 1) whether the default was willful, 2) whether vacating the default would prejudice the plaintiff, and 3) whether a meritorious defense is alleged. *Harris v. District of Columbia*, 159 F.R.D. 315, 316 (D.D.C.1995). In considering these criteria, the Court should resolve all doubts in favor of the party seeking relief from the default. *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C.2005). *See also Jackson v. Beech,* 636 F.2d 831, 838 (D.C.Cir.1980) (the D.C. Circuit advises that when balancing these three factors the court must construe all ambiguous and disputed facts in the light most favorable to the moving party).

The first consideration, whether the default was willful, should be resolved in favor of the Defendants. A default is willful when it results from some affirmative act or deliberate decision to follow a course of action. An example is the party who intentionally refuses to answer or defend a suit, or who makes a tactical decision to purposefully default. This is in contrast to a negligent, or mistaken failure to answer or respond prior to the deadline to do so.

Here, while the reasons behind the failure to respond are not commendable, they nonetheless were not willful. Plaintiff's case was reassigned to alternate counsel in the midst of the Office of Attorney General relocating its entire office to another building. During this transition period, the deadline for responding to Plaintiff's Amended Complaint was overlooked. Also during this time, and prior to the discovery of the entry of default, Plaintiff did not serve the Defendants or the Office of Attorney General a copy of any further pleadings or filings. Only until counsel for the Defendants resumed a normal working environment did a routine online search of the case docket reveal the time limit had elapsed. That same day, undersigned counsel contacted the clerk and obtained the

3

necessary ECF registration forms for electronic filing privileges. This process required counsel to delay filing of this motion until receipt of an ECF password, which was received the day before this Motion was filed.

The district courts of the District of Columbia have held that the "boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc,* 288 F. Supp.2d 22, 26 (D.D.C. 2003)(*citing Gucci Am., Inc. v. Gold Ctr. Jewelry,* 158 F.3d 631, 634 (2d Cir.1998). The delay in responding was not an affirmative decision not to respond, nor was it a deliberate decision to default. Instead, it was an unintentional omission, which immediately upon learning of such, Defendants now take action to correct. *See Whittaker v. District of Columbia*, 228 F.R.D. 378 (D.D.C.,2005) (willfulness found where there was a lapse of seven months from the court's grant of plaintiff's motion for entry of a default judgment against defendant to the filing of the motion to set aside the default judgment); *Harris v. District of Columbia*, *supra*, 159 F.R.D. 315 (D.D.C.1995) (default vacated even though defendants repeatedly missed deadlines, failed to file appropriate papers and even failed to respond to request for entry of default); *Honda Power Equipment Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, (D.D.C. 2003) (defendants' failure to respond was willful where they deliberately failed to answer or assist their counsel); *Cf. Barber v. Tuberville*, 218 F.2d 34, 36 (D.C. Cir. 1954) ("courts have been reluctant to attribute to the parties the errors of their legal representatives.").

B. **Setting aside the Entry of Default will not prejudice the Plaintiff.**

The second criteria to be considered by the Court when deciding to set aside a default is whether such action would prejudice the Plaintiff. Here, there is no prejudice that would result if the Court vacates the default because the case is still in its early stages - no discovery has begun and there are motions still pending before the Court. *Baade v. Price*, 175 F.R.D. 403, 406 (D.D.C.1997). At most, vacating the default will result in the Defendants filing their own dispositive motions, to which the Plaintiff would presumably have to prepare and file a response. Such activities, however, are inherent in any suit and would do no harm to Plaintiff's case, since "delay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c)." *Capital Yacht Club v. Vessel AVIVA*, *supra*, 228 F.R.D. at 394. *See also Quaker Valley School Dist. v. Employers Mut. Liab. Ins. Co. of Wis.,* 96 F.R.D. 423 (E.D.Penn.1983) ("the financial costs inherent in setting aside a default and the concomitant delay in realizing satisfaction on a claim rarely establish the requisite degree of prejudice."). Further, Plaintiff is *pro se*, and therefore does not have the legal fees that a represented party would have.

