UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

STEPHEN P. WALLACE, and individual, )
6528 E. 1st Street, D-1 #304 )
Tulsa, Oklahoma 74133 )
        Plaintiff, )
Vs. ) Case No. 1:06CV00402-RBW
  )
Ronald J. Saffa, an individual, James C. )
Milton, an individual, James E. Poe, an )
individual, Trust Company of Oklahoma, )
Corporately, and its shareholders and )
directors, )
  )
and Gregory Frizzell, an individual, )
and Joseph Watt, an individual, )
  )
        Defendants. )

RECEIVED
OCT 3 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>Stephen P. Wallace's objection and brief in opposition to Stephen J. Krise's "**JOINT MOTION OF DEFENDANTS WATT AND FRIZZELL TO VACATE ENTRY OF DEFAULT JUDGMENT**"</u>

<u>First Ground for objection, HEARSAY</u>

Stephen J. Krise imposes on this court to accept hearsay, to wit: Krise repeatedly refers to Gregory Frizzell and Joseph Watt as "judges," yet the claim lacks factual sufficiency as could only be shown by entering the oath and bond of Frizzell and Watt into the record of these proceedings, to wit: 21 O.S. § 261 provides: "Every person who executes any of the functions of a public office without having ***taken and duly filed the required oath of office,*** or without having executed and duly filed the required security, is guilty of a misdemeanor; and in addition to the punishment prescribed therefore, he forfeits his right to the office." Absent these proofs, this Court should sustain the

1

objection of Stephen P. Wallace and order Krise's papers to be marked "un-filed" and returned to Krise.

## Second grounds for objection, FRAUD

Stephen J. Krise imposes on this court with an unverified and undocumented claim that is too lengthy to quote. The truth and reality is that Krise lied to Stephen P. Wallace by claiming that the lack of answer on the part of Frizzell and Watt was due to the first lawyer that the case was assigned to failing to respond, then leaving the country without telling others about the case. This Court should wonder at the slipshod case management practices of the Oklahoma Attorney General's office.

## Brief in opposition to Krise's paper allegedly legally sufficient to vacate the clerk's entry of default

First, this Court is noticed: Krise's rambling, incoherent explanation of why Frizzell and Watt didn't answer is ***unverified and undocumented.*** It should shock the conscience of this Court to comprehend that Stephen P. Wallace's right to file a complaint and get an answer or be awarded a default judgment should be destroyed based on the ***unverified and undocumented theories of a non-party and not based on verified and documented facts.***

Second, this Court is noticed: Krise imposes on this Court by expecting this Court to violate 18 U.S.C. § 3 which provides:

```
     18 USC Sec. 3    01/19/04,  TITLE 18 - CRIMES AND
CRIMINAL PROCEDURE PART I - CRIMES, CHAPTER 1 - GENERAL
PROVISIONS, Sec. 3. Accessory after the fact Whoever, knowing
that an offense against the United States has  been committed,
receives, relieves, comforts or assists the offender in order
to hinder or prevent his apprehension, trial or  punishment,
is an accessory after the fact. Except as otherwise expressly
provided by any Act of Congress, an accessory after the fact
shall be imprisoned not more than one-half the maximum term of
```

2

```
imprisonment or (notwithstanding section 3571) fined not more
than one-half the maximum fine prescribed for the punishment
of the principal, or both; or if the principal is punishable
by life imprisonment or death, the accessory shall be
imprisoned not more than 15 years.
```

This Court is reminded: Stephen P. Wallace has testified with evidentiary support regarding the fraud committed by Frizzell and Watt adding up to an estimated thirty million dollars.

Krise's lame advocacy that Frizzell and Watt are entitled to immunity for verified fraud should warrant this Court's remand of the matter to other authority for considered prosecution including the prosecution of Stephen J. Krise, to wit:

"[T]he judicially fashioned doctrine of official immunity does not reach so far as to immunize **criminal conduct proscribed by an Act of Congress**." See SUING JUDGES, A Study of Judicial Immunity, Abimbola Olowofoyeku, Clarendon Press Oxford, at page 77. "Absolute immunity from criminal liability involves immunity even in cases of alleged malice and negligence. *Fraud, corruption, and other inherently criminal acts . . . . are not covered.* SUING JUDGES, *id supra* at page 78. See also, *United States v. Hastings,* 681 F.2d 706 at 711, n. 17 (11th Cir. 1982), *O'Shea v. Littleton,* 38 L.ed. 2d. 674 at 688 (1974), and *Cooke v. Bangs,* 31 F. 640 (US Cir. Ct. Minnesota, 1887) at page 642.

