UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| *Erroneous caption appearing on removal papers filed by Mr. Wallace:* <br><br> Stephen P. Wallace, an individual, <br>      Plaintiff, <br> v. <br><br> Ronald J. Saffa, an individual; James C. Milton, an individual; James E. Poe, an individual; Trust Company of Oklahoma, corporately, and its shareholders and directors, <br>      Defendants. | Case No. 1:06CV00402 <br> Honorable Reggie B. Walton |
| *Caption of the removed action:* <br><br> In re: The Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. <br><br> Ronald J. Saffa and The Trust Company of Oklahoma, <br>      Petitioners-Appellees, <br><br> vs. <br><br> Stephen P. Wallace, <br>      Respondent-Appellant | Oklahoma Supreme Court Case No. 101511 <br><br> Appeal from Tulsa County (Oklahoma) Case No. PT-2002-56 <br><br> Indirect Contempt of Court |

**DEFENDANTS' RESPONSE TO PLAINTIFF STEPHEN P. WALLACE'S OCTOBER 23, 2006 MOTION FOR A PROVE UP HEARING (DOC. NO. 33)**

      Defendants Ronald J. Saffa, James C. Milton, James E. Poe, and The Trust Company of Oklahoma respectfully submit this Response to Plaintiff Stephen P. Wallace's October 23, 2006 Motion for a Prove Up Hearing (Doc. No. 33).

1

For their Response, these Defendants respectfully state as follows:

## ARGUMENT AND AUTHORITIES

**1. Mr. Wallace's suggestion of undisputed facts is incorrect and is contradicted by the record in this action.**

On pages 1 and 2 of his October 23, 2006 Motion, Mr. Wallace suggests that there exist eight undisputed facts in this matter. Mr. Wallace's suggestion of the existence of undisputed facts is apparently based upon the Motion for Summary Judgment (Doc. No. 18) filed by Mr. Wallace on September 13, 2006. On October 2, 2006, these Defendants filed a Memorandum in Opposition (Doc. No. 25) to the Motion for Summary Judgment, setting forth these Defendants' response to the statement of facts contained in the Motion for Summary Judgment, and also setting forth the Defendants' Statement of Genuine Issues of Material Fact. These papers demonstrate that Mr. Wallace's alleged undisputed facts are erroneous and consist almost entirely of legal conclusions. [Memorandum in Opposition (Doc. 25), at pp. 5-6.] These Defendants respectfully adopt, reference, and incorporate these papers as their response to these same facts as they are re-stated in Mr. Wallace's October 23, 2006 Motion.

**2. The Court lacks subject-matter jurisdiction.**

This action is before the Court solely as a result of an erroneous notice of removal filed by Mr. Wallace on March 6, 2006. In an apparent effort to confuse the issues and conceal his intentions of delay, Mr. Wallace captioned the erroneous notice of removal as a "Complaint" (Doc. No. 1). On August 10, 2006, these Defendants filed a Motion to Remand, or, in the Alternative, Motion to Dismiss (Doc. No. 10), seeking both (1) an order remanding the case or determining the notice of removal to be ineffective and (2) an order dismissing any new claims that are joined in the initial pleading filed in this action. The Motion to Remand demonstrates that the attempted removal is ineffective for a number of reasons. [Motion to Remand (Doc. No. 10), at pp. 6-10.] The Motion to Remand also demonstrates that any new claims joined in the

2

initial pleading should be dismissed for improper venue. [Motion to Remand (Doc. No. 10), at pp. 10-11.] Finally, the Motion to Remand demonstrates that, setting aside all of the removal and venue issues outlined elsewhere in the Motion to Remand, the U.S. District Court for the District of Columbia lacks subject-matter jurisdiction to address Mr. Wallace's claims regarding the administration of trusts that are within the *in rem* jurisdiction of the state courts. [Motion to Remand (Doc. No. 10), at pp. 11-12. *See also* Memorandum in Opposition (Doc. No. 25), at pp. 12-14.]

There exist a myriad of reasons why Mr. Wallace's claims are not within the subject-matter jurisdiction of the U.S. District Court. On page 15 of their Memorandum in Opposition (Doc. No. 25), these Defendants demonstrate (1) that this action is an appeal from a state-court contempt conviction and (2) any new action regarding the state-court contempt conviction would be barred by *Ex parte Royall*, 117 U.S. 241 (1886), which bars such claims unless and until the complaining party has exhausted state-court appellate procedures.

As an additional basis for lack of subject-matter jurisdiction, these Defendants would respectfully point to the *Rooker-Feldman* doctrine, which establishes that lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court or (2) "inextricably intertwined" with a prior state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983). The *Rooker-Feldman* doctrine flows from the general rule that only the United States Supreme Court has federal appellate authority to review state court decisions. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004). The doctrine prevents a lower federal court from conducting "what in substance would be appellate review of [a] state judgment . . . based on a losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994), *quoted in Kenmen*

*Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). The question of whether claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine rests on "whether the state-court judgment caused, actually and proximately, the injury for which [the federal-court plaintiff] seeks redress." *Kenmen*, 314 F.3d at 476.

These Defendants have demonstrated, through their August 10, 2006 Motion to Remand (Doc. No. 10) and their October 2, 2006 Memorandum in Opposition (Doc. No. 25), that Mr. Wallace seeks to use his claims in this action to obtain federal-court review of state-court judgments and orders. Such a strategy is barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

For these reasons, and for the reasons set forth in these Defendants' August 10, 2006 Motion to Remand (Doc. No. 10) and their October 2, 2006 Memorandum in Opposition (Doc. No. 25), Defendants Ronald J. Saffa, James C. Milton, James E. Poe, and The Trust Company of Oklahoma respectfully request that the U.S. District Court enter an Order denying Plaintiff Stephen P. Wallace's October 23, 2006 Motion for a Prove Up Hearing (Doc. No. 33).

                                                RONALD J. SAFFA, JAMES C. MILTON,
                                                JAMES E. POE AND THE TRUST COMPANY
                                                OF OKLAHOMA
                                                By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of November, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

> Stephen J. Krise
> OFFICE OF ATTORNEY GENERAL
> 313 N.E. 21st Street
> Oklahoma City, OK 73105
> (405) 521-4274
> Email: stephen_krise@oag.state.ok.us

      I further certify that on this 2nd day of November, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

> Stephen P. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma  74133
> *Pro Se*

                                                     /s/
                                   Jennifer L. Sarvadi