UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE, and individual,<br>6528 E. 1st Street, D-1 #304<br>Tulsa, Oklahoma 74133<br>Plaintiff,<br>Vs.<br><br>Ronald J. Saffa, an individual, James C.<br>Milton, an individual, James E. Poe, an<br>individual, Trust Company of Oklahoma,<br>Corporately, and its shareholders and<br>directors,<br><br>and Gregory Frizzell, an individual,<br>and Joseph Watt, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:06CV00402-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>Objection and motion to strike Jennifer L. Sarvadi's legally insufficient and fraudulent paper style as</u> "**DEFENDANTS' RESPONSE TO PLAINTIFF STEPHEN P. WALLACE'S OCTOBER 23, 2006 MOTION FOR A PROVE UP HEARING**"

<u>Grounds for objection</u>

FRAUD: Sarvadi, in Sarvadi's paper which allegedly opposes the motion for a prove up hearing, in re: defendants Frizzell and Watt, commits two frauds: (1). Sarvadi is not counsel of record on Frizzell and Watt and therefore *lacks standing to oppose the motion for a prove up hearing,* and (2). Sarvardi misleads this Court with jargon that the unverified, and undocumented claims of Sarvardi can trump the un-rebutted testimony of Stephen P. Wallace, to wit:

Practice Book § [17-49) provides that summary judgment shall be rendered forthwith if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

1

a matter of law .... In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party," (Citation omitted; internal quotation marks omitted.) *Barrett v. Montesano,* 269 Conn. 787, 791, 849 A.2d 839 (2004); *Lee v. Duncan,* 88 Conn. App. 319, 323-24, 870 A.2d I (2005). "***Mere assertions of fact, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court*** under Practice Book (§ 17--45]." (Internal quotation marks omitted.) *Boone v. William W Backus Hosp.,* 272 Conn. 551, 558-59, 864 A.2d 1 (2005), ***When a party moves for summary judgment "and there [are] no <u>contradictory</u> affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof.***" *Ileyman Associates No. j v. Insurance Co. of Pennsylvania,* 23] Conn. 756, 795, 653 A.2d 122 (1995).

The plaintiff in this case has presented an affidavit stating personal knowledge that:

(1). Plaintiff is one of four heirs to the estate of his parents.
(2). Plaintiff's parents placed substantially all their property in trusts for the benefit of their children.
(3). Ronald J. Saffa, James E. Poe, James C. Milton, and Gregory Frizzell usurped the lawful authority of the trusts plaintiff's parents established for the benefit of plaintiff and plaintiff's siblings.
(4). Ronald J. Saffa, James E. Poe, James C. Milton, and Gregory Frizzell adversely dominated the trusts established for the benefit of the plaintiff and the plaintiff's siblings.
(5). Ronald J. Saffa, James E. Poe, and James C. Milton, aided principally by Gregory Frizzell, have converted millions of dollars from the trusts established for the benefit of plaintiff and plaintiff's siblings.
(6). Ronald J. Saffa, James E. Poe, James C. Milton, and Gregory Frizzell have repeatedly refused to give and accounting of the property contained in trusts established for the benefit of plaintiff and plaintiff's siblings.
(7). Originally, by and through counsel and later on plaintiff's own behalf, plaintiff sought an accounting of the assets of the trust established for the benefit of plaintiff and plaintiff's siblings but has been blocked by Ronald J. Saffa, James E. Poe, James C. Milton, and Gregory Frizzell and even the Supreme Court of Oklahoma.
(8). Plaintiff has been sentenced to prison by Gregory Frizzell at the request of Ronald J. Saffa, James E. Poe and James C. Milton for merely requesting a full and independent

accounting of the assets in the trusts established for the benefit of plaintiff and plaintiff's siblings..
(9). One of the attorneys who previously represented plaintiff in the matter was fined $7,500.00 by the Oklahoma Supreme Court for daring to request an accounting of the assets in the trusts established for the benefit of plaintiff and plaintiff's siblings.
(10). Plaintiff has been denied due process by all the courts, state and federal, in Oklahoma.
(11). Plaintiff will never receive a fair hearing in any Oklahoma court.
(12). Plaintiff fears that the exposure of the corruption in Oklahoma's courts including the pending petition for the impeachment of Oklahoma's Supreme Court Chief Justice will cost plaintiff his life.

While the evidence is viewed in the light most favorable to the non-moving party, *once an affidavit is produced by the movant, the burden shifts to the non-movant to refute the evidence properly produced to the court. When documents submitted in support of the motion for summary judgment claim there is no genuine issue of [material fact], "the opposing party must present evidence that demonstrates the existence of some disputed factual issue .. , .* It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) *Boone v. William W. Backus Hosp.*, 272 Conn. 551, 558-59, 864 A.2d (2005). The non-moving party is obligated to support its claims with counter-affidavits or the court looks only to the sufficiency of the movant's affidavits and other proof. See *Heyman Associates No. 1 v. Insurancee Co. of Pennsylvania,* supra, 231 Conn. 795.

In the present case, the defendant has not filed any good faith, contradictory affidavits, depositions, admissions, or interrogatories but has merely relied on theories and conclusions of counsel. The theories and conclusions of counsel are insufficient to demonstrate the existence [purported exhibits in support of the defendants' contentions are not authenticated as required at F.R.E. *r* 901(a)] of a genuine issue of material fact. Even if the court were to accept the theories and conclusions of counsel for the

3

defendants, which it cannot do because of the absence of certified evidence, the court cannot accept the theories and conclusions of counsel for the defendants because there is no supporting counter-affidavit evincing the genuineness of matters alleged by counsel for the defendants.

### Brief in support of the motion to strike

Sarvardi continues to impose on this Court to set aside the F.R.Civ.P. and the F.R.E. for the convenience, benefit, and advantage of parties that Sarvardi doesn't even represent.

### Conclusion

Stephen P. Wallace's objection should be sustained and Sarvardi's paper should be strike; the Court should proceed with the prove up hearing with all haste to prevent further injustice at the hand of miscreants Watt and Frizzell.

Prepared and submitted by: _____

Stephen P. Wallace
6528 E. 101st D-304
Tulsa, Oklahoma 74133
(918) 694-1870

## Certificate of service

I, Stephen P. Wallace, certify that November 24th, 2006, I mailed a true and correct copy of the above and foregoing objection to:

Jennifer L. Sarvadi
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314

And

Stephen J. Krise
313 N. E. 21st Street
Oklahoma City, Oklahoma 73105

_____
Stephen P. Wallace

5