UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RONALD J. SAFFA, et al., )<br>)<br>    Defendants )<br>_____) | Civil Action No. 06-402 (RBW) |

**MEMORANDUM OPINION**

    This action is an attempt to remove a case which is pending before the Oklahoma Supreme Court to this court pursuant to 28 U.S.C. § 1441 (2000). The plaintiff, Stephen P. Wallace, seeks to remove this case from the Oklahoma Supreme Court based on federal question jurisdiction under 28 U.S.C. § 1331 (2000). Complaint ("Compl.") ¶ 3. For the following reasons, this Court will deny removal to this Court and, pursuant to Rule 11 of the Federal Rules of Civil Procedure, sanction the plaintiff by enjoining him from filing any additional pleading, motion or other paper relating to the subject of this litigation in the United States District Court for the District of Columbia.

**I. Background**

    Although the complaint is convoluted and difficult to understand, the plaintiff appears to request removal of a case pending before the Oklahoma Supreme Court because of alleged violations of his civil rights under 42 U.S.C. § 1983 (2000). From what the Court can discern from the plaintiff's complaint, he seems to claim that the Oklahoma case is based upon fraud and embezzlement allegedly committed by private individuals and public officials, and he is seeking relief from an order of civil contempt issued against him based on allegedly anti-Semitic discrimination by the District Court of Tulsa, Oklahoma.[1] Compl. ¶ 13. This case is the third

---

[1] Because of an extensive frivolous and abusive litigation strategy employed by the plaintiff, he has been enjoined by several Oklahoma courts from filing lawsuits. For example, a State Court has enjoined the plaintiff from filing further lawsuits "based upon any allegations of acts, events, transactions, or circumstances in any manner related to

(continued...)

attempt by the plaintiff to circumvent the authority of the District Court of Tulsa County, Oklahoma[2] and evade the orderly administration of a trust by attempting to involve the United States District Court for the District of Columbia in the supervision and distribution of the "$30 million [Wallace] Estate."[3]  Compl. ¶ 6.  The Court need not engage in a review of the merits of the plaintiff's allegations because there is no authority for the Court to entertain the subject matter of his lawsuit.

## II. Legal Analysis

### A.   Denial of Removal

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) (2000), only a defendant may remove a case from a state court to federal court.  This proscription exists because "the plaintiff having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 106 (1941) (citations omitted).  "The rationale [underlying this rule] is that the plaintiff who brings a federally cognizable action in state court was free to choose his forum and selected the state forum."  General Motors Corp. v. Gunn, 752 F. Supp. 729, 730 (N.D. Miss. 1990).[4]  Accordingly, this Court declines to accept the removal to

---

(...continued)
or concerning the Trusts or the Trustees, in any capacity" except in the District Court of Tulsa County, Oklahoma, Defendant's Motion to Dismiss ("Defs.' Mot.") at 3 (citing to Exhibit ("Ex.") A (Temporary Restraining Order dated April 21,2004)).  The federal Bankruptcy Court for the Northern District of Oklahoma has issued a similar order against the plaintiff.  In re Wallace, 288 B.R. 139 (Bankr. N.D. Okla. 2002).

[2]The plaintiff currently has removed two related suits to this Court based on the same subject matter, docket No. 01:06-1264-RBW, which is an attempt to challenge a guardianship order regarding his sister, Lisa Frances Wallace, and No. 01:06-1817-RBW, which is another attempt to remove the underlying trust administration dispute from the Oklahoma District Court of Tulsa County, Case No. PT-2002-56, to this Court..

[3]The plaintiff has previously brought hybrid notices of removal and civil rights claims on the same grounds in Wallace v. Department of Health and Human Services, No. 1:04-cv-0713-ESH (D.D.C. July 20, 2004) and Wallace v. Poe, No. 01:04-cv-1717-RWR (D.D.C. February 28, 2005).  Both cases were transferred to the Northern District of Oklahoma, which would be the appropriate jurisdiction for the removal of the plaintiff's claims, but it is highly doubtful that any federal court can exercise jurisdiction over any of the plaintiff's claims.

[4]Although the plaintiff attempts to bring this action in this Court based upon federal question jurisdiction under 42 U.S.C. § 1983 (2000), the Court notes that the plaintiff's underlying action in the Oklahoma court was not based on § 1983; rather, the case the plaintiff is attempting to remove is his appeal from a judgment and sentence entered

(continued...)

this Court. [5]

**B.    Rule 11 Sanctions**

Rule 11(b) of the Federal Rules of Civil Procedure requires that pleadings presented to the court not be "presented for any improper purpose," Rule 11(b)(1), "are warranted by existing law," Rule 11(b)(2), and have, or are likely to have, "evidentiary support," Rule 11(b)(3). Fed. R. Civ. P. 11(b). Rule 11(c) grants the court authority to sanction a party on its own initiative. Fed. R. Civ. P. 11(c)(1)(B). Moreover, the judiciary has the inherent power to protect the integrity of its proceedings and to guard against abuses of the judicial process with orders and sanctions as necessary. Shepherd v. American Broadcasting Companies, Inc., 62 F.3d 1469, 1472 (D.C. Cir. 1995). These implied powers are necessarily vested in courts by the nature of their institution, allowing the imposition of order and the expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). When assessing whether to employ this inherent power, the Court must apply a two-part test: (1) does clear and convincing evidence demonstrate that the violation occurred, and (2) would a lesser sanction effectively punish and deter the misconduct. Shepherd, 62 F.3d at 1472. The court also has the ability to fashion an appropriate sanction to address conduct which abuses the judicial process. Chambers, 501 U.S. at 44-45.

It appears that from the nature and number of pleadings filed here and elsewhere that the plaintiff somewhat understands the judicial process and the previous orders that have been issued against him. However, he still remains undeterred to pursue litigation in the District of

---

[4](...continued)
against him for contempt. Defs.' Mot. at 3 & Exhibit E. And, the contempt proceeding is a collateral proceeding in the underlying state trial-court "action requesting the state trial court for instructions regarding the administration of certain trusts." Id.

[5]The Court notes that the Clerk of the Court erred by accepting this case as removed from the Oklahoma Supreme Court. The Court will make every effort to prevent this procedural defect from happening again. The same situation occurred in two other cases – Civil Case No. 06-1264 and Civil Case No. 06-1817. The plaintiff's attempts to remove these cases to this Court is also being denied for the same reason removal is being denied in this case.

Columbia.  The plaintiff has shown contempt for the integrity of the judicial process by ignoring the injunctions entered against him by various courts that preclude certain further court filings, and ignoring the multiple orders that have transferred his claims submitted to this Court to the United States District Court for the Northern District of Oklahoma.  The plaintiff has wasted the time and money of all parties that have been subject to his repeated assault of unfounded and identical lawsuits, in a manner that can only be described as an attempt to harass and unduly delay the lawful proceedings of the Oklahoma courts.

This Court has previously ordered sanctions when faced with abusive litigants who file repetitive claims, regardless of previous adverse outcomes or judicial orders admonishing repetitive filings.  See e.g., Urba v. United Nations, et. al., 768 F.2d 1497, 1500 (D.C. Cir. 1985) (because of the plaintiff's record of filing frivolous suits, the plaintiff was enjoined from filing any civil action in the district court or any other federal court without first obtaining leave to file); McCreary v. Heath, No. 04-623, 2005 WL 975736 * 2 (D.D.C. Apr. 22, 2005) ((prohibiting plaintiff from continuing to file similar complaints despite the adverse outcome of the prior lawsuit); accord Whitehead v. Paramount Pictures Corp., 145 F. Supp. 2d 3, 5 (D.D.C. 2001) (because the plaintiff would not be deterred from future filings, court ordered that the clerk of the court not accept any filings submitted by the plaintiff).  Other Circuits have also upheld filing restrictions when faced with unrelenting civil litigants.  See Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 1990) (Ninth Circuit affirmed district court order precluding the clerk of the court from accepting papers from the plaintiff without leave of court); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987) (because plaintiffs were vexatious litigants who had filed many complaints concerning their accident, district court properly refused permission to file subsequent complaint concerning the accident); Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) (faced with a situation where its docket was being burdened and defendants were being called upon to answer multiple, impenetrable complaints, district court was justified in enjoining pro se plaintiff from filing any further lawsuit in federal district court and prohibiting the clerk of the court from

accepting for filing any papers submitted by the plaintiff without authorization by the district judge). Here, given the plaintiff's multiple attempts to remove his cases to this Court, despite several remands to the Northern District of Oklahoma, his apparent contempt for the judicial process, the financial impact his actions have on the opposing parties,[6] and the consequences of his actions upon the docket of this Court, it is necessary to sanction the plaintiff by enjoining him from continuing his abuse of the judicial process. Chambers, 501 U.S. at 44-45. Accordingly, it is hereby

ORDERED that the plaintiff is hereby enjoined from filing any lawsuits in this Court of any kind concerning the actions, circumstances, transactions, or other events against the named defendants or any related parties with respect to the Lorice T. Wallace Revocable Trust, Lorice T. Wallace Irrevocable Trust, the Lorice T. Wallace Life Insurance Trust, the Lisa Frances Wallace Discretionary Spendthrift Trust or any other related actions. It is further

ORDERED that the removal of civil case numbers 06-402, 06-1264, and 06-1817 to this Court are denied.

SO ORDERED on this 30th day of March, 2007.

REGGIE B. WALTON
United States District Judge

---

[6] The Court is cognizant that multiple filings have been made by various counsel in all three cases on behalf of the named defendants, thereby causing them to incur unnecessary expenses. If this Court could exercise jurisdiction in any of these cases, it would award counsel costs and fees associated with defending against these attempts to remove these matters to this Court. However, because this Court cannot exercise jurisdiction in any of these cases, it cannot impose financial sanctions against the plaintiff. The parties, however, are not precluded from seeking monetary sanctions from the courts from which the plaintiff improperly sought to have these cases removed.