Given the lack of financial burden on the Plaintiff and the lack of any cognizable harm that would result from vacating the default, there is no prejudice that would preclude this Court from setting the default aside.

C. **Defendants have a meritorious defense to Plaintiff's underlying claims.**

The third and final criteria for the Court to consider in deciding whether or not to set aside a default is whether the Defendants have presented a meritorious defense to the claims in Plaintiff's Amended Complaint. Before proceeding, Defendants note that the procedural history and the background of Plaintiff's present case and related voluminous filings in other jurisdictions have been

admirably reconstructed and set forth by counsel for the other defendants in their Motion to Remand (Dkt. No, 10-1). Thus, the Defendants here will not burden the Court with their own attempt.

Under the standards for vacating a default in this Circuit, a defense is meritorious if it "contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Harris, supra*, 159 F.R.D. at 317, *citing Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C.Cir.1980). In fact, in regard to whether the Defendant has presented a meritorious defense, the D.C. Circuit has allowed "somewhat broad and conclusory" allegations to suffice. *Keegel,* 627 F.2d at 374. Notwithstanding this broad standard, Defendants are clearly immune from Plaintiff's claims asserted in his Amended Complaint for several reasons.

1.  **Plaintiff failed to obtain proper personal service on either Defendant.**

The initial defense Defendants would assert is that Plaintiff failed to properly serve them. In the first paragraph of his First Amended Complaint (Dkt. No. 6) it states that "Plaintiff incorporates, in its entirety, the original complaint filed in this Court on March 6, 2006." Defendants would point out that the complaint filed with the Court on March 6, 2006 is not the same complaint that was mailed to the Defendants. Since there are apparently two different complaints, for the Court's assistance, Defendants will refer to the March 6, 2006 Complaint as "Complaint I" (Dkt. No. 1) and the complaint mailed to the Defendants as "Complaint II." (Exhibit "A")

Complaint II and the Amended Petition were mailed together, leading Defendants to believe that this was the complaint being amended. Additionally, there is a verification attached to Complaint II dated July 14, 2006 - the same day that Plaintiff's First Amended Complaint was filed,

further supporting the conclusion that they are related.[1] However, Complaint II is a totally different pleading than Complaint I, with different parties, different causes of action and seeking different forms of relief. Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a copy of the complaint shall be served together with the summons. Since Complaint I is the only complaint (other than the Amended Complaint) filed in this case, this is the document that should have been served on the Defendants contemporaneously with the summons. Defendants have never been served with or provided with a copy of Complaint I.

Consequently, Plaintiff has also failed to serve a copy of the complaint within 120 days after its filing as required by Fed. R. Civ. P. 4(m). Complaint I was filed on March 6, 2006. Plaintiff was required to serve a copy of Complaint I on the Defendants on or before July 4, 2006, however, as stated previously, he never served the Defendants with a copy of Complaint I at all. Thus, from the outset, Plaintiff has failed to properly serve the Defendants and accordingly, Defendants move the Court pursuant to Fed. R. Civ. P. 4(m) to dismiss this action without prejudice as to them.

Second, Plaintiff has failed to properly serve either of the Defendants in accordance with Fed. R. Civ. P. 4(e). Rule 4(e) permits Plaintiff to serve the individual Defendants either pursuant to the law of the state in which the district court is located, Fed R. Civ. P. 4(e)(1), or by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode. Fed. R. Civ. P. 4(e)(2).

In *Hamrick v. Gottlieb*, 416 F.Supp.2d 1 (D.D.C.2005), this Court recently addressed meeting the requirements for effective service where two jurisdictions are involved:

---

[1] Complaint II fails to include a certificate of service. The Amended Complaint does include a certificate of service, but neither Justice Watt nor Judge Frizzell are named thereon.

> The plaintiff carries the burden of establishing that he has properly effected service pursuant to federal rule of civil procedure (4)(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987). To effectuate valid service of process the plaintiff must: (1) comply with the law of the state in which the district court is located; (2) comply with the law of the state where the service was effected; (3) effectuate personal delivery; or (4) leave a copy at the usual place of abode, unless a waiver was obtained. Fed. R. Civ. P. 4(e)(1)-(2). Because this Court is located in the District of Columbia ("District") and the plaintiff in this case attempted service in Washington State, *see* Affidavit of Alan Gottlieb ("Gottlieb Aff.") ¶¶ 2-3, the plaintiff must show that service is proper under either of these jurisdictions to meet his burden.
>
> The District of Columbia permits service of process outside the District by: (1) personal service; (2) any method valid in the place where service is attempted; (3) by mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the foreign authority in response to a letter rogatory. D.C. Code Ann. § 13-431(a).

*Id.* at 3.

Here, Plaintiff attempted to serve the Defendants by sending the summons and complaint via USPS Priority Mail to their work address. This method fails to satisfy Rule 4(e)(1) because Oklahoma law requires that "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." 12 O.S. § 2004(C)(2)(b). For the same reason, this method fails to satisfy Rule 4(e)(2), because as the *Hamrick* court pointed out, this method of service utilized by Plaintiff fails to meet the District of Columbia's service requirements as well. Plaintiff served the Defendants by mail, but not certified, and without the required return receipt. In both Oklahoma and the District of Columbia, service by mail on an individual is valid only where the person signs a receipt indicating that they personally received the item. 12 O.S. § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a). *See*

*Saunders v. Fairman*, Slip Copy, 2006 WL 2506954, p3 (E.D.Cal.2006)(service by certified mail alone is not authorized by Rule 4).

Although the courthouse mail room personnel or the court staff may have accepted delivery of the process, they are not agents authorized to accept service on behalf of the Defendants. An agent must have actual authority to receive service of process. *Bulin v. Stein,* 668 A.2d 810, 813-14 (D.C.1995) (*quoting Leichtman v. Koons,* 527 A.2d 745, 747 n. 4 (D.C.1987)); *see also* 12 O.S. § 2004(C)(1)(c)(1) (service on an individual shall be made by delivering to the person or to an agent authorized by appointment or by law to receive service of process). Plaintiff can produce no document bearing the signature of either Defendant showing receipt of Plaintiff's summons and complaint. Any signature showing receipt of the process, if not the signature of one of the individual Defendants, would show that the Plaintiff did not personally serve the Defendants. *See e.g. Taylor v. Gearan*, 979 F.Supp.1,5 (D.D.C.1997) (service on employer not sufficient to effect personal service on employee under Rule 4(e)).

As a result of Plaintiff's failure to properly serve the Defendants, this Court lacks personal jurisdiction over them. Under Federal Rule of Civil Procedure 55(c), an entry of default may be set aside for "good cause." Good cause exists where the court that issued the entry of default did not have personal jurisdiction over the defendant. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 (D.C.1987) ("since service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied."). Plaintiff failed to achieve proper service on the Defendants under this jurisdiction's rules and under Oklahoma's rules, and as a result, he is not entitled to an entry of default against them. *See Marshall v. Labor & Indus., Wash.,* 89 F.Supp.2d 4, 11 (D.D.C.2000)

(holding that default is improper when service of process "has not been achieved as to any Defendant."); *see also Precision Etching & Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 23 (1st Cir.1992) ("a default judgment entered by a court which lacks jurisdiction over the person of the defendant is void and may be set aside *at any time* pursuant to Fed. R. Civ. P. 6(b)(4)."), *on remand*, 152 F.R.D.433 (D.R.I.1993).

 2. **Defendants enjoy absolute immunity from Plaintiff's claims.**

All of the acts complained of by the Plaintiff as to Defendants Watt and Frizzell were taken while the Defendants were sitting judges and which involved the exercise of their judicial powers. As such, the Defendants enjoy absolute (rather than qualified) immunity from Plaintiff's Section 1983 claims. *See Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed.2d 185 (1980) ("judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities."). Also, Plaintiff does not allege that the acts taken by either Justice Watt or Judge Frizzell were outside the scope of their official duties or that they acted in the clear absence of authority or jurisdiction, and neither has he shown this Court facts sufficient to evidence such. Only where a judge acts in the "complete absence of all jurisdiction" will he or she be subject to liability under § 1983. *Cooper v. Parrish*, 203 F.3d 937, 945 (6th Cir. 2000); *see Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (judges have absolute immunity except where judge acted in the clear absence of authority); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (state judge is absolutely immune from § 1983 action except when judge acts in clear absence of all jurisdiction). Even acts that are malicious or in excess of judicial authority will not suffice to defeat judicial immunity. *Cooper, Id*. *See Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986) ("[a] judge is not liable in damages for her judicial acts, even those done maliciously or corruptly, unless she

acts in the clear absence of all jurisdiction."). More specifically, several circuits have found that judges are immune from the acts complained of by the Plaintiff. *See Moses v. Parwatiker*, 813 F.2d 891, 892-93(8th Cir. 1987) (allegation that judge conspired with state officials was not sufficient to defeat absolute immunity); *Crooks v. Maynard*, 820 F.2d 329, 334 (9th Cir. 1987) (judge was entitled to absolute immunity regarding contempt order); *Liles v. Reagan*, 804 F.2d 493 (8th Cir. 1986) (judge absolutely immune from damages for claim based on defendants having been found in contempt and jailed).

Since judicial immunity is a complete bar to any lawsuit against a government official based on tasks the official performed that were within the scope of his duties, *Wagshal v. Foster,* 28 F.3d 1249, 1252 (D.C.Cir.1994), Defendants are able to show the Court that they have a meritorious defense sufficient to have the default against them set aside.

Finally, although not related to the issue of judicial immunity, Defendants have a meritorious defense to Plaintiff's claims that are based on the Defendants' alleged violations of various Oklahoma and federal criminal statutes. These claims must be dismissed as those statutes do not create a private right of action. *See Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges,* 248 F.Supp.2d 17 (D.D.C.2003) (there is no private right of action under federal criminal statutes, proscribing deprivation of rights under color of law); *see also Figueroa v. Clark,* 810 F.Supp. 613 (E.D.Pa.1992) (statutes establishing criminal liability for certain deprivations of civil rights do not give rise to civil cause of action).

Because criminal statutes provide no basis for a civil suit under the Civil Rights Act, Plaintiff fails to state a claim as to these Defendants and they must be dismissed.

**D.  Defendants request that the Court grant them an extension of time to file a responsive pleading or otherwise answer until such time as they are properly served.**

As shown herein, Plaintiff has failed to properly obtain personal service on either of the Defendants. Further, Plaintiff's Amended Complaint fails to state a claim for relief, and the Defendants also have absolute, judicial immunity for the acts alleged by Plaintiff. But, because the Court presently lacks personal jurisdiction over the Defendants due to Plaintiff's failure to properly serve them, the Court would be unable to rule on any dispositive motions addressing these issues filed by the Defendants at this time. Consequently, Defendants respectfully move the Court to grant them an extension of time to file their dispositive motions, or otherwise respond to Plaintiff's Amended Complaint, until such time as they are properly served. Defendants further request that the Court waive the requirement of LCvR 7(g) requiring that a motion to vacate a default be accompanied by a verified answer. Instead, Defendants respectfully urge the Court to adopt the holding in *Owens v. Republic of Sudan*, 374 F.Supp.2d 1, 9-10 (D.D.C. 2005), which addressed this same issue. The court in *Owens* held:

> Finally, it is not evident to the Court that there is any procedural error here. Plaintiffs seize on the fact that Local Civil Rule 7(g) states that a "motion to vacate an entry of default … shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." However, the Federal Rules of Civil Procedure permit a party to file a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim instead of an answer. *See* Fed.R.Civ.P. 12(b). Courts routinely allow defendants to file a motion to dismiss in place of an answer despite a prior entry of default, and this Court is unaware of any decision in which a court has struck a motion to dismiss following an entry of default because the motion to vacate the default was filed without an answer. *See, e.g., Simpson v. Socialist People's Libyan Arab Jamahiriya,* 326 F.3d 230, 232 (D.C.Cir.2003) (remanding for dismissal of torture claim against foreign state that had moved to vacate the entry of default and dismiss the complaint but had filed no answer); *Harris v. District of*

> *Columbia,* 159 F.R.D. 315, 317 (D.D.C.1995) (motion to vacate without either motion to dismiss or answer is consistent with the local rules provided that a motion to dismiss is filed later and the balance of the relevant factors favors vacating the entry of default).
>
> Finally, it cannot be ignored that striking the motion to dismiss on procedural grounds would only delay this action unnecessarily, because the Sudan defendants could easily file a verified answer and then simply resubmit their motion to dismiss at that time. For these reasons, the Court will deny plaintiffs' motion to strike the motion to dismiss, and grant the Sudan defendants' request to vacate the entry of default.

Defendants assert that the court's rationale in *Owens* is applicable here and that it is reasonable for the Defendants to file their dispositive motions (or an answer) only after the Plaintiff effects proper service upon them and they are properly before this Court. Similarly, in *Baade v. Price*, *supra*, 175 F.R.D. at 406, the court agreed that where the defendants had not been properly served, they were entitled to delay filing a responsive pleading until proper service was effected. The court held:

> Finally, the court considers whether defendant GWU has filed a meritorious defense in response to plaintiff's complaint. Instead of attaching a verified answer to its motion to set aside an entry of default as required by Local Rule 108(g), defendant GWU requested the court to waive the filing of an answer until service of process has been perfected. Specifically, defendant states that once it is properly served it will set forth affirmative defenses to plaintiff's complaint. Since there is a strong policy favoring resolution of the parties' disputes on their merits, the court finds that justice requires the court grant defendant GWU's request and vacates the default. *See Jackson,* 636 F.2d at 835-36. (Footnote omitted)

For these reasons, Defendants respectfully request that the Court grant them the same relief and permit them to submit this joint motion without a verified answer, and allow them to file the appropriate responsive pleading only after they have been properly served by the Plaintiff.

## CONCLUSION

For the reasons stated herein, Defendants have met the requirements to have the entry of default vacated, and respectfully requests that the Court enter an order setting the default aside. Further, in light of the fact that Plaintiff has failed to achieve proper service, the Defendants respectfully request that the Court grant them an extension of time to answer or otherwise respond to Plaintiff's Amended Complaint until such time as Plaintiff obtains proper service as to each Defendant.

Respectfully submitted,

s/ Stephen J. Krise
**STEPHEN J. KRISE, OBA #17948**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274   Fax: (405) 521-4518
Stephen_Krise@oag.state.ok.us

Attorney for Honorable Joseph M. Watt and
Honorable Gregory K. Frizzell

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Jennifer L. Sarvadi (D.C. Bar No. 490475)
Leclair Ryan, PC
225 Reinekers Lane, Suite 700
Alexandria, VA   22314
*Counsel for Defendants Saffa, Milton, Poe,*
*and the Trust Company of Oklahoma*

I further certify that on October 19, 2006, I served by U.S. Mail, postage prepaid, the following person who is not a ECF registrant:

Stephen P. Wallace
6528 E. 1st Street, D-1 #304
Tulsa, Oklahoma   74133
Plaintiff *Pro Se*

s/ Stephen J. Krise<br>Stephen J. Krise