"No man in this country is so high that he is above the law." No officer of the law may set that law at defiance with impunity. All the officers of the Government, from the highest to the lowest, are creatures of the law, and are bound to obey it. It is the only supreme power in our system of government, and every man, who, by accepting office, participates in its functions, is only the more strongly bound to submit to that supremacy,

and to observe the limitations which it imposes upon the exercise of the authority which it gives. See *INTERNATIONAL POSTAL SUPPLY COMPANY v. BRUCE* (05/31/04) 194 U.S. 601, 48 L. Ed. 1134, 24 S. Ct. at page 609.  But immunity from suit is a high attribute of sovereignty -- a prerogative of the State itself -- which cannot be availed of by public agents when sued for their own torts. The Eleventh Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability from wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law. See *OLD COLONY TRUST COMPANY v. CITY SEATTLE ET AL.* (06/01/26) 271 U.S. 426, 46 S. Ct. 552, 70 L. Ed. at page 431. No officer of the law may set that law at defiance with impunity.  See *United States v. Lee*, 106 U.S. 196, 220 and *Burton v. United States*, 202 U.S. 344. The objection is that, as the real party cannot be brought before the court, a suit cannot be sustained against the agents of that party; and cases have been cited to show that a court of chancery will not make a decree unless all those who are substantially interested be made parties to the suit. This is certainly true where it is in the power of the plaintiff to make them parties; but if the person who is the real principal, the person who is the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit." See *IN RE AYERS.; IN RE SCOTT.; IN RE MCCABE.* 123 U.S. 443, 31 L. Ed. 216, 8 S. Ct. at page 512.  The liability of state judicial officials

and all official participants in state judicial proceedings under § 2 was explicitly and repeatedly affirmed. The notion of immunity for such officials was thoroughly discredited. The Senate sponsor of the Act deemed the idea "akin to the maxim of the English law that the King can do no wrong. It places officials above the law. It is the very doctrine out of which the rebellion [the Civil War] was hatched." Cong. Globe, 39th Cong., 1st Sess., 1758 (1866) (Sen. Trumbull). Thus, § 2 was "aimed directly at the *__State judiciary__*." Id., at 1155 (Rep. Eldridge). See also id., at 1778 (Sen. Johnson, member of the Senate Judiciary Committee). There was "no difference in the principle involved" between a civil remedy and a criminal sanction. Ibid. See *BRISCOE ET AL. v. LAHUE ET AL.* (03/07/83) 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96, 51 U.S.L.W. at page 359. The Court in *Yates v. Village of Hoffman Estates, Illinois*, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect. *The U.S. Supreme Court, in Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that when a state officer acts under a state law in a manner volative of the Federal constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. A judge's private, prior agreement to decide in favor of one party is not a judicial act. Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his "judicial capacity," the other party's

expectation of judicial impartiality is actively frustrated by the scheme. It is the antithesis of the "principled and fearless decision-making" that judicial immunity exists to protect. *Rankin v. Howard,* 633 F.2d 844 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), and *Gregory v. Thompson,* 500 F.2d 59 (9th Cir. 1974).

### Affidavit

I, Stephen P. Wallace, of lawful age and competent to testify, after having been duly sworn, state as follows:

1. About October 17th 2006, I received a call from the Oklahoma Attorney General's office. The purpose of the call was to ask if I had an objection to the filing of a motion to vacate the default judgment against Joseph Watt and Gregory Frizzell.
2. The calling party represented to me that the person assigned to handle the case neglected to answer, then left without telling anyone that an answer was due or words to that effect.
3. Vacating the default judgment will cause me to have extensive damages that are social, financial, and emotional.

*/s/ Stephen P. Wallace*
Stephen P. Wallace

STATE OF OKLAHOMA            INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF Oklahoma           Oklahoma Form

Before me, the undersigned, a Notary Public in and for said County and State on this 30 day of October, 2006, personally appeared Stephen P Wallace to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 6-2-07

_____ Notary Public

Conclusion

Whereas this court is not in receipt of any document which verifies that Gregory Frizzell and Joseph Watt are judges; and whereas, the so-called motion to vacate tenders for the Court's consideration of testimony and evidence which is not of-record; and whereas, Stephen J. Krise has imposed on this court to aid and abet Gregory Frizzell and Joseph Watt in their scheme of a thirty-million-dollar-fraud, this court should strike the putative motion to vacate the default judgment as a matter of law and in the interest of justice. Doing so would not prejudice the rights of any defendant (1). All the other defendants have confessed the case by failing to dispute the testimony and evidence of Stephen P. Wallace in support of Stephen P. Wallace's motion for summary judgment, and (2). Stephen P. Wallace still has the burden of proving damages which Frizzell and Watt are empowered to argument against provided they find counsel competent to represent them in legal matters.

Prepared and submitted by: *[signature]*

Stephen P. Wallace
6528 E. 101st D-304
Tulsa, Oklahoma 74133
(918) 694-1870

## Certificate of service

I, Stephen P. Wallace, certify that _October_, _31_, 2006, I mailed a true and correct copy of the above and foregoing objection and motion to:

Jennifer L. Sarvadi
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314

And

Stephen J. Krise
313 N. E. 21st Street
Oklahoma City, Oklahoma 73105

_____
Stephen P. Wallace